IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MEI PANG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL LEVITT, MICHAEL TRZUPEK, and DENISE STERLING<br><br>Defendants. | CIVIL ACTION NO. 1:22-CV-1191-LY<br><br>**NOTICE OF MOTION AND MOTION OF MOVANT MORGAN HOFFMAN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>CLASS ACTION |

Movant Morgan Hoffman ("Movant"), through counsel, hereby moves the Court pursuant to Section 21D of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order:

(a)   appointing Movant as Lead Plaintiff in this action; and

(b)   approving Movant's selection of The Rosen Law Firm P.A. ("Rosen Law") as Lead Counsel and Cochran Law PLLC ("Cochran Law") as Liaison Counsel for the litigation and all subsequently filed related litigations.

In support of this Motion, Movant submits: (1) a Memorandum of Law, dated January 13, 2023; and (2) the [Proposed] Order Appointing Lead Plaintiff and Approving Selection of Counsel.

**Certificate of Conference**

Local Court Rule CV-7(G) requires a conference of counsel prior to filing motions. Due to the PSLRA's lead plaintiff procedure, however, Movant does not yet know which other

1

entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of Local Court Rule CV-7(G) be waived.

## MEMORANDUM OF LAW

Movant Morgan Hoffman ("Movant"), respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a) appointing Movant as Lead Plaintiff for the class of all purchasers and/or acquirers of the securities of Core Scientific, Inc. ("Core Scientific" or the "Company") between January 3, 2022, and October 26, 2022, inclusive (the "Class Period"); and

(b) approving Movant's selection of The Rosen Law Firm P.A. ("Rosen Law") as Lead Counsel for the Class and Cochran Law, PLLC ("Cochran Law") as Liaison Counsel.

## BACKGROUND

The above captioned action commenced on November 14, 2022, in this Court against related party Core Scientific, Michael Levitt, Michael Trzupek, and Denise Sterling ("Individual Defendants") for violations of the Exchange Act. That same day, an early notice pursuant to the PSLRA was published advising class of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Exhibit 1 to the Appendix filed herewith (the "App."). On December 28, 2022, Core Scientific was voluntarily dismissed from this action after the Company declared bankruptcy.

2

Core Scientific is a blockchain computing data center provider and digital asset mining company. It mines digital assets for its own account and provides hosting services for other large-scale miners. It became a public company via business combination (the "Merger") with Power & Digital Infrastructure Acquisition Corp. ("XPDI") consummated on January 19, 2022.

The proxy materials filed with the SEC on January 3, 2022 in connection with the Company's Merger contained certifications pursuant to the Sarbanes-Oxley Act of 2002 which were signed by the Individual Defendants attesting to the accuracy of all financial reporting therein, and purporting to disclose all issues with internal controls over financial reporting and fraud.

The complaint alleges that during the Class Period, the Individual Defendants made false and misleading statements and/or failed to disclose that: (1) due in part to the expiration of a favorable pricing agreement, the Company was experiencing increasing power costs; (2) the Company's largest customer, Gryphon, lacked the financial resources to purchase the necessary miner rigs for Core Scientific to host; (3) the Company was not providing hosting services to Celsius as required by their contract; (4) the Company had implemented an improper surcharge to pass through power costs to Celsius; (5) as a result of the foregoing alleged breaches of contract, the Company was reasonably likely to incur liability to defend itself against Celsius; (6) as a result of the foregoing, the Company's profitability would be adversely impacted; (7) as a result, there was likely substantial doubt as to the Company's ability to continue as a going concern; (8) and as a result of the foregoing, Defendant's positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

Then, on March 3, 2022, Culper Research published a report about Core Scientific stating, among other things, that the Company had overstated its profitability and that the Company's largest customer lacked the financial resources to deliver crypto mining rigs pursuant to its contract. On this news, Core Scientific's share price fell $0.72, or 9.4%, to close at $6.98 per share on March 3, 2022.

Then, on September 28, 2022, Celsius Network LLC and related entities filed a motion to enforce a stay and for civil contempt in bankruptcy proceedings alleging that Core Scientific "has knowingly and repeatedly violated the automatic stay provisions" by refusing to perform its contractual obligations, threatening to terminate the companies' agreement, and adding improper surcharges. On this news, Core Scientific's stock price fell $0.15, or 10.3%, to close at $1.30 on September 29, 2022, thereby injuring investors.

Then, on October 27, 2022, before the market opened, Core Scientific disclosed that "given the uncertainty regarding the Company's financial condition, substantial doubt exists about the Company's ability to continue as a going concern," and that it was exploring alternatives to its capital structure. Further, the Company disclosed that it held 24 bitcoins, compared to 1,051 bitcoins as of September 30, 2022. On this news, Core Scientific's stock fell $0.789, or 78.1%, to close at $0.221 per share on October 27, 2022, on unusually high trading volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

# ARGUMENT

## I. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint a lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that Movant is the most adequate plaintiff of the class and, therefore, should be appointed as Lead Plaintiff.

### A. Movant Is Willing to Serve as Class Representative

Movant has submitted a sworn shareholder certification attesting to the fact that Movant is willing to serve as representative of the class and is willing to provide testimony at deposition

and trial, if necessary. *See* App., Exhibit 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption can only be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Movant lost approximately $834,995.06 in connection with purchases of Core Scientific securities. *See* App., Exhibit 3 (Movant's Loss Chart). Movant is not aware of any other person that has suffered greater losses in Core Scientific securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the

representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

Movant fulfills all of the requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class and Movant's claims are typical of the claims of members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements concerning Core Scientific and its business. Movant, as well as other members of the class, purchased Core Scientific shares at prices artificially inflated by Defendants' misrepresentations and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's strong desire to prosecute this action on behalf of the class, provides ample reason to grant Movant's motion to serve as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (a) will not fairly and adequately protect the interests of the class; or
>
> (b) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant has been investing for about 27 years and lives in New York. Movant earned a Bachelor's degree and is a real estate professional. Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the class.

### III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel and Cochran Law as Liaison Counsel. The firms have been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against the Defendants. Furthermore, the firms are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations

and securities fraud class actions on behalf of investors. *See* App., Exhibits 4-5. The firms have prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firms' experiences in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel and Liaison Counsel the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (2) appointing Movant as Lead Plaintiff of the class; (2) approving Rosen Law as Lead Counsel and Cochran Law as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: January 13, 2023,	Respectfully submitted,

**COCHRAN LAW, PLLC**

 */s/ Stuart L. Cochran*
Stuart L. Cochran
Texas Bar No.: 24027936
8140 Walnut Hill Ln., Suite 250
Dallas, Texas 75231
Telephone: (469) 333-3405
Facsimile: (469) 333-3406
stuart@scochranlaw.com

*[Proposed] Liaison Counsel for*
*Movant and the Class*

**THE ROSEN LAW FIRM, P.A.**
Laurence Rosen, Esq. (*pro hac vice* to be filed)
Phillip Kim, Esq. (*pro hac vice* to be filed)
275 Madison Avenue, 40th Floor

New York, NY 10116
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Movant and Class*

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
Rina Restaino, Esq.
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Phone: (310) 301-3335
Fax: (213) 519-5876
Email: brian@schallfirm.com
Email: rina@schallfirm.com

*Additional Counsel for Movant and Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of January 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

    */s/ Stuart L. Cochran*
    Stuart L. Cochran