UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| MEI PANG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL LEVITT, et al.,<br><br>Defendants. | Civil Action No. 1:22-cv-01191-LY |

**THE CORE SCIENTIFIC INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

## I. INTRODUCTION

This securities class action lawsuit was filed on November 14, 2022, on behalf of persons and entities who purchased or acquired the securities of Core Scientific Inc. ("Core Scientific" or the "Company") between January 3, 2022 and October 26, 2022, inclusive (the "Class Period"). The complaint alleges that certain of the Company's top executive officers violated §10(b) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). In securities class actions such as this one, the Private Securities Litigation Reform Act of 1995 ("PSLRA") states that, the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). David A. Michaels, Barry L. Bradford, and Allen Cotton (the "Core Scientific Investor Group") should be appointed as lead plaintiff because they: (1) timely filed this Motion; (2) have a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Core Scientific Investor Group's selection of Robbins Geller Rudman & Dowd LLP and Glancy Prongay & Murray LLP to serve as lead counsel should be approved because the Firms possess extensive experience prosecuting complex securities class actions such as this one, and will adequately represent the interests of all class members.

## II. CONFERENCE OF COUNSEL

Counsel for the Core Scientific Investor Group is aware of Local Court Rule CV-7.G's conferral requirement before filing any motion. However, because of the PSLRA's procedure whereby any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" may file a motion for appointment as lead plaintiff no later than 60 days following published notice of the complaint's filing, 15 U.S.C. §78u-

4(a)(3)(B)(i), counsel for the Core Scientific Investor Group will not know which other class members, if any, will seek appointment as lead plaintiff until after the 60-day deadline to file the motions has expired on January 13, 2023. Consequently, counsel for the Core Scientific Investor Group respectfully requests that the conferral requirement be waived in this narrow instance.

### III. FACTUAL BACKGROUND

Core Scientific mines digital assets for its own account and provides hosting services for other large-scale miners. Core Scientific became a public company via a January 19, 2022 business combination with Power & Digital Infrastructure Acquisition Corp., a special purpose acquisition company ("SPAC"), also called a blank-check company.

The complaint alleges that, throughout the Class Period, defendants made false and misleading statements and failed to disclose that: (i) due in part to the expiration of a favorable pricing agreement, Core Scientific was experiencing increasing power costs; (ii) the Company's largest customer, Gryphon Digital Mining, lacked the financial resources to purchase the necessary miner rigs for Core Scientific to host; (iii) the Company was not providing hosting services to Celsius Network LLC ("Celsius") as required by their contract; (iv) the Company had implemented an improper surcharge to pass through power costs to Celsius; (v) as a result of the foregoing alleged breaches of contract, the Company was reasonably likely to incur liability to defend itself against Celsius; (vi) as such, Core Scientific's profitability would be adversely impacted; and (vii) consequently, there was likely substantial doubt as to the Company's ability to continue as a going concern.

On March 3, 2022, Culper Research published a report about Core Scientific alleging, among other things, that the Company had overstated its profitability and that its largest customer lacked the financial resources to deliver the mining rigs pursuant to its contract. On this news, Core Scientific's stock price fell by more than 9%.

Then, on September 28, 2022, Celsius and related entities filed a motion to enforce the automatic stay and for civil contempt in its bankruptcy proceedings alleging that Core Scientific "has knowingly and repeatedly violated the automatic stay provisions" by refusing to perform its contractual obligations, threatening to terminate the companies' agreement, and adding improper surcharges. ECF 1 at ¶5. On this news, Core Scientific's stock price fell by more than 10%.

Finally, on October 27, 2022, Core Scientific disclosed that "given the uncertainty regarding the Company's financial condition, substantial doubt exists about the Company's ability to continue as a going concern," and that it is exploring alternatives to its capital structure. ECF 1 at ¶7. On this news, Core Scientific's stock price fell an additional 78.1%, further damaging investors.

## IV. ARGUMENT

### A. The Core Scientific Investor Group Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 457 (S.D. Tex. 2002) (Harmon, J.). The Core Scientific Investor Group meets each of these requirements and should therefore be appointed as lead plaintiff.

### 1. This Motion Is Timely

On November 14, 2022, the named plaintiff's counsel published notice of this action on *Business Wire*, advising potential class members of the pendency of the action, the claims asserted, and the right to seek appointment as lead plaintiff no later than 60 days following the date of the notice, or January 13, 2023. *See* Affidavit of Joe Kendall in Support of The Core Scientific Investor Group's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Kendall Aff."), Ex. A, Appendix Tab 1. The Core Scientific Investor Group's motion is therefore timely and he is entitled to be considered for appointment as lead plaintiff.

### 2. The Core Scientific Investor Group Has the Largest Financial Interest in the Relief Sought by the Class

The Core Scientific Investor Group purchased 533,617 shares of Core Scientific common stock and warrants during the Class Period, and suffered $653,409 in losses. *See* Kendall Aff., Exs. B-C. To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest in the Class Period. Therefore, the Core Scientific Investor Group satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. The Core Scientific Investor Group Otherwise Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "Although the inquiry at this stage of the litigation in selecting the Lead Plaintiff is not as searching as the one triggered by a subsequent motion for class certification, the proposed Lead Plaintiff must make at least a preliminary showing

that it has claims that are typical of those of the putative class and has the capacity to provide adequate representation for those class members." *Enron*, 206 F.R.D. at 441.

"Typicality is achieved where the named plaintiffs' claims arise 'from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory.'" *Id.* (citation omitted). "The adequacy review '"serves to uncover conflicts of interest between the named plaintiffs and the class they seek to represent."'" *Id.* (citation omitted).

Here, the Core Scientific Investor Group's claims are typical of those of the putative class. Indeed, like all other members of the class, the Core Scientific Investor Group: (1) purchased Core Scientific securities; (2) was adversely affected by defendants' false and misleading statements and omissions; and (3) suffered damages thereby. The Core Scientific Group's individual Certifications set forth the Group members' transactions in Core Scientific securities during the Class Period, and consistent with the PSLRA, the Core Scientific Investor Group has not conflated its own financial interest with the Core Scientific transactions of any third-party entities in which any member of the Core Scientific Investor Group may have invested. As such, the Core Scientific Investor Group has a significant direct interest in the outcome of this action, ensuring it will vigorously represent the class. Additionally, the members of the Core Scientific Investor Group have also demonstrated their adequacy by signing sworn Certifications and a Joint Declaration affirming their willingness to serve as, and to assume the responsibilities of, lead plaintiff. *See* Kendall Aff., Exs. B, D. Because the Core Scientific Investor Group filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated its typicality and adequacy, the Court should adopt the presumption that the Core Scientific Investor Group is the "most adequate plaintiff."

**B. The Court Should Approve the Core Scientific Investor Group's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). The Core Scientific Investor Group has selected Robbins Geller and Glancy Prongay as lead counsel in this case.

Robbins Geller, a 200-attorney nationwide law firm, regularly practices complex securities litigation in federal courts across the country and has obtained the two largest PSLRA class action recoveries ever in Texas courts in *In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion) and *In re Dynegy Inc. Sec. Litig.*, No. H-02-1571 (S.D. Tex.) ($474 million). The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[1] Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Enron Corp. Sec.*, *Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (commenting that the "experience, ability, and reputation" of the attorneys with Robbins Geller "is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"); *Schwartz v. TXU Corp.*, 2005 WL 3148350, at *14 (N.D. Tex. Nov. 8, 2005) (Kinkeade, J.) ("Lead Counsel have amply demonstrated their competence through their representation of Lead Plaintiffs in this action to date, including their successful negotiation of a $149.75 million settlement of the

---

[1] For a detailed description of Robbins Geller and Glancy Prongay's track records, resources, and attorneys, please *see* https://www.rgrdlaw.com and https://www.glancylaw.com. A paper copy of the Firms' resumes are available upon the Court's request, if preferred.

claims made by Lead Plaintiffs.  This is the largest cash settlement in a securities class action ever in this District.  It is also one of the largest securities class action recoveries ever obtained in the United States in a case not involving a restart of never reported earnings.").  Texas attorney and former United States District Judge Joe Kendall was co-lead counsel in *Schwartz.*

Notably, in the last three years alone, Robbins Geller recovered more than $4 billion on behalf of investors in securities class action cases, including $1.02 billion in *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.), $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), $809.5 million in *In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314-JST (N.D. Cal.), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).  Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[2]

Glancy Prongay similarly has decades of experience representing injured investors.  The firm has successfully prosecuted numerous class actions in federal and state courts throughout the country.  The firm has collectively recovered billions of dollars for parties wronged by corporate

---

[2]   *See Enron* ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit*)*; *Dynegy* ($474 million recovery is second-largest in this District); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

fraud, antitrust violations, and malfeasance. As such, the firm is well-equipped to represent the class. *See Carpenter v. Oscar Health, Inc.*, 2022 WL 4485276, at *3 (S.D.N.Y. Sept. 27, 2022) (finding that Glancy Prongay has "extensive experience in complex securities class-action suits" and that it is "well qualified to represent the class as co-lead counsel").

As such, the Core Scientific Investor Group's selection of Robbins Geller and Glancy Prongay as lead counsel is reasonable and should be approved.

## V. CONCLUSION

The Core Scientific Investor Group satisfies each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Core Scientific Investor Group respectfully requests that the Court appoint it as lead plaintiff and approve its selection of Lead Counsel.

DATED: January 13, 2023

Respectfully submitted,

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)

s/ JOE KENDALL
JOE KENDALL

3811 Turtle Creek Blvd., Suite 1450
Dallas, TX 75219
Telephone: 214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel

- 9 -
4894-4761-6840.v2

ROBBINS GELLER RUDMAN
& DOWD LLP
JUAN CARLOS SANCHEZ
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN
PAVITHRA RAJESH
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com
prajesh@glancylaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

THE LAW OFFICES OF FRANK R. CRUZ
FRANK R. CRUZ
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: 310/914-5007
fcruz@frankcruzlaw.com

Additional Counsel for Allen Cotton

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all counsel of record on January 13, 2023 via CM/ECF, in accordance with the Federal Rules of Civil Procedure.

/s/ *Joe Kendall*
JOE KENDALL