UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MEI PANG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL LEVITT, MICHAEL TRZUPEK, and DENISE STERLING,<br><br>Defendants. | Case No. 1:22-cv-01191-LY |

MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DAVID HUGHES FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..... 1

STATEMENT OF FACTS ..... 2

ARGUMENT ..... 4

I. HUGHES SHOULD BE APPOINTED LEAD PLAINTIFF ..... 4

A. Hughes Is Willing to Serve as Class Representative ..... 5

B. Hughes Has the "Largest Financial Interest" in the Action ..... 6

C. Hughes Otherwise Satisfies the Requirements of Rule 23 ..... 7

D. Hughes Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ..... 10

II. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ..... 10

CONCLUSION ..... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Buettgen v. Harless*,
263 F.R.D. 378 (N.D. Tex. 2009) ....................6, 7

*Giovagnoli v. Globalscape, Inc.*, Civil Action No. SA-17-CV-753-XR,
2017 U.S. Dist. LEXIS 232558 (W.D. Tex. Nov. 6, 2017) ....................6, 9

*Hohenstein v. Behringer Harvard Reit I, Inc.*, No. 3:12-CV-3772-G,
2012 U.S. Dist. LEXIS 180013 (N.D. Tex. Dec. 20, 2012) ....................7, 10

*In re BP, PLC Sec. Litig.*,
758 F. Supp. 2d 428 (S.D. Tex. 2010) ....................6

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)....................6

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ....................6

*In re Dynegy, Inc. Sec. Litig.*, C.A. No. H-02-1571,
2002 U.S. Dist. LEXIS 27858 (S.D. Tex. Oct. 28, 2002)....................10

*In re Enron Corp. Sec. Litig.*,
206 F.R.D. 427 (S.D. Tex. 2002)....................6, 8

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ....................6

*James v. City of Dallas, Tex.*,
254 F.3d 551 (5th Cir. 2001) ....................8

*Lax v. First Merchants Acceptance Corp.*, Nos. 97 C 2715 *et al.*,
1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)....................6

*Makhlouf v. Tailored Brands, Inc.*, No. H-16-0838,
2017 U.S. Dist. LEXIS 41872 (S.D. Tex. Mar. 23, 2017)....................10

*Marcus v. J.C. Penney Co.*, No. 6:13-CV-736,
2014 U.S. Dist. LEXIS 197529 (E.D. Tex. Feb. 28, 2014) ....................6, 7

*Mullen v. Treasure Chest Casino, LLC*,
186 F.3d 620 (5th Cir. 1999) ....................9

*Ramzan v. GDS Holdings, Ltd.*, No. 4:18CV539-ALM-KPJ, 2018 U.S. Dist. LEXIS 183758 (E.D. Tex. Oct. 26, 2018) ....................9

*Shiqiang Chen v. NQ Mobile*, No. 4:18-CV-00096, 2018 U.S. Dist. LEXIS 92672 (E.D. Tex. May 31, 2018)....................7, 8

*Singh v. 21 Vianet Grp., Inc.*, No. 2:14-cv-894-JRG-RSP, 2015 U.S. Dist. LEXIS 125385 (E.D. Tex. Sept. 21, 2015)....................7

*Stein v. Match Group, Inc.*, No. 16-cv-549-L, 2016 WL 3194334 (N.D. Tex. June 9, 2016) ....................8

*Tran v. XBiotech Inc.*, No. A-15-CA-01083-SS, 2016 U.S. Dist. LEXIS 22279 (W.D. Tex. Feb. 23, 2016)....................7, 8

**Statutes**

15 U.S.C. § 78u-4 .................... *passim*

Private Securities Litigation Reform Act of 1995 ....................4, 5, 9

**Rules**

Fed. R. Civ. P. 23 .................... *passim*

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that David Hughes ("Hughes"), by and through his counsel, will and does hereby move this Court, pursuant Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Hughes as Lead Plaintiff on behalf of persons and entities that purchased or otherwise acquired Core Scientific Inc. ("Core Scientific" or the "Company") securities between January 3, 2022 and October 26, 2022, inclusive (the "Class Period") (the "Class"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and The Briscoe Law Firm, PLLC ("BLF") as Liaison Counsel for the Class.

**PRELIMINARY STATEMENT**

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that the above-captioned defendants[1] ("Defendants") defrauded investors in violation of the Exchange Act. Core Scientific investors, including Hughes, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of Core Scientific securities to fall sharply, damaging Hughes and other Core Scientific investors.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Hughes purchased 110,000 Core Scientific shares, expended $542,169 on these

[1] The Complaint originally included Core Scientific as a defendant. *See* Complaint ¶ 15. On December 27, 2022, the plaintiff in the Action "voluntarily dismiss[ed] her claims against Core Scientific, Inc. without prejudice" while retaining her "claims against the other defendants[.]" Dkt. No. 15 at 1.

purchases, retained 80,000 of his Core Scientific shares, and, as a result of the disclosures of the fraud, incurred losses of approximately $439,181 in connection with his Class Period purchases in Core Scientific securities. *See* Declaration of Willie C. Briscoe in Support of Motion ("Briscoe Decl."), Exhibit ("Ex.") A. Accordingly, Hughes believes that he has the largest financial interest in the relief sought in the Action.

Beyond his significant financial interest, Hughes also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his responsibilities as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Hughes has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Hughes has also selected the highly respected law firm BLF, which, as reflected in its firm resume, has significant experience in complex and securities matters, to serve as Liaison Counsel for the Class.

Accordingly, Hughes respectfully requests that the Court enter an order appointing him as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel and BLF as Liaison Counsel for the Class.

**STATEMENT OF FACTS**

Core Scientific is a blockchain computing data center provider and digital asset mining company. Complaint ¶ 2. It mines digital assets for its own account and provides hosting services for other large-scale miners. *Id.* It became a public company via business combination with Power & Digital Infrastructure Acquisition Corp. ("XPDI") consummated on January 19, 2022 (the "Business Combination"). *Id.*

On March 3, 2022, Culper Research published a report about Core Scientific alleging, among other things, that the Company had overstated its profitability and that the Company's largest customer lacked the financial resources to deliver the rigs pursuant to its contract. *Id.* ¶ 3.

On this news, Core Scientific's stock fell $0.72, or 9.4%, to close at $6.98 on March 3, 2022, thereby injuring investors. *Id.* ¶ 4.

On September 28, 2022, Celsius Network LLC and related entities filed a motion to enforce the automatic stay and for civil contempt in bankruptcy proceedings alleging that Core Scientific "has knowingly and repeatedly violated the automatic stay provisions" by refusing to perform its contractual obligations, threatening to terminate the companies' agreement, and adding improper surcharges. *Id.* ¶ 5.

On this news, Core Scientific's stock price fell $0.15, or 10.3%, to close at $1.30 on September 29, 2022, thereby injuring investors. *Id.* ¶ 6.

On October 27, 2022, before the market opened, Core Scientific disclosed that "given the uncertainty regarding the Company's financial condition, substantial doubt exists about the Company's ability to continue as a going concern," and that it is exploring alternatives to its capital structure. *Id.* ¶ 7. Moreover, the Company held 24 bitcoins, compared to 1,051 bitcoins as of September 30, 2022. *Id.*

On this news, Core Scientific's stock fell $0.789, or 78.1%, to close at $0.221 per share on October 27, 2022, on unusually high trading volume. *Id.* ¶ 8.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. *Id.* ¶ 9. Specifically, Defendants failed to disclose to investors: (1) that, due in part to the expiration of a favorable pricing agreement, the Company was experiencing

increasing power costs; (2) that the Company's largest customer, Gryphon, lacked the financial resources to purchase the necessary miner rigs for Core Scientific to host; (3) that the Company was not providing hosting services to Celsius as required by their contract; (4) that the Company had implemented an improper surcharge to pass through power costs to Celsius; (5) that, as a result of the foregoing alleged breaches of contract, the Company was reasonably likely to incur liability to defend itself against Celsius; (6) that, as a result of the foregoing, the Company's profitability would be adversely impacted; (7) that, as a result, there was likely substantial doubt as to the Company's ability to continue as a going concern; (8) and that as a result of the foregoing, Defendant's positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

## ARGUMENT

### I. HUGHES SHOULD BE APPOINTED LEAD PLAINTIFF

Hughes should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Action to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Hughes satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

**A. Hughes Is Willing to Serve as Class Representative**

On November 14, 2022, counsel for plaintiff in the Action caused the statutorily required Notice of this Action to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that this Action had been filed on behalf of Core Scientific investors, and which advised investors in Core Scientific securities that they had 60 days from the date of the Notice's publication—*i.e.*, until January 13, 2023—to file a motion to be appointed as lead plaintiff. *See* Briscoe Decl., Ex. B.

Hughes has filed the instant motion pursuant to the Notice and has attached a sworn Certification executed by him attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Hughes satisfies the first requirement to serve as Lead Plaintiff of the Class.

**B. Hughes Has the "Largest Financial Interest" in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of his knowledge, Hughes has the largest financial interest of any Core Scientific investor or investor group seeking to serve as Lead Plaintiff. For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17-18 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide,[2] these *Lax* factors have been adopted by courts in the Fifth Circuit, including in this District specifically. *See, e.g.*, *Giovagnoli v. Globalscape, Inc.*, Civil Action No. SA-17-CV-753-XR, 2017 U.S. Dist. LEXIS 232558, at *7-8 (W.D. Tex. Nov. 6, 2017); *Marcus v. J.C. Penney Co.*, No. 6:13-CV-736, 2014 U.S. Dist. LEXIS 197529, at *13-15 (E.D. Tex. Feb. 28, 2014); *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 433 (S.D. Tex. 2010); *Buettgen v. Harless*, 263 F.R.D. 378, 380 (N.D. Tex. 2009); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002).

During the Class Period, Hughes: (1) purchased 110,000 shares of Core Scientific securities; (2) expended $542,169 on his purchases of Core Scientific securities; (3) retained 80,000 of his shares of Core Scientific securities; and (4) as a result of the disclosures of the fraud, incurred losses of approximately $439,181 in connection with his Class Period purchases of Core

---

[2] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at *22-25 (E.D.N.Y. Mar. 2, 2007).

Scientific securities. *See* Briscoe Decl., Ex. A. To the extent that Hughes possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

**C. Hughes Otherwise Satisfies the Requirements of Rule 23**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Tran v. XBiotech Inc.*, No. A-15-CA-01083-SS, 2016 U.S. Dist. LEXIS 22279, at *5-6 (W.D. Tex. Feb. 23, 2016); *Singh v. 21 Vianet Grp., Inc.*, No. 2:14-cv-894-JRG-RSP, 2015 U.S. Dist. LEXIS 125385, at *4 (E.D. Tex. Sept. 21, 2015); *Hohenstein v. Behringer Harvard Reit I, Inc.*, No. 3:12-CV-3772-G, 2012 U.S. Dist. LEXIS 180013, at *6 (N.D. Tex. Dec. 20, 2012). Moreover, "'[f]or the purposes of the lead plaintiff analysis, only the typicality and adequacy prongs of Rule 23 are relevant.'" *Shiqiang Chen v. NQ Mobile*, No. 4:18-CV-00096, 2018 U.S. Dist. LEXIS 92672, at *5 (E.D. Tex. May 31, 2018) (quoting *Marcus*, 2014 U.S. Dist. LEXIS 197529, *15 (citing *Buettgen*, 263 F.R.D. at 381)); *Singh*, 2015 U.S. Dist. LEXIS 125385, at *4 ("When naming

a lead plaintiff, a court considers only typicality and adequacy."); *Enron*, 206 F.R.D. at 441; *see also, e.g.*, *Tran*, 2016 U.S. Dist. LEXIS 22279, at *5-6.

The typicality requirement of Rule 23(a)(3) is satisfied where the named representative's claims have "the same essential characteristics as those of the other proposed class members." *Tran*, 2016 U.S. Dist. LEXIS 22279, at *6; *Shiqiang*, 2018 U.S. Dist. LEXIS 92672, at *5; *Stein v. Match Group, Inc.*, No. 16-cv-549-L, 2016 WL 3194334, at *5 (N.D. Tex. June 9, 2016). "'Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.'" *James v. City of Dallas, Tex.*, 254 F.3d 551, 571 (5th Cir. 2001) (quoting 5 James Wm. Moore, *et al.*, *Moore's Federal Practice* ¶ 23.24[4] (3d ed. 2000)).

Hughes's claims are typical of those of the Class. Hughes alleges, like all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or by omitting to disclose material facts concerning Core Scientific. Hughes, like other Class members, purchased Core Scientific securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Core Scientific's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure

vigorous advocacy." *Ramzan v. GDS Holdings, Ltd.*, No. 4:18CV539-ALM-KPJ, 2018 U.S. Dist. LEXIS 183758, at *9 (E.D. Tex. Oct. 26, 2018); *Giovagnoli*, 2017 U.S. Dist. LEXIS 232558, at *10 ("A proposed lead plaintiff is an adequate representative by showing zeal and competence of the representative's counsel, and a willingness and ability of the representative to take an active role in and control the litigation and to protect the interests of absentees."); *see also Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625-26 (5th Cir. 1999) (indicating that "[d]ifferences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests").

As set forth in greater detail below, in Pomerantz and BLF, Hughes has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz and BLF to the Court for approval as Lead Counsel and Liaison Counsel for the Class, respectively, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). In addition to Pomerantz and BLF, Hughes is also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this Action. There is no evidence of antagonism or conflict between Hughes's interests and the interests of the Class. Moreover, Hughes has submitted a signed Certification declaring his commitment to protect the interests of the Class (*see* Briscoe Decl., Ex. C), and the significant losses incurred by Hughes demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Further demonstrating his adequacy, Hughes has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See id.*, Ex. D.

### D. Hughes Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Hughes as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Hughes's ability and desire to fairly and adequately represent the Class has been discussed above. Hughes is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, Hughes should be appointed Lead Plaintiff for the Class.

## II. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See id.* § 78u-4(a)(3)(B)(v). The Court should interfere with lead plaintiff's choice only if necessary to "protect the interests of the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Bremer*, 2021 U.S. Dist. LEXIS 124780, at *6; *Makhlouf v. Tailored Brands, Inc.*, No. H-16-0838, 2017 U.S. Dist. LEXIS 41872, at *8 (S.D. Tex. Mar. 23, 2017); *Hohenstein*, 2012 U.S. Dist. LEXIS 180013, at *7-8; *In re Dynegy, Inc. Sec. Litig.*, C.A. No. H-02-1571, 2002 U.S. Dist. LEXIS 27858, at *21 (S.D. Tex. Oct. 28, 2002).

Here, Hughes has selected Pomerantz as Lead Counsel and BLF as Liaison Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Briscoe Decl., Ex. E.

In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

BLF is likewise well-qualified to serve as Liaison Counsel for the Class. As its firm resume reflects, BLF maintains offices in Dallas and Houston, Texas, and the firm specializes in securities class action matters, among other practice areas. *See id.*, Ex. F. BLF has experience in achieving substantial recoveries in class actions, and its attorneys have extensive familiarity with the Local Civil Rules and practice norms of this District.

As a result of their extensive experience in litigation involving issues similar to those raised in the instant Action, Hughes's counsel, Pomerantz and BLF, have the skill, knowledge, expertise, and experience that will enable these firms to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Hughes's selection of Pomerantz as Lead Counsel and BLF as Liaison Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Hughes respectfully requests that the Court issue an Order: (1) appointing Hughes as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz as Lead Counsel and BLF as Liaison Counsel for the Class.

Dated: January 13, 2023

Respectfully submitted,

*/s/ Willie C. Briscoe*
WILLIE C. BRISCOE
State Bar Number 24001788
THE BRISCOE LAW FIRM, PLLC
12700 Park Central Drive, Suite 520
Dallas, TX 75251
Telephone: 972-521-6868
Facsimile: 346-214-7463
wbriscoe@thebriscoelawfirm.com

*Counsel for David Hughes and Proposed Liaison Counsel for the Class*

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for David Hughes and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296

peretz@bgandg.com

*Additional Counsel for David Hughes*

## COMPLIANCE WITH LOCAL RULE CV-7(g)

Hughes is aware of Local Rule CV-7(g), which provides, in relevant part: "The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter bey agreement and certifies the specific reason that no agreement could be made." Here, pursuant to the PSLRA, the deadline to file a motion for appointment as Lead Plaintiff in the Action is January 13, 2023, on which date any member of the putative Class may so move. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) & (a)(3)(B)(i). Hughes will thus not know the identities of the other putative Class members who intend to file competing Lead Plaintiff motions until January 14, 2023—the day after the statutory deadline—making conferral to resolve the matter by agreement prior to the filing of Hughes's motion papers impracticable. Under these circumstances, Hughes respectfully requests that compliance with Local Rule CV-7(g) be waived in this instance.

**CERTIFICATE OF SERVICE**

This is to certify that on January 13, 2023, I have caused to be filed the above and foregoing on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing.

*/s/ Willie C. Briscoe*
WILLIE C. BRISCOE