# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| MEI PANG, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL LEVITT, MICHAEL TRZUPEK, and DENISE STERLING,<br><br>    Defendants. | Case No. 1:22-cv-01191-LY<br><br><u>CLASS ACTION</u> |

**NOTICE OF MOTION AND MOTION OF THE CORE SCIENTIFIC INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF <u>SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF</u>**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND .................................................................................................... 2

ARGUMENT ............................................................................................................................. 4

    I.    THE COURT SHOULD APPOINT MOVANTS AS CO-LEAD PLAINTIFFS ........ 4

        A.    The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff ............... 4

        B.    Movant Satisfies the Lead Plaintiff Provisions of the PSLRA ................................ 5

            1.    Movant Has the Largest Financial Interest in the Relief Sought .......................... 6

            2.    Movant Meets Rule 23's Typicality and Adequacy Requirements....................... 7

                (i)    Movant's Claims Are Typical of the Claims of the Class ............................... 8

                (ii)    Movant Is an Adequate Representative of the Class ...................................... 8

    II.    MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED.......................... 10

CONCLUSION........................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Hohenstein v. Behringer Harvard Reit I, Inc.*,
 C.A. No. 3:12-CV-3772-G, 2012 U.S. Dist. LEXIS 180013 (N.D. Tex. Dec. 20, 2012) ....................... 11

*In re Carreker Corp. Sec. Litig.*,
 C.A. No. 3:03-CV-0250-M, 2003 U.S. Dist. LEXIS 25988 (N.D. Tex. Aug. 14, 2003) ......................... 8

*In re Waste Mgmt. Sec. Litig.*,
 128 F. Supp. 2d 401 (S.D. Tex. 2000) ............................................................................................ 9

*Ramzan v. GDS Holdings, Ltd.*,
 C.A. No. 4:18-cv-539-ALM-KPJ, 2018 U.S. Dist. LEXIS 183758 (E.D. Tex. Oct. 26, 2018) ................ 8

*Stein v. Match Grp., Inc.*,
 No. 3:16-cv-549-L, 2016 U.S. Dist. LEXIS 74995 (N.D. Tex. June 9, 2016) ............................. 5, 8, 10

*Stirman v. Exxon Corp.*,
 280 F.3d 554 (5th Cir. 2002) ........................................................................................................ 9

*Trans v. XBiotech Inc.*,
 No. A-15-CA-01083-SS, 2016 U.S. Dist. LEXIS 22279 (W.D. Tex. Feb. 23, 2016) ............................ 6

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................................... *passim*

15 U.S.C. § 78j(b) ........................................................................................................................ 1

15 U.S.C. § 78t(a) ........................................................................................................................ 1

17 C.F.R. § 240.10b-5 ................................................................................................................. 1

**Rules**

Rule 23 of the Federal Rules of Civil Procedure ................................................................. *passim*

Movants Bryan Harlan, Michael Saunders, Robert Sklodowski, Jr., and Kristi Berry ("Movant" or the "Core Scientific Investor Group") respectfully move this Court, pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), codified as Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), for an Order: (1) appointing Movant as Lead Plaintiff; (2) approving Movant's selection of the law firms of Bragar Eagel & Squire, P.C. ("BES") and Levi Korsinsky LLC ("LK") as Co-Lead Counsel for the putative class and Sponsel Miller Greenberg PLLC ("Sponsel Miller") as Liaison Counsel for the putative class; and (3) granting such other and further relief as the Court may deem just and proper. This Motion is made on the grounds that Movant is the "most adequate plaintiff" pursuant to the PSLRA. In support of this Motion, Movant submits herewith a Memorandum of Law and the Declaration of Thane Tyler Sponsel III.[1]

## PRELIMINARY STATEMENT

Presently pending before the Court is the above-referenced securities class action lawsuit (the "Action") brought under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Core Scientific Inc. ("Core Scientific" or the "Company") and certain of its executive officers.[2] The Action is brought on behalf of all persons and entities that

---

[1] Local Court Rule CV-7(G) requires a conference of counsel prior to filing motions. Due to the PSLRA's lead plaintiff procedure, however, Movant does not yet know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of Local Court Rule CV-7(G) be waived.

[2] On December 21, 2022, Defendants filed a Notice of Suggestion of Bankruptcy as to Core Scientific. ECF No. 14. Subsequently, on December 27, 2022, plaintiff Mei Pang ("Pang") filed a Notice of Voluntary Dismissal of Defendant Core Scientific, Inc. ECF No. 15. As a result, only Michael Levitt, Michal Trzupek, and Denise Sterling (collectively, "Defendants") remain parties to the Action.

1

purchased or otherwise acquired Core Scientific securities, other than Defendants, between January 3, 2022 and October 26, 2022, inclusive (the "Class Period").

The PSLRA governs the selection of lead plaintiff in class actions asserting claims under the federal securities laws. The PSLRA, as amended, 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant who has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. Collectively, Movant has lost approximately $545,816.06 as a result of the alleged fraud during the Class Period.[3] Movant believes that it has the largest financial interest in the outcome of this Action. Moreover, Movant satisfies the requirements of Rule 23 in that its claims are typical of the claims of the Class, and it will fairly and adequately represent the interests of the Class.

Accordingly, the Court should grant Movant's Motion in its entirety.

## FACTUAL BACKGROUND

Core Scientific is a blockchain computing data center provider and digital asset mining company. ¶¶ 2, 20.[4] It mines digital assets for its own account and provides hosting services for other large-scale miners. *Id.* It became a public company via business combination with Power & Digital Infrastructure Acquisition Corp. consummated on January 19, 2022. ¶ 2.

---

[3] PSLRA certifications identifying the members of the Core Scientific Investor Group's transactions in Core Scientific, as well as a chart identifying their losses is attached to the Declaration of Thane Tyler Sponsel III, dated January 12, 2022 ("Sponsel Decl."), as Exhibits A and B, respectively.

[4] Citations to "¶ __" are to paragraphs in the Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") filed in the Action on November 14, 2022, ECF No. 1. Unless otherwise defined, capitalized terms shall have the same meaning as set forth in the Complaint. The facts set forth in the Complaint are incorporated herein by reference.

On March 3, 2022, Culper Research published a report about Core Scientific alleging, among other things, that the Company had overstated its profitability and that the Company's largest customer lacked the financial resources to deliver bitcoin mining rigs pursuant to its contract. ¶¶ 3, 26.

On this news, Core Scientific's stock fell $0.72, or 9.4%, to close at $6.98 on March 3, 2022. ¶¶ 4, 28.

On September 28, 2022, Celsius Network LLC ("Celsius") and related entities, a Company customer, filed a motion to enforce the automatic stay and for civil contempt in bankruptcy proceedings alleging that Core Scientific "has knowingly and repeatedly violated the automatic stay provisions" by refusing to perform its contractual obligations, threatening to terminate the companies' agreement, and adding improper surcharges. ¶¶ 5, 44.

On this news, Core Scientific's stock price fell $0.15, or 10.3%, to close at $1.30 on September 29, 2022. ¶¶ 6, 46.

On October 27, 2022, before the market opened, Core Scientific disclosed that "given the uncertainty regarding the Company's financial condition, substantial doubt exists about the Company's ability to continue as a going concern," and that it is exploring alternatives to its capital structure. Moreover, the Company held 24 bitcoins, compared to 1,051 bitcoins as of September 30, 2022. ¶¶ 7, 47.

On this news, Core Scientific's stock fell $0.789, or 78.1%, to close at $0.221 per share on October 27, 2022, on unusually high trading volume. ¶ 8, 48.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose that: (1) due in part to the

3

expiration of a favorable pricing agreement, the Company was experiencing increasing power costs; (2) the Company's largest customer, Gryphon Digital Mining, lacked the financial resources to purchase the necessary miner rigs for Core Scientific to host; (3) the Company was not providing hosting services to Celsius as required by their contract; (4) the Company had implemented an improper surcharge to pass through power costs to Celsius; (5) as a result of the foregoing alleged breaches of contract, the Company was reasonably likely to incur liability to defend itself against Celsius; (6) as a result of the foregoing, the Company's profitability would be adversely impacted; (7) as a result, there was likely substantial doubt as to the Company's ability to continue as a going concern; and (8) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. ¶ 9.

## **ARGUMENT**

**I.  THE COURT SHOULD APPOINT MOVANTS AS CO-LEAD PLAINTIFFS**

   **A.  The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff**

The PSLRA mandates that the Court decide the lead plaintiff issue "as soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

First, the PSLRA provides that within 20 days after the date on which the first class action is filed, the plaintiff to that action shall publish, in a widely circulated national business publication or wire service, a notice advising members of the proposed class of the pendency of the action and their right to move for appointment as lead plaintiff within 60 days of the notice publication. 15 U.S.C. § 78u-4(a)(3)(B).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court will, no later than 90 days after the date on which a notice is published, consider any motion filed by any purported class member in response to the notice and appoint as lead plaintiff the movant that the court determines to be "most capable of adequately representing the interests of class members." *Id*. The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

>   (aa)   has either filed the complaint or made a motion in response to a notice;
>
>   (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>   (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by another class member that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Stein v. Match Grp., Inc.*, No. 3:16-cv-549-L, 2016 U.S. Dist. LEXIS 74995, at *12-13 (N.D. Tex. June 9, 2016).

As set forth below, the members of the Core Scientific Investor Group have complied with the procedural prerequisites of the PSLRA and have, to the best of their knowledge, the largest financial interest in the litigation of any other Class member(s) seeking appointment as lead plaintiff. Movant is also unaware of any unique defenses against it that Defendants could raise. Therefore, Movant is entitled to the presumption that it is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### B.     Movant Satisfies the Lead Plaintiff Provisions of the PSLRA

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the Action published notice of the Action on November 14, 2022, within 20 days of the filing of the first-filed complaint, through *Business Wire*, a widely circulated national business-oriented wire service. *See* Sponsel Decl., Ex.

5

D. Consequently, any member of the proposed Class was required to seek appointment as lead plaintiff within 60 days after publication of that notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Therefore, the time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. § 78u-4(a)(3)(A) and (B) expires on January 13, 2023. Pursuant to the PSLRA and within the requisite time frame after publication of the required notice, Movant timely moved this Court to be appointed lead plaintiff on behalf of all members of the Class.

### 1. Movant Has the Largest Financial Interest in the Relief Sought

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial interest in the relief sought by the Action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Sponsel Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *See Trans v. XBiotech Inc.*, No. A-15-CA-01083-SS, 2016 U.S. Dist. LEXIS 22279, at *5-6 (W.D. Tex. Feb. 23, 2016).

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. § 78u-4(e).

Within the Class Period, Movant purchased Core Scientific securities in reliance upon the materially false and misleading statements issued by Defendants and were injured thereby. Movant has suffered substantial losses of approximately $545,816.06 under a last-in-first-out ("LIFO") analysis as a result of Defendants' alleged fraudulent statements. *See* Sponsel Decl., Ex.

B (Loss Chart).[5] Movant, thus, has a significant financial interest in the outcome of this Action. To the best of Movant's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 2. Movant Meets Rule 23's Typicality and Adequacy Requirements

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See Ramzan v. GDS Holdings, Ltd.*, C.A. No. 4:18-cv-539-ALM-KPJ, 2018 U.S. Dist. LEXIS 183758, at *7-8 (E.D. Tex. Oct. 26, 2018). Rule 23(a) provides that a class may be certified only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class. Of these four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until a class certification motion is filed. At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See Match Grp.*, 2016 U.S. Dist. LEXIS 74995, at *12.

---

[5] Collectively, the members of the Core Scientific Investor Group purchased a total of 150,287 shares and warrants, expended net funds of $564,641.76 on these securities during the Class Period, retained 150,287 shares and warrants through the close of the Class Period, and suffered approximately $545,816.06 in losses.

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as lead plaintiff.

### (i) Movant's Claims Are Typical of the Claims of the Class

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. A plaintiff satisfies the typicality requirement if the plaintiff has: (a) suffered the same injuries as the absent class members; (b) the injuries are as a result of the same course of conduct by defendants; and (c) the plaintiff's claims are based on the same legal issues that prove the defendant's liability. *See In re Carreker Corp. Sec. Litig.*, C.A. No. 3:03-CV-0250-M, 2003 U.S. Dist. LEXIS 25988, at *11 (N.D. Tex. Aug. 14, 2003). The "test for typicality is not demanding. . . . Typicality does not require a complete identity of claims." *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002).

In this case, the typicality requirement is met because Movant's claims are typical, if not identical to, and neither compete nor conflict with, the claims of the other Class members. Movant, like the other members of the Class, acquired Core Scientific securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and the losses were a result of Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3).

Movant therefore satisfies the required *prima facie* showing of the typicality requirements of Rule 23 for purposes of this Motion.

### (ii) Movant Is an Adequate Representative of the Class

Movant is also an adequate representative for the Class. Under Rule 23(a)(4), representative parties must "fairly and adequately protect the interests of the class." In determining

adequacy, the Court looks to whether the representative has: (a) retained able and experienced counsel; (b) no fundamental conflicts of interest with the interests of the class as a whole; and (c) the "willingness and ability" to actively control the litigation and protect the class as a whole. *XBiotech*, 2016 U.S. 22279, at *7-8.

Movant meets the requirements under Rule 23(a)(4) to fairly and adequately protect the interests of the putative Class. Not only is there no evidence of conflict between the interests of Movant and those of the other members of the putative Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial loss its members have incurred as a result of the wrongful conduct alleged therein. Indeed, Movant has already taken steps which demonstrate that its members both recognize and will protect the interests of the Class, including: (1) executing certifications detailing their Class Period transactions and expressing their willingness to serve as Class representatives; (2) executing a declaration demonstrating their familiarity with a lead plaintiff's responsibilities under the PSLRA and their commitment to prosecution of the Action, among other things; (3) moving this Court to be appointed as co-lead plaintiffs; (4) signing a joint declaration detailing their backgrounds and explaining how they intend to manage the case; and (5) retaining competent and experienced counsel, who, as shown below, are experienced in class action litigation such as this involving allegations of securities fraud. *See Match Grp.*, 2016 U.S. LEXIS 74995, at *17-20. Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and therefore satisfy 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant sustained the largest amount of losses from Defendants' alleged wrongdoing, Movant is the presumptive lead plaintiff in

accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead this Action.

## II. MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). "The court should interfere with the Lead Plaintiff's selection only when necessary to "protect the interests of the class." *Hohenstein v. Behringer Harvard Reit I, Inc.*, C.A. No. 3:12-CV-3772-G, 2012 U.S. Dist. LEXIS 180013, at *7-8 (N.D. Tex. Dec. 20, 2012) (citation and quotation omitted). Here, Movant has selected and retained BES and LK as the proposed Co-Lead Counsel for the Class and Sponsel Miller as Liaison Counsel for the Class.

As set forth in the accompanying firm résumés (Sponsel Decl., Exs. E and F), BES and LK are both highly accomplished in, and are currently acting as lead counsel in a number of, federal securities actions and have achieved many multi-million-dollar recoveries for investors. The members of the two firms have extensive experience in successfully prosecuting complex securities class actions such as this and are well-qualified to represent the Class.

Additionally, Sponsel Miller has substantial experience litigating complex actions, including within this District, and is well qualified to represent the Class as Liaison Counsel. *See* Sponsel Decl., Ex. G.

Thus, this Court may be assured that in the event that the instant Motion is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all the foregoing reasons, Movant respectfully request that the Court: (1) appoint Movants as Co-Lead Plaintiffs on behalf the Class in this Action; (2) approve Movants' selection

of BES and LK as Co-Lead Counsel for the Class and Sponsel Miller as Liaison Counsel; and

(3) grant such other and further relief as the Court may deem just and proper.

DATED: January 13, 2023               Respectfully submitted,

**SPONSEL MILLER GREENBERG PLLC**

     */s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III
Texas Bar No. 24056361/Federal ID No. 690068
Roger B. Greenberg
Texas Bar No. 08390000/Federal ID No. 3932
50 Briar Hollow Lane, Suite 370 W
Houston, Texas 77027
Telephone: (713) 892-5400
Facsimile: (713) 892-5401
sponsel@smglawgroup.com
roger@smglawgroup.com

*Proposed Liaison Counsel for the Class*

**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato
Marion C. Passmore
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone:  (415) 568-2124
Facsimile:  (212) 214-0506
Email:  fortunato@bespc.com
          passmore@bespc.com

*Counsel for Movants Bryan Harlan, Robert Sklodowski, Jr., and Kristi Berry and Proposed Co-Lead Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton
55 Broadway, 10th Floor
New York, NY 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Michael Saunders and Proposed Co-Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I, Thane Tyler Sponsel III, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 13th day of January, 2023.

*/s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III
