UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| MEI PANG, Individually and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>vs.<br><br>MICHAEL LEVITT, MICHAEL TRZUPEK, AND DENISE STERLING,<br><br>                     Defendants. | Civil Action No. 1:22-cv-01191-LY |

DAVID A. MICHAELS, BARRY L. BRADFORD, AND ALLEN COTTON'S OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS

Five lead plaintiff motions were filed by investors seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) Morgan Hoffman; (2) David A. Michaels, Barry L. Bradford, and Allen Cotton (the "Michaels Group"); (3) Bryan Harlan, Michael Saunders, Robert Sklodowski, Jr., and Kristi Berry (the "Harlan Group"); (4) David Hughes; and (5) Jacob Lerman.[1]  *See* ECF 17, 18, 20, 22, 23.  The Michaels Group should be appointed Lead Plaintiff since the only movant that claims a larger financial interest admits that he filed a false Certification and overstated his losses by hundreds of thousands of dollars.

The PSLRA directs courts to "adopt a presumption that the most adequate plaintiff" is the person that "has the largest financial interest in the relief sought by the class" *and* "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Here, based on the submissions, Morgan Hoffman claims the largest financial interest in the relief sought by the class:

| Movant | Claimed Financial Interest |
|---|---|
| Morgan Hoffman | $834,995 |
| The Michaels Group | $653,409 |
| ~~The Harlan Group~~ | ~~$545,816~~ |
| ~~Mr. Hughes~~ | ~~$439,181~~ |
| ~~Mr. Lerman~~ | ~~$81,847~~ |

Late this afternoon (the day that oppositions were due), Mr. Hoffman's counsel indicated that Mr. Hoffman's Certification was inaccurate and that his claimed financial interest was overstated by several hundred thousand dollars.[2]  Such material errors in a movant's certification and loss

---

[1]  The Harlan Group, Mr. Hughes, and Mr. Lerman have filed notices of non-opposition to the competing motions.  *See* ECF 30-32.

[2]  Due to Mr. Hoffman's failure to timely provide a revised Certification or loss figures, the Michaels Group has been deprived of the opportunity to oppose Mr. Hoffman's motion on its merits. Such gamesmanship should not be countenanced.

calculations can alone be disqualifying.³  *See, e.g.*, *Karp v. Diebold Nixdorf, Inc.*, 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019) ("[T]he exaggerated loss totals originally submitted by the Aroras represented no slight error; it was an error of some 34%.  The error struck at the core of the PSLRA's lead plaintiff inquiry: determining which movant holds the largest financial stake in the litigation.  And, despite the relative importance of this error, the Court notes that it took the Aroras nearly two weeks to supply corrected figures."); *In re Boeing Co. Aircraft Sec. Litig.*, 2020 WL 476658, at *5 (N.D. Ill. Jan. 28, 2020) ("One of two things happened here: either the Wangs reviewed the loss charts and neglected to correct them despite errors that should have been obvious to them based on their own trading, or they didn't review the loss charts at all. Under either scenario, their failure to discover these obvious errors independently warrants a determination that the Wangs will not be adequate representatives of the class.").

Regardless, depending on what Mr. Hoffman's revised financial interest is, Mr. Hoffman may not actually possess the largest financial interest or satisfy the adequacy and typicality requirements and thus would not be entitled to the lead plaintiff presumption.  If he does not possess the largest financial interest, then the Michaels Group is the presumptive most adequate plaintiff and since no movant can rebut this presumption, the Michaels Group should be appointed Lead Plaintiff.

In sum, based on Mr. Hoffman's admissions, it appears that he is subject to disqualifying unique defenses and may not even be the movant with the largest financial interest.  The Michaels

---

³  Moreover, most of Mr. Hoffman's claimed losses are ***not*** from purchases of Core Scientific securities, but rather from what Mr. Hoffman describes in a footnote as "[m]erger conversion shares" – *i.e.*, a different financial instrument that was converted into Core Scientific, Inc. shares. ECF 17-2. Despite an email request from the Michaels Group's counsel, Mr. Hoffman's counsel did not provide additional information regarding the nature of Mr. Hoffman's investment.  Without such information, it is not possible to ensure Mr. Hoffman satisfies the typicality requirement and is not subject to any unique defenses beyond those related to the inaccurate Certification and overstated losses.

Group will more comprehensively address these issues when Mr. Hoffman actually provides accurate information to the Court.

DATED: January 27, 2023　　　　　　　　　Respectfully submitted,

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)

　　　　　　　*s/ Joe Kendall*
　　　　　　　JOE KENDALL

3811 Turtle Creek Blvd., Suite 1450
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel

ROBBINS GELLER RUDMAN
　& DOWD LLP
JUAN CARLOS SANCHEZ
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
jsanchez@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN
PAVITHRA RAJESH
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com
prajesh@glancylaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 3 -

THE LAW OFFICES OF FRANK R. CRUZ
FRANK R. CRUZ
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: 310/914-5007
fcruz@frankcruzlaw.com

Additional Counsel for Allen Cotton

- 4 -

- 5 -

## CERTIFICATE OF SERVICE

I caused the filing of the foregoing document and attached exhibits through the Court's CM/ECF system on January 27, 2023, which will serve all counsel of record.

        *s/ Joe Kendall*
        JOE KENDALL