UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |
|---|---|
| MEI PANG, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL LEVITT, MICHAEL TRZUPEK, and DENISE STERLING,<br><br>    Defendants. | Case No. 1:22-cv-01191-LY |

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION
OF DAVID HUGHES FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF COUNSEL

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ........................................................................................................................... 4

I.     HUGHES SHOULD BE APPOINTED LEAD PLAINTIFF ............................................ 4

          A.     Hughes Has the "Largest Financial Interest" in the Action of any Eligible
                Movant ..................................................................................................................... 4

          B.     Hughes Otherwise Satisfies the Requirements of Rule 23 .................................... 5

II.    HUGHES'S SELECTION OF COUNSEL SHOULD BE APPROVED .......................... 6

III.   THE COMPETING MOTIONS SHOULD BE DENIED ................................................. 6

          A.     Errors in Hoffman's Motion Papers Render Him Inadequate ............................... 6

          B.     The Michaels Group and the Harlan Group Are Inadequate Because they are
                Improper Groups ..................................................................................................... 8

CONCLUSION ...................................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abouzied v. Applied Optoelectronics, Inc.*, No. 4:17-CV2399,
    2018 WL 539362 (S.D. Tex. Jan. 22, 2018) ..................................................................3, 8

*Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB),
    2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) .........................................................................5

*Giovagnoli v. Globalscape, Inc.*, Civil Action No. SA-17-CV-753-XR,
    2017 U.S. Dist. LEXIS 232558 (W.D. Tex. Nov. 6, 2017) ...................................................4

*In re Boeing Co. Aircraft Sec. Litig.*, No. 19-cv-02394,
    2020 WL 476658 (N.D. Ill. Jan. 28, 2020) ..........................................................................7

*In re E.Spire Comms., Inc., Sec. Litig.*,
    231 F.R.D. 207 (D. Md. 2000) ............................................................................................10

*In re Vonage Initial Pub. Offering Secs. Litig.*, No. 07-177 (FLW),
    2007 WL 2683636 (D.N.J. Sept. 6, 2007) ...........................................................................7

*In re Waste Mgmt., Inc. Sec. Litig.*,
    128 F. Supp. 2d 401 (S.D. Tex. 2000) ..............................................................................3, 8

*James v. City of Dallas, Tex.*,
    254 F.3d 551 (5th Cir. 2001) ...............................................................................................5

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007),
    *on reconsideration in part sub nom.*,
    *In re IMAX Sec. Litig.*, No. 06CIV6128,
    2009 WL 1905033 (S.D.N.Y. June 29, 2009) .......................................................................5

*Marcus v. J.C. Penney Co.*, No. 6:13-CV-736,
    2014 WL 11394911 (E.D. Tex. Feb. 28, 2014) ....................................................................8

*Peters v. Jinkosolar Holding Col., Ltd.*, No. 11 Civ. 7133(JPO),
    2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) ......................................................................10

*Plaut v. Goldman Sachs Grp., Inc.*, No. 18 Civ. 12084 (VSB),
    2019 WL 4512774 (S.D.N.Y. Sept. 19, 2019) ......................................................................8

*Ramzan v. GDS Holdings, Ltd.*, No. 4:18CV539-ALM-KPJ,
    2018 U.S. Dist. LEXIS 183758 (E.D. Tex. Oct. 26, 2018) ...................................................5

*Rodriguez v. DraftKings Inc.*, No. 21 CIV. 5739 (PAE),
    2021 WL 5282006 (S.D.N.Y. Nov. 12, 2021) ...............................................................2, 7, 8

*Tomaszewski v. Trevena, Inc.*,
    383 F. Supp. 3d 409 (E.D. Pa. 2019) ...................................................................................2, 7

*Tran v. XBiotech Inc.*, No. A-15-CA-01083-SS,
    2016 U.S. Dist. LEXIS 22279 (W.D. Tex. Feb. 23, 2016) ......................................................4

## Statutes

15 U.S.C. § 78u-4 ...............................................................................................................2, 4, 5

PSLRA .............................................................................................................................. *passim*

## Rules

Fed. R. Civ. P. 23 ............................................................................................................. *passim*

Movant Hughes[1] hereby respectfully submits this Reply Memorandum of Law in further support of his motion for appointment as Lead Plaintiff and approval of his selection of Pomerantz as Lead Counsel for the Class in this Action (Dkt. No. 20); and in opposition to the competing motions of: (i) Morgan Hoffman ("Hoffman") (Dkt. No. 17); (ii) David A. Michaels, Barry L. Bradford, and Allen Cotton (collectively, the "Michaels Group") (Dkt. No. 18); and (iii) Bryan Harlan, Michael Saunders, Robert Sklodowski, Jr., and Kristi Berry (collectively, the "Harlan Group") (Dkt. No. 23).[2]

## PRELIMINARY STATEMENT

On January 13, 2023, several putative Class members or groups thereof—including Hughes, Hoffman, the Michaels Group, and the Harlan Group—filed competing motions seeking appointment as Lead Plaintiff in this Action. *See generally* Dkt. Nos. 17-18, 20, 23.  In their motion papers, Hoffman, the Michaels Group, and the Harlan Group each alleged a larger financial interest in this litigation than Hughes, as set forth below:

| Movant | Loss |
|--------|------|
| Hoffman | $834,995 |
| Michaels Group | $635,409 |
| Harlan Group | $545,816 |
| Hughes | $439,181 |

It was clear from the Michaels Group's and the Harlan Group's motion papers that both groups were attorney-created assemblages of unrelated investors, and thus inadequate to serve as Lead Plaintiff under Rule 23 (as discussed in greater detail below).  Nonetheless, the initial motion papers submitted by Hoffman, the movant claiming the largest financial interest, gave no

---

[1] Unless otherwise specified, all capitalized terms are defined Hughes's motion brief.  *See* Dkt. No. 20.

[2] Although the Harlan Group filed a notice of non-opposition to the competing motions on January 27, 2023 (Dkt. No. 31), Hughes recognizes that the belatedly disclosed errors in Hoffman's motion papers might cause the Harlan Group to change its posture with respect to non-opposition.  Accordingly, Hughes addresses the Harlan Group's motion herein.

indication that Hoffman was inadequate, atypical, and/or subject to disqualifying unique defenses. Hoffman thus appeared, at that time, to be the presumptive "most adequate plaintiff" of the Class in this litigation under the PSLRA.  Accordingly, notwithstanding the evident inadequacy of the Michaels Group and the Harlan Group, on January 27, 2023, Hughes filed a Notice of Non-Opposition, in which Hughes acknowledged that he did "not appear to have the 'largest financial interest' in this litigation within the meaning of the PSLRA[,]" while expressly stating that, "[t]o the extent that denial of any of the competing motions appears warranted, Hughes remains ready and able to serve as the Lead Plaintiff on behalf of the Class."  Dkt. No. 32 at 1.

Hours after Hughes filed his Notice of Non-Opposition, Hoffman filed his opposition to the other lead plaintiff motions.  *See generally* Dkt. Nos. 34-35.  Hoffman's opposition papers included an "amended certification" and "amended loss chart" (Dkt. Nos. 35-1, 35-2), which corrected errors in the corresponding documents submitted with his initial motion papers (Dkt. No. 17-2 at *5-12).  These corrections acknowledged that Hoffman's initial Certification, in which Hoffman attested ***under penalty of perjury*** that the schedule of transactions appended thereto "lists all of my transactions in Core Scientific securities during the Class Period, as specified in the Complaint" (Dkt. No. 17-2 at *5), was inaccurate.  Moreover, the errors were significant enough to reduce Hoffman's claimed loss by almost $160,000, from $834,995 to $676,030.

The Court must appoint as Lead Plaintiff the movant with the largest financial interest in the outcome of the Action; ***and*** who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Although Hoffman claims the largest financial interest, the belatedly disclosed errors in Hoffman's initial motion papers plainly warrant denial of his motion.  *See*, *e.g.*, *Rodriguez v. DraftKings Inc.*, No. 21 CIV. 5739 (PAE), 2021 WL 5282006, at *6, *9 (S.D.N.Y. Nov. 12, 2021); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409,

414 (E.D. Pa. 2019).  After Hoffman, the Michaels Group and the Harlan Group respectively claim the second- and third-largest financial interests, but both groups are likewise inadequate and thus disqualified from consideration because they are improper attorney-created groups.  *See, e.g.*, *Abouzied v. Applied Optoelectronics, Inc.*, No. 4:17-CV2399, 2018 WL 539362, at \*5 (S.D. Tex. Jan. 22, 2018); *In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 413 (S.D. Tex. 2000).

Accordingly, the movant with the greatest financial interest in this litigation **and** who satisfies the requirements of Rule 23—*i.e.*, the presumptive Lead Plaintiff—is Hughes.  Having incurred a loss of approximately $439,181 as a result of the Defendants' alleged misconduct, Hughes has the largest financial interest of any eligible movant.  Hughes also satisfies the adequacy and typicality requirements of Rule 23.  Hughes is aware of no conflict between his interests and those of the Class, his significant losses give him a sufficient stake in the outcome of this Action to ensure vigorous advocacy, and, in Pomerantz, Hughes has retained qualified and experienced counsel.  Further demonstrating his adequacy, Hughes has submitted a detailed Declaration providing the Court with biographical information about himself and attesting to, *inter alia*, his understanding of the significance of his motion, the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, and his readiness to shoulder these responsibilities on behalf of the Class. *See generally* Dkt. No. 21-4.  Hughes, like other Class members, purchased Core Scientific securities at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon disclosure of those misrepresentations or omissions.

No competing movant has challenged the quantum of Hughes's financial interest, nor argued that he is inadequate, atypical, or otherwise ineligible for appointment.  Accordingly, Hughes respectfully submits that the Court should appoint him Lead Plaintiff for the Class and deny the competing motions.

**ARGUMENT**

**I.     HUGHES SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has either filed the complaint or made a [timely] motion" for appointment, "has the largest financial interest in the relief sought by the class," ***and*** "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must make a *prima facie* showing that he satisfies the requirements of Rule 23. *See Tran v. XBiotech Inc.*, No. A-15-CA-01083-SS, 2016 U.S. Dist. LEXIS 22279, at *5-6 (W.D. Tex. Feb. 23, 2016). Once this presumption is triggered, it may be rebutted only upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, the most adequate plaintiff is Hughes.

**A.     Hughes Has the "Largest Financial Interest" in the Action of any Eligible Movant**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." *Id.* § 78u-4(a)(3)(B)(iii). While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in this District and the Firth Circuit recognize that the amount of financial loss is the most significant factor to be considered. *See, e.g.*, *Giovagnoli v. Globalscape, Inc.*, Civil Action No. SA-17-CV-753-XR, 2017 U.S. Dist. LEXIS 232558, at *7-8 (W.D. Tex. Nov. 6, 2017).

Under the foregoing analysis, no movant eligible for appointment has claimed a larger loss than Hughes, who incurred a loss of $439,181 in connection with his Class Period purchases of Core Scientific securities. Although Hoffman, the Michaels Group, and the Harlan Group all claim

to have incurred larger losses than Hughes, these three competing movants are inadequate under Rule 23, and thus disqualified from consideration, as discussed *infra* at Section III.

**B.      Hughes Otherwise Satisfies the Requirements of Rule 23**

Hughes has also made the requisite *prima facie* showing that he satisfies the typicality and adequacy requirements of Rule 23.  *See Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007), *on reconsideration in part sub nom. In re IMAX Sec. Litig.*, No. 06CIV6128, 2009 WL 1905033 (S.D.N.Y. June 29, 2009).  First, Hughes's claims satisfy the typicality requirement of Rule 23(a)(3) because his claims against Defendants are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.  *James v. City of Dallas, Tex.*, 254 F.3d 551, 571 (5th Cir. 2001).  Second, Hughes satisfies the adequacy requirement of Rule 23(a)(4) because he has a "sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Ramzan v. GDS Holdings, Ltd.*, No. 4:18CV539-ALM-KPJ, 2018 U.S. Dist. LEXIS 183758, at *9 (E.D. Tex. Oct. 26, 2018).  Further demonstrating his adequacy, Hughes has submitted a detailed Declaration providing the Court with biographical information about himself and attesting to, *inter alia*, his understanding of the significance of his motion, the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, and his readiness to shoulder these responsibilities on behalf of the Class.  *See generally* Dkt. No. 21-4.

* * * * *

Because Hughes has the largest financial interest of any eligible Lead Plaintiff applicant in the relief sought by the Class and otherwise satisfies the requirements of Rule 23, he is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA.

To overcome the strong presumption entitling Hughes to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate.  15 U.S.C. § 78u-

4(a)(3)(B)(iii)(II) (emphasis added).   No such proof exists in this case and any speculative arguments to the contrary should be flatly rejected.

## II.   HUGHES'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See id.* § 78u-4(a)(3)(B)(v).  The Court should interfere with the Lead Plaintiff's selection only when necessary to "protect the interests of the class."  *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Hughes has selected Pomerantz as Lead Counsel and BLF as Liaison Counsel for the Class.  As its resume reflects, Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors.  *See* Dkt. No. 21-5.  BLF likewise specializes in securities class action matters, and its attorneys have significant experience and familiarity with the local rules and practice norms of the federal courts of Texas.  *See* Dkt. No. 21-6.   Thus, the Court may be assured that by approving Hughes's selection of counsel, the members of the Class will receive the best legal representation available.

## III.   THE COMPETING MOTIONS SHOULD BE DENIED

Although each of the three competing movants—Hoffman, the Michaels Group, and the Harlan Group—claims to have incurred a larger loss than Hughes in connection with the Defendants' malfeasance, none of them can trigger the "most adequate plaintiff" presumption, irrespective of their financial interests, because each of the competing movants is inadequate, for the reasons discussed below.

### A.   Errors in Hoffman's Motion Papers Render Him Inadequate

Hoffman is inadequate because his motion papers contained significant errors, including an inaccurate Certification signed under penalty of perjury and a claimed loss that Hoffman

subsequently acknowledged was overstated by nearly $160,000.  Courts routinely disqualify lead plaintiff movants for such egregious errors in their submissions, as they raise legitimate questions about the movant's fitness to supervise a complex securities case.  *See*, *e.g.*, *Rodriguez*, 2021 WL 5282006, at *6, *9 ("The slovenliness of [movant]'s submissions is undoubtedly relevant and concerning, and plays an important role in the Court's assessment of his adequacy as a putative class representative" and disqualifying said movant because, "[h]ad [movant] been serious about his responsibilities as a budding class representative, he should not have had to have been alerted to these basic errors in the first place"); *Tomaszewski*, 383 F. Supp. 3d at 414 (disqualifying movant with the largest loss when errors in sworn certification demonstrated a "substantial degree of carelessness and raise[d] doubt as to whether he will fairly and adequately represent the best interests of the class"); *In re Vonage Initial Pub. Offering Secs. Litig.*, No. 07-177 (FLW), 2007 WL 2683636, at *7, *8 n.8 (D.N.J. Sept. 6, 2007) (denying motion by movant whose certification "contained incorrect trading data and loss calculations," finding it to be "plagued with misinformation"); *In re Boeing Co. Aircraft Sec. Litig.*, No. 19-cv-02394, 2020 WL 476658, at *5-6 (N.D. Ill. Jan. 28, 2020) (denying motion by movants where errors in loss calculations demonstrated that movants either knowingly submitted incorrect information or failed to review their submissions before filing).

Here, the Amended Certification submitted by Hoffman (Dkt. No. 35-1) attests to Hoffman having purchased 25,000 fewer shares of Core Scientific stock during the Class Period than he originally attested, under penalty of perjury in his initial Certification, to having purchased (Dkt. No. 17-2 at *5-8).  These errors in the original Certification had the effect of overstating Hoffman's loss by a total of $158,965, or roughly 19%.  In response, Hoffman has casually dismissed these glaring errors as "minor".  Dkt. No. 34 at 1 n.2.  Yet "[m]inor or not . . . the[se] errors 'nonetheless

speak[] to a level of carelessness' that rightly calls into doubt [Hoffman]'s adequacy to be lead plaintiff." *Rodriguez*, 2021 WL 5282006, at *9 (quoting *Plaut v. Goldman Sachs Grp., Inc.*, No. 18 Civ. 12084 (VSB), 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019)).[3]

### B.   The Michaels Group and the Harlan Group Are Inadequate Because they are Improper Groups

The Michaels Group and the Harlan Group are both inadequate under Rule 23, and therefore ineligible for appointment as Lead Plaintiff, because both groups are transparently attorney-driven constructs of investors lacking any pre-litigation relationship.  Courts in the Fifth Circuit routinely deny lead plaintiff motions filed by such artificial groups, finding their appointment to be contrary to the purposes of the PSLRA.  *See, e.g.*, *Abouzied*, 2018 WL 539362, at *5 (denying motion by investor group whose members had "no pre-litigation relationship with each other based on more than the losing investments at issue in this case" and finding that the circumstances demonstrated "that legal counsel for the group cobbled the movants together"); *Waste Mgmt*, 128 F. Supp. 2d at 413 (denying motion by investor group, finding that "too loose a definition of 'group' would result in the manipulation and manufacturing of enormous groups of unrelated investors . . . in order to obtain appointment of an uncohesive, disparate, and thus weakened, group of Lead Plaintiffs"); *Marcus v. J.C. Penney Co.*, No. 6:13-CV-736, 2014 WL

---

[3] Compounding the concerns raised by Hoffman's errors is the manner and timing of their subsequent disclosure. Although it is unclear when Hoffman and his counsel discovered the errors in his initial motion papers, Hoffman did not file any correction until two weeks later, on January 27, 2023—*i.e.*, just hours before the opposition deadline. However, the opposition brief filed by the Michaels Group refers to "Mr. Hoffman's counsel" having "indicated that Mr. Hoffman's Certification was inaccurate" sometime on the afternoon of January 27, 2023.  Dkt. No. 33.  Given that the Michaels Group's opposition brief was filed ***before*** Hoffman filed his corrected Certification and damages analysis later that day, the Michaels Group's filing suggests that its counsel received some separate communication from Hoffman's counsel alerting them to the error ***before*** Hoffman filed his opposition papers.  Yet ***Hughes's*** counsel was not contacted by Hoffman's counsel regarding these errors, despite the fact that Hughes's statement of non-opposition ***expressly*** stated that "[t]o the extent that denial of any of the competing motions appears warranted, Hughes remains ready and able to serve as the Lead Plaintiff on behalf of the Class."  Dkt. No. 32 at 1.  Accordingly, Hughes only learned of the errors in Hoffman's papers after filing his Notice of Non-Opposition and thus lacked an opportunity to respond.

11394911, at *6 (E.D. Tex. Feb. 28, 2014) (denying motion where movant group "failed to show that the individuals had any pre-existing relationship prior to filing their motion" and finding that "conclusory" statements in group's declarations did "not reassure the Court that the group members will actually be able to function effectively to manage this litigation.").

Here, Hoffman has extensively discussed in his opposition brief the litany of reasons why the fact that the Michaels Group and the Harlan Group were assembled by their respective counsel renders the two groups inadequate (*see* Dkt. No. 34 at 5-10), and Hughes joins in Hoffman's arguments on these points.   The groups' respective Joint Declarations, which supposedly demonstrate their adequacy, are mere boilerplate recitations bereft of any indication that these investors knew one another prior to the filing of their motion, leaving the only reasonable inference that they were introduced to one another by counsel.   The Michaels Group's ability to function cooperatively and cohesively is undermined by the fact that its Joint Declaration attests to no dispute-resolution mechanism.   Conversely, the Harlan Group's purported dispute-resolution mechanism simply entrusts one member, Mr. Harlan, with making all decisions.   The fact that the group's other members have relinquished all authority to Mr. Harlan illustrates their lack of meaningful engagement in this litigation and underscores the fact that the sole purpose of the group is to aggregate its members' losses.   Demonstrating the hasty and slipshod assemblage of the group, Mr. Harlan only appears to have signed the Joint Declaration on January 14, 2023—the day ***after*** the deadline to seek appointment as Lead Plaintiff in this Action—and the ***four***-member group's Joint Declaration incorrectly refers to the group as having ***three*** members.   In sum, despite their supposed cohesiveness and preparedness to work together on behalf of the Class, the two groups' Joint Declarations only demonstrate the opposite.

Courts also generally decline to appoint movant groups as lead plaintiff where doing so would deprive the ***individual*** movant with the single largest loss of a leadership role in the litigation—*i.e.*, in circumstances where the movant group does not include the individual movant with the largest loss.  *See*, *e.g.*, *In re E.Spire Comms., Inc., Sec. Litig.*, 231 F.R.D. 207, 214 (D. Md. 2000) ("This Court is not persuaded that a larger group, which claims to have suffered the largest loss because of a mechanical aggregation of those losses . . . should be preferred over a single investor, who has alleged the largest individual loss").  *Cf. Peters v. Jinkosolar Holding Col., Ltd.*, No. 11 Civ. 7133(JPO), 2012 WL 946875, at *9 (S.D.N.Y. Mar. 19, 2012) (finding appointment of lead plaintiff group consistent with purposes of PSLRA "where the group comprises the class members with, far and away, the largest financial interest of any individual or group").  Here, apart from Hoffman (who is inadequate and thus ineligible for appointment, as discussed above), Hughes has a larger loss than any individual movant, including any single member of either the Michaels Group or Harlan Group.  Accordingly, appointing either of the two groups as Lead Plaintiff would deny that role to Hughes, thus rewarding the artificial aggregation of losses and thwarting the PSLRA's intent to curb attorney-driven litigation.

## CONCLUSION

For the foregoing reasons, Hughes respectfully requests that the Court issue an Order: (1) appointing Hughes as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz as Lead Counsel and BLF as Liaison Counsel for the Class.

Dated:  February 3, 2023                           Respectfully submitted,

                                                                    */s/ Willie C. Briscoe*
                                                                    WILLIE C. BRISCOE
                                                                    State Bar Number 24001788
                                                                    THE BRISCOE LAW FIRM, PLLC
                                                                    12700 Park Central Drive, Suite 520
                                                                    Dallas, TX 75251

10

Telephone: 972-521-6868
Facsimile: 281-254-7789
wbriscoe@thebriscoelawfirm.com

*Counsel for David Hughes and*
*Proposed Liaison Counsel for the Class*

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for David Hughes and*
*Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for David Hughes*

## CERTIFICATE OF SERVICE

This is to certify that on February 3, 2023, I have caused to be filed the above and foregoing on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing.

> */s/ Willie C. Briscoe*
> WILLIE C. BRISCOE