FILED
MAR 7 2023
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MEI PANG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, § § § | |
| PLAINTIFF, § | CAUSE NO. 1:22-CV-1191-LY |
| § | |
| V. § | |
| § | |
| MICHAEL LEVITT, MICHAEL TRZUPEK, AND DENISE STERLING, § § | |
| DEFENDANTS. § | |

## ORDER ON MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPOVING SELECTION OF COUNSEL

Before the court are Motion of Movant Morgan Hoffman for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel filed January 13, 2023 (Doc. #17); Motion of David A. Michaels, Barry L. Bradford, and Allen Cotton for Appointment as Lead Plaintiff and Approval of Selection of Counsel filed January 13, 2023 (Doc. #18); and Motion and Memorandum of Law in Support of Motion of David Hughes for Appointment as Lead Plaintiff and Approval of Selection of Counsel filed January 13, 2023 (Doc. #20), along with all responses and replies.[1]

Having considered the motions, related briefing, and applicable law, the court will grant Morgan Hoffman's motion; deny David A. Michaels, Barry L. Bradford, and Allen Cotton's

---

[1] Two other movants filed timely motions for appointment as lead plaintiff but have since submitted Notices of Non-Opposition to the appointment of a lead plaintiff with a larger financial interest. (Docs. #22, 23). The court will dismiss these motions and consider only the motions of Morgan Hoffman; David A. Michaels, Barry L. Bradford, and Allen Cotton; and David Hughes.

motion, deny David Hughes's motion, and appoint Morgan Hoffman as lead plaintiff in this cause of action. The court will also approve Morgan Hoffman's selection of counsel.

## BACKGROUND

On November 14, 2022, Plaintiff Mei Pang filed a class-action complaint on behalf of all persons or entities (the "class") that purchased the securities of Core Scientific, Inc. ("Core Scientific" or the "Company") between January 3, 2022 and October 26, 2022, inclusive (the "Class Period") against Core Scientific,[2] Michael Levitt, Michael Trzupek, and Denise Sterling. *See* FED. R. CIV. P. 23. Plaintiff brings claims on behalf of the class for violations of certain sections of the Securities Exchange Act of 1934 (the "1934 Act"). *See* 15 U.S.C. §§ 78j(b), 78t(a); 17 C.F.R. § 240.10B-5 (2021).

Notice was published of the pendency of this action in compliance with the Private Securities Litigation Reform Act of 1995 ("the Act"). *See* 15 U.S.C. § 78u-4. The Act, which amended the 1934 Act and the Securities Act of 1933, governs the appointment of a lead plaintiff in a securities class action. *See* 15 U.S.C. § 78u-4(a)(3). The published notice alerted Core Scientific investors of the action and of the January 13, 2023 deadline to seek appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(I). Morgan Hoffman; David A. Michaels, Barry L. Bradford, and Allen Cotton; and David Hughes move for appointment as lead plaintiff in the case.

---

[2] On December 28, 2022, Core Scientific was voluntarily dismissed from this action after the Company declared bankruptcy.

## ANALYSIS

**Legal Standard**

The Act instructs the court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(I). In making this determination, the Act instructs the court to "adopt a presumption that the most adequate plaintiff is the person or group of persons that": (1) filed the complaint or a timely motion to be appointed as lead plaintiff; (2) "in the determination of the court, has the largest financial interest in the relief sought by the class," and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). A member of the purported plaintiff class may rebut this presumption "only upon proof" that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). A primary goal of the Act is "to have the plaintiff class, represented by a member with a substantial financial interest in the recovery as incentive, monitor the litigation to prevent its being 'lawyer-driven.'" *Strong v. AthroCare Corp.*, 2008 WL 11334942, at *3 (W.D. Tex. Dec. 10, 2008) (quoting *In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 411–12 (S.D. Tex. 2000)).

**The Most Adequate Plaintiff**

*Timely Filed Motion*

The Act requires that putative class members move for appointment as lead plaintiff within 60 days of the publication of notice regarding the action. *See* 15 U.S.C. § 78(u)(3)(A)(i)(II). Notice was published on November 14, 2022, and Morgan Hoffman; David A. Michaels, Barry L. Bradford, and Allen Cotton; and David Hughes complied with this requirement by filing their motions on January 13, 2023.

*Largest Financial Interest*

The Act does not define "largest financial interest," nor does it provide instruction on how such a determination should be made. However, courts consistently consider "approximate losses suffered" to be the "most determinative [factor] to identify the plaintiff with the largest financial loss." *See Giovagnoli v. GlobalSCAPE, Inc.*, 2017 WL 11220692, at *3 (W.D. Tex. Nov. 6, 2017). Across jurisdictions, "[t]he majority view seems to be that approximate losses should be calculated using the last-in, first-out method," under which the stocks which were acquired most recently are assumed to be the first sold. *Strong v. AthroCare*, 2008 WL 11334942, at *6 (W.D. Tex. Dec. 10, 2008)(cleaned up); *Plymouth Cnty. Retirement Sys. v. Apache Corp.*, 566 F. Supp. 3d 712, 717 (S.D. Tex. 2021) (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 n.6 (S.D.N.Y. 2007)). The court will compare Movants' approximate losses using the last in-first out method.

Morgan Hoffman claims a loss of $676,030 in connection with purchases of Core Scientific securities. Michaels, Bradford, and Cotton claim a combined loss of $653,409.

4

Hughes claims a loss of $439,181. Based on the financial data submitted in support of the movants' motions, Hoffman's reported loss is larger than the loss incurred by his competing movants, demonstrating that Hoffman "has the greatest financial interest in the litigation." *See Giovagnoli*, 2017 WL 11220692, at *3.[3]

*Rule 23 Requirements*

As Hoffman holds the largest financial interest in the litigation, he is the presumptive lead plaintiff; and the court must next evaluate whether Hoffman satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 provides that a party may serve as class representative if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). For purposes of selecting a lead plaintiff in securities class actions, the typicality and adequacy requirements of Rule 23 "are the only relevant provisions" the court must examine. *See Abouzied v. Applied Optoelecs., Inc.*, 2018 WL 539362, at *2 (S.D. Tex., Jan. 22,

---

[3] Hughes argues that Hoffman's belatedly disclosed errors in his initial certification warrants denial of his motion. In response, Hoffman argues that the minor clerical errors in his initial certification, which were corrected in his supplemental filings, are not material to his *prima facia* demonstration of typicality and adequacy under the requirements of Rule 23 of the Federal Rules of Civil Procedure. *E.g., In re SLM Corp. Sec. Litig.*, 2012 WL 209095 at *8 (S.D.M.Y. Jan. 24, 2012) ("Courts routinely reject criticisms based on errors in certifications, particularly where there is no evidence of bad faith or intent to to deceive the court or the parties.") The court agrees.

2018); *see also In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 441 (S.D. Tex. 2002) (explaining that court's analysis is "not as searching" at this stage as that required by motion for class certification). The presumptive lead plaintiff "must at least make a preliminary showing that the plaintiff has claims typical of those of the putative class and the capacity to provide adequate representation for those class members." *See Giovagnoli*, 2017 WL 11220692, at *3 (citing *In re Waste Mgmt.*, 128 F. Supp. 2d at 411).

Typicality

The typicality consideration "focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent." *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999) (quoting *Lightbourn v. County of El Paso, Tex.*, 118 F.3d 421, 426 (5th Cir. 1997)). There is no requirement that a lead plaintiff's claims be identical to the claims of other class members; "[r]ather, the critical inquiry is whether the class representative's claims have the same essential characteristics as those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) (citing *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001)).

Hoffman asserts that he shares substantially similar questions of law and fact with the members of the class and that his claims are typical of the claims of members of the class. Hoffman alleges, like all members of the class, that (1) Defendants violated the Exchange Act by publicly disseminating false and misleading statements concerning Core Scientific and its business; (2) he purchased Core Scientific shares at prices artificially inflated by Defendants' misrepresentations and omissions; and (3) he suffered a substantial financial loss. Having reviewed the pleadings and all

supporting evidence in this case, and looking beyond the pleadings to understand the claims, relevant facts, and applicable law, the court finds that Hoffman has properly asserted typicality for purposes of selecting a lead plaintiff.

Adequacy

Rule 23(a)'s adequacy requirement "mandates an inquiry into the zeal and competence of the representative's counsel and the willingness and ability of the representatives to take an active role in and control the litigation to protect the interests of absentees." *Horton v. Goose Creek ISD*, 690 F.2d 470, 484 (5th Cir. 1982). Additionally, "the class representatives [must] possess a sufficient level of knowledge and understanding to be capable of 'controlling' or 'prosecuting' the litigation." *Feder v. Electronic Data Sys. Corp.*, 429 F.3d 125, 129-30 (5th Cir. 2005) (quoting *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 482-83 (5th Cir. 2001)).

Hoffman argues that he has further demonstrated his adequacy as lead plaintiff through his selection of lead counsel. The Act states that the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Hoffman has selected The Rosen Law Firm, P.A. as Lead Counsel and Cochran Law, PLLC as Liaison Counsel. Hoffman asserts that the firms have been actively researching the class members' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against the Defendants. Hoffman further argues that the firms are experienced in the area of securities litigation and class actions and have successfully prosecuted securities litigations and securities fraud class actions on behalf of

investors, proving their skill and knowledge to prosecute this action effectively and expeditiously.

Having reviewed the relevant documents submitted by Hoffman and his counsel, the court finds that Hoffman has satisfied the adequacy requirement of Rule 23 for the purposes of choosing a lead plaintiff under the Act.

Hoffman filed a timely motion for appointment as lead plaintiff, possesses the largest financial interest in the litigation, and satisfies the Rule 23 requirements of typicality and adequacy, entitling Hoffman to the presumption of lead plaintiff in this action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). No competing movant rebuts this assumption with respect to the claims as they currently stand. The court concludes that Hoffman is the most adequate candidate to serve as lead plaintiff in this action. The court will appoint Hoffman as lead plaintiff in this action. The court will also approve Hoffman's selected counsel.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Motion of Movant Morgan Hoffman for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel filed January 13, 2023 (Doc. #17) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff Morgan Hoffman is **APPOINTED** to serve as Lead Plaintiff in the above-captioned action.

**IT IS FURTHER ORDERED** that Plaintiff Morgan Hoffman's selection of The Rosen Law Firm, P.A. as Lead Counsel for the class and Cochran Law, PLLC as Liaison Counsel for the class is **APPROVED.** *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

**IT IS FURTHER ORDERED** that Motion of David A. Michaels, Barry L. Bradford, and Allen Cotton for Appointment as Lead Plaintiff and Approval of Selection of Counsel filed January 13, 2023 (Doc. #18) is **DENIED.**

**IT IS FURTHER ORDERED** that Motion and Memorandum of Law in Support of Motion of David Hughes for Appointment as Lead Plaintiff and Approval of Selection of Counsel filed January 13, 2023 (Doc. #20) is **DENIED**.

**IT IS FURTHER ORDERED** that all other pending motions for appointment as lead plaintiff in this action (Docs. #22, 23) are **DISMISSED**.

SIGNED this ___7th___ day of March, 2023.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE