UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |
|---|---|
| MEI PANG, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>MICHAEL LEVITT, MICHAEL TRZUPEK, and DENISE STERLING,<br><br>        Defendants. | Case No. 1:22-CV-1191-DAE<br><br>CLASS ACTION |

**PLAINTIFFS' MOTION TO STRIKE
OR FOR LEAVE TO FILE SUR-REPLY**

Lead Plaintiff Morgan Hoffman ("Lead Plaintiff") and named plaintiffs Evan Achee and William J. Emanuel (together with Lead Plaintiff, "Plaintiffs") move to strike a portion of Defendants' reply memorandum (ECF No. 69, "Reply"), or alternatively, for leave to file a sur-reply, with respect to new arguments Defendants raised for the first time on Reply.

## I.      Defendants Raise a New Argument for the First Time in Their Reply

Plaintiffs filed their Amended Class Action Complaint (ECF No. 62, "Complaint") on May 5, 2023. Defendants moved to dismiss the Complaint on June 20, 2023 (ECF No. 65, "Motion"). Plaintiffs filed their opposition to Defendants' Motion on August 11, 2023 (ECF No. 67, "Opposition"). Defendants filed their Reply on September 18, 2023.

In their Motion, Defendants falsely asserted that "no Plaintiff purchased Core shares or warrants after July 2022." Motion at 19. In fact, the Complaint clearly alleges that Lead Plaintiff purchased 10,000 shares of Core Scientific, Inc. ("Core") common stock on October 19, 2022. Complaint ¶29. Based solely on their demonstrably false premise, Defendants argued that "[i]t is thus not possible that Plaintiffs invested in Core 'in reliance upon' any alleged misstatements or omissions made *after* their last purchases." Motion at 19 (emphasis in original). Defendants made no argument in their Motion that Lead Plaintiff failed to allege reliance based on his October 2022 purchases. *Id.* In the Opposition, Plaintiffs pointed out Defendants' blatant omission and argued that "Defendants' arguments based on their false premise necessarily fail." Opposition at 20. In their Reply, Defendants conceded that they "overlook[ed]" Lead Plaintiff's purchases and abandoned the argument from their Motion that Plaintiffs can not allege the element of reliance with respect to statements or omissions made after their last purchases. Reply at 11-12.

However, in their Reply, Defendants presented a new argument for the first time: that Plaintiffs cannot allege reliance because Lead Plaintiff's October 2022 purchases occurred after

1

the first partial corrective disclosure alleged in the Complaint: a September 2022 bankruptcy court filing by Celsius Networks LLC ("Celsius"). Reply at 11-12.

## II.   The Court Should Strike the New Argument or Grant Leave for Plaintiffs to File a Sur-Reply

Plaintiffs request that the Court either (A) strike the argument raised for the first time in Defendants' Reply; or (B) permit Plaintiffs an opportunity to respond to this new argument by granting leave to file a sur-reply.

As this Court has recognized, "'arguments raised for the first time in a reply brief are generally waived.'" *Wilson v. Tessmer Law Firm PLLC*, No. 5:18-cv-1056-DAE, 2021 WL 7448751, at *3 (W.D. Tex. Mar. 4, 2021) (Ezra, J.) (quoting *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) and citing *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005) (applying the waiver even to *pro se* litigants)). Accordingly, Defendants' new argument raised for the first time in their Reply is waived, and the Court should not consider it. The facts underlying Defendants' new argument—the timing of Lead Plaintiff's purchases and the timing of the September Celsius filing—were clearly alleged in the Complaint and Defendants chose not to make this argument in their Motion. They should not be permitted to sandbag Plaintiffs with a new argument in their Reply, without affording Plaintiffs an opportunity to respond.

If the Court does not strike Defendants' argument, it should grant Plaintiffs leave to file a sur-reply to address Defendants' new argument. While the Court does not permit sur-replies to be filed as a matter of right[1], "it is within the sound discretion of the courts to grant or deny leave to file such additional briefing." *Wilson*, 2021 WL 7448751 at *3 (internal citations omitted). This Court has acknowledged that "sur-replies have proven useful for courts when a response is

---

[1] *See* Fact Sheet for Senior Judge David Alan Ezra, https://www.txwd.uscourts.gov/wp-content/uploads/2023/01/Court-Fact-Sheet-for-Senior-US-District-Judge-Ezra.pdf,

necessary to the movant using the reply to: '…assert a new defense to liability….'" *Wilson*, 2021 WL 7448751 at *3 (quoting *Austin v. Kroger Texas, L.P.*, No. 3:11-cv-1169-B, 2016 WL 1322248, at *1 (N.D. Tex. 2016)). Here, Defendants have asserted a new defense to liability based on the timing of Lead Plaintiff's October 2022 purchases. To the extent the Court considers Defendants' argument, Plaintiffs must have an opportunity to rebut it.

### III.   Plaintiffs' Proposed Sur-Reply: Defendants' New Argument Fails

As an initial matter, Defendants' new argument only applies to Plaintiffs' allegations of securities fraud under Section 10(b) of the Exchange Act, and only with respect to the alleged statements and omissions contained in Core's quarterly report for the second quarter of 2022 ("22Q2 10-Q") and second quarter earnings call ("22Q2 Earnings Call"), which were each made in August 2022. Complaint ¶¶210, 223. Defendants have not contested that Plaintiffs adequately alleged reliance with respect to the alleged statements made earlier in the Class Period. Defendants initially challenged only "[m]isstatements [a]fter July 2022," contained "in ¶¶ 210-23" of the Complaint, which are the statements in the 22Q2 10-Q and 22Q2 Earnings Call. Motion at 19. Defendants' challenge was based solely on the false premise that no Plaintiff purchased shares of Core stock after July 2022, thus they could not allege reliance as to post-July 2022 statements. *Id.* Plaintiffs refuted this argument by pointing to Lead Plaintiff's October 2022 purchases. Opposition at 20. In their Reply, Defendants asserted a new argument for the first time: that Plaintiffs' claims based on the August 2022 statements fail because the omitted facts "[had] already been disclosed at the time of Plaintiffs' post-July 2022 purchase, foreclosing any claim of reliance." Reply at 12. Defendants' new argument ignores the allegations of the Complaint and has no merit.

The Complaint alleges several false and misleading statements and omissions from January 3, 2022 through August 22, 2022 (Complaint ¶¶97-106, 185-224), which artificially inflated

Core's stock price throughout the entire Class Period (January 3, 2022 through December 20, 2022). *See, e.g.,* Complaint ¶¶29-31, 255. The Complaint then alleges that the artificial inflation dissipated as "the truth gradually emerged through a series of partial disclosures." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 261 (5th Cir. 2009); *In re Cassava Scis., Inc. Sec. Litig.*, No. 1:21-CV-751-DAE, 2023 WL 3442087, at *12 (W.D. Tex. May 11, 2023) (Ezra, J.) ("partial disclosures gradually informed the market of the relevant truth").

Specifically, the Complaint alleges that: (1) on September 28, 2022, Celsius filed a motion in its bankruptcy proceedings revealing that Core had imposed improper surcharges on Celsius in violation of the parties' fixed rate agreement, Complaint ¶¶116-17; (2) on October 27, 2022, Core disclosed that the Company was considering bankruptcy due to, among other things, "the increase in electricity costs,… and the litigation with Celsius," *id.* ¶133; and (3) on December 21, 2022, Core filed for bankruptcy, *id.* ¶¶135-36. The Complaint unequivocally alleges that the September Celsius filing was only a ***partial*** revelation of the truth. Complaint ¶117 ("This public filing ***partially*** revealed to investors …. This filing demonstrated to investors for the first time the ***partially*** materialized undisclosed risk….") (emphasis added).

Indeed, Plaintiffs allege that the full scope, duration, and impact of Core's course of conduct in attempting to impose improper surcharges on its other hosting customers, beyond Celsius, was not revealed until the later Celsius filing on December 28, 2022. Complaint ¶¶120-23. Likewise, Plaintiffs allege that the undisclosed risks concealed by the alleged statements and omissions did not fully materialize until Core's bankruptcy filing on December 21, 2022. *Id.* ¶¶135-36. Accordingly, Plaintiffs allege that Core's stock price did not fully reflect the truth behind Defendants' alleged statements and omissions until the end of the Class Period. There is no basis to charge Lead Plaintiff (or other class members who purchased between partial corrective disclosures) with full knowledge of Core's scheme at the time of their purchases after September

4

28, 2022, and no reason to preclude their ability to rely on the integrity of the market.[2] Moreover, Defendants themselves argue that "[t]he September 2022 Celsius motion … did not reveal the falsity of any prior representation," Reply at 17, which completely undermines their new argument that the revelation of truth in the September filing precludes reliance based on the October purchases. They cannot have it both ways.[3]

Courts routinely hold that a plaintiff's purchases made during the Class Period but "after the first alleged partial corrective disclosure… are not … indicative of non-reliance on the alleged misstatements." *Karinski v. Stamps.com, Inc.*, No. CV 19-1828-MWF (SKx), 2020 WL 6572660, at *4 (C.D. Cal. Nov. 9, 2020); *In re Under Armour Sec. Litig.*, 631 F. Supp. 3d 285, 304 (D. Md. 2022) ("as several courts have observed, a stock purchase after a partial corrective disclosure is not *per se* evidence that a class representative … did not rely on the alleged fraudulent representations."); *see also In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 346 (S.D.N.Y. 2009) (similar). In *Under Armour*, the court found that the fact that "Plaintiffs purchased shares after Under Armour's partial disclosures in 2016 and 2017—not following the final corrective disclosure in November 2019, when 'the full truth had been disclosed to the markets' … do[es] not establish that the Plaintiffs would have continued to purchase Under Armour stock at an inflated price despite the alleged fraud." 631 F. Supp. 3d at 304 (emphasis in original) (quoting *Pirnik v. Fiat Chrysler Autos., N.V.*, 327 F.R.D. 38, 48 (S.D.N.Y. 2018)). That is precisely what happened here. As the *Under Armour* court explained: "[t]he distinction between a partial corrective disclosure and a full corrective disclosure is essential: Partial disclosures do not charge

---

[2] Plaintiffs also allege, in the alternative, that they are entitled to the presumption of reliance established in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 153 (1972).

[3] To be clear, Plaintiffs dispute both characterizations. The Complaint alleges that the September filing was a partial corrective disclosure revealing some, but not all, of the truth behind the alleged false and misleading statements and omissions.

5

the market with notice of the putative fraud, and do not necessarily preclude reliance." *Id.* at 305 n.5. Similarly, in *In re Dynex, Inc. Sec. Litig.*, 226 F.R.D. 263, 292 (S.D. Tex. 2005), the court rejected defendants' argument that a partial corrective disclosure was sufficient to defeat reliance for purchases made after the disclosure but before the full disclosure at the end of the class period.

Finally, even if the Court were to find that Lead Plaintiff could not allege reliance on the August statements based solely on his October purchases, numerous courts have held that plaintiffs alleging securities fraud based on statements predating their stock purchases can pursue claims based on statements postdating their purchases when the later statements were part of a common scheme to defraud. *E.g., In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 413 F. Supp. 2d 378, 393 (E.D. Pa. 2005); *Nicholas v. Poughkeepsie Sav. Bank/FSB*, No. 90–1607(RWS), 1990 WL 145154, at *5–6 (S.D.N.Y. Sept. 27, 1990); *In re Internap Networks Servs. Corp. Sec. Litig.*, No. 1:08-cv-03462-JOF, 2012 WL 12878579, at *2-3 (N.D. Ga. Aug. 23, 2012); *Crowell v. Ionics, Inc.*, 343 F. Supp. 2d 1, 13-14 (D. Mass. 2004). Here, there is no dispute that each of the Plaintiffs purchased shares of Core stock after the earlier alleged statements and omissions (and before any corrective disclosures). The earlier statements and the August 2022 statements were all part of a common scheme to defraud – they misrepresented or omitted the same central facts about Core's power cost pass-through scheme. Thus, Plaintiffs have adequately alleged reliance as to the August 2022 statements with or without Lead Plaintiff's October 2022 purchases.

For these reasons, to the extent the Court considers Defendants' argument raised for the first time in their Reply, that argument fails and the Court should deny Defendants' Motion.

Dated: September 22, 2023                     Respectfully submitted,

                                             **THE ROSEN LAW FIRM, P.A.**

                                             By: */s/Joshua Baker*
                                             Laurence Rosen (*pro hac vice*)

6

Phillip Kim (*pro hac vice*)
Joshua Baker (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10116
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com
Email: jbaker@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

**COCHRAN LAW, PLLC**
Stuart L. Cochran
Texas Bar No.: 24027936
8140 Walnut Hill Ln., Suite 250
Dallas, Texas 75231
Telephone: (469) 333-3405
Facsimile: (469) 333-3406
stuart@scochranlaw.com

*Liaison Counsel for Lead Plaintiff*

**THE SCHALL LAW FIRM**
Brian Schall
Rina Restaino
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Phone: (310) 301-3335
Fax: (213) 519-5876
Email: brian@schallfirm.com
Email: rina@schallfirm.com

*Additional Counsel for Lead Plaintiff*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 22, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/Joshua Baker*