**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

MEI PANG, Individually and on Behalf of
All Others Similarly Situated

        Plaintiff,

    v.

MICHAEL LEVITT, MICHAEL
TRZUPEK, and DENISE STERLING,

        Defendants.

Case No. 1:22-cv-01191-DAE

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE OR**
**FOR LEAVE TO FILE SUR-REPLY**

Defendants respectfully submit this Response to Plaintiffs' Motion to Strike or for Leave to File Sur-Reply (ECF No. 70, "Motion" or "Mot.").

Plaintiffs move to strike an argument they claim was raised for the first time in Defendants' Reply Memorandum of Law in support of their Motion to Dismiss, ECF No. 69 ("Reply"), or, in the alternative, seek leave to file a sur-reply. Although Plaintiffs are wrong that the Reply contains new argument and Defendants therefore oppose the motion to strike, Defendants do not oppose Plaintiffs' request for a sur-reply.[1]

Plaintiffs assert that Defendants' argument in their Reply concerning Plaintiffs' lack of reliance is a "new argument." Mot. at 1. Plaintiffs are wrong; the argument in question is "not a new argument, but a rebuttal argument that is proper in a reply." *Keller v. Cox Radio, Inc.*, 2009 WL 10700097, at *5 (W.D. Tex. Apr. 30, 2009). In their Motion to Dismiss, Defendants argued that Plaintiffs could not have "invested in Core *in reliance upon* any alleged misstatements or omissions made after their past purchases as is required to state a claim under Section 10(b)," which precluded Plaintiffs' claims based on statements made after July 2022. Opening Br. at 19 (emphasis added). In opposition, Plaintiffs pointed to a single post-July 2022 purchase on October 19, 2022—a purchase that was not reflected in any document attached to the Complaint. Opp. at 20. In their Reply, Defendants responded to that argument by pointing out that the October 19, 2022 purchase occurred *after* investors allegedly learned of Core's efforts to "foist" pass-through charges onto its hosting customers and so could not establish reliance either. Reply at 11-12.

The "new argument" Plaintiffs seek to strike, therefore, was simply a response to an argument raised by Plaintiffs in opposition in an effort to show they could meet the reliance requirement through a single purchase. Thus, "[b]ecause this is not a situation in which a

---

[1] Plaintiffs did not seek Defendants' consent before filing their Motion.

completely novel issue was raised for the first time in a reply," Plaintiffs' motion to strike should

be denied. *Texas All. for Retired Americans v. Hughs*, 489 F. Supp. 3d 667, 694 (S.D. Tex. 2020),

*rev'd in part, vacated in part sub nom.* 28 F.4th 669 (5th Cir. 2022).

Finally, although Defendants do not oppose Plaintiffs' sur-reply, its arguments do not

overcome the fatal defects in the Complaint's reliance allegations. *See* Opening Br. at 19; Reply

at 11-12. And at any rate, reliance aside, Plaintiffs' Complaint should be dismissed in its entirety

for all of the reasons in Defendants' Motion to Dismiss and Reply, including Plaintiffs' failure to

plead any actionable misstatement or omission, a cogent inference of scienter, and loss causation,

none of which is addressed by Plaintiffs' proposed sur-reply.

Accordingly, Plaintiffs' Motion to Strike should be denied. Defendants do not oppose

Plaintiffs' Motion to File a Sur-Reply.

Dated: September 28, 2023

Respectfully submitted,

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: */s/ John F. Bash*
John F. Bash
Texas Bar I.D. 24067504
300 W. Sixth Street, Suite 2010
Austin, TX 78701
Telephone: (737) 667-6100
Facsimile: (737) 667-6110
johnbash@quinnemanuel.com

John B. Quinn (*pro hac vice forthcoming*)
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
johnquinn@quinnemanuel.com

Jesse Bernstein (*pro hac vice forthcoming*)
Brenna Nelinson (*pro hac vice forthcoming*)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
jessebernstein@quinnemanuel.com
brennanelinson@quinnemanuel.com

*Attorneys for Defendants*

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing is being served on all counsel of record via the

Court's CM/ECF system on September 28, 2023.

*/s/ John Bash*
John Bash

4