UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

---

MEI PANG, Individually and on Behalf of
All Others Similarly Situated

        Plaintiff,

v.

MICHAEL LEVITT, MICHAEL
TRZUPEK, and DENISE STERLING, et al.,

        Defendants.

Case No. 1:22-cv-01191-DAE

---

## DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendants[1], upon personal knowledge and/or information and belief, answer Plaintiffs'[2] Amended Complaint (the "Complaint"), dated May 5, 2023 (Dkt. 62).

The Court's Order dated December 20, 2023 (Dkt. 73, the "Order") granted in part and denied in part Defendants' motion to dismiss the Complaint. The Order dismissed without prejudice all of Plaintiffs' Section 10(b) Exchange Act claims and dismissed Plaintiffs Section 11 and 14 of the Securities Act claims for all but one statement. Plaintiffs' Section 15 of the Securities Act and Section 20(a) of the Exchange Act claims were dismissed without prejudice against all defendants except for Michael Levitt. Defendants' Answer notes the Complaint

---

[1] "Defendants" means Michael Levitt, Darin Feinstein, Jarvis Hollingsworth, Matt Minnis, Stacie Olivares, Kneeland Youngblood, Patrick C. Eilers, Theodore J. Brombach, Paul Gaynor, Paul Dabbar, Colleen Sullivan, and Scott Widham. The Court's Order dismissed claims against Michael Trzupek, Denise Sterling, and Brian Neville without prejudice, thus those individuals do not join in the Answer.

[2] "Plaintiffs" means Lead Plaintiff Morgan Hoffmann and named plaintiffs Evan Achee and William J. Emanuel, individually and on behalf of all others similar situated.

allegations that the Court's Order dismissed without prejudice and to which no response is necessary.

To the extent that paragraphs in the Complaint are grouped under headings and subheadings (which are also listed in the Complaint's Table of Contents), Defendants respond generally that the headings and subheadings do not constitute factual averments requiring a response, and thus headings are not included herein. To the extent that a response is deemed necessary, Defendants deny each and every heading and subheading in the Complaint.

Except as explicitly admitted herein, Defendants deny each and every allegation of the Complaint, including, without limitation, any allegation in the unnumbered paragraph on page 1 of the Complaint, headings, subheadings, footnotes, or the prayer for relief. Defendants further answer the numbered paragraphs of the Complaint as follows.

## NATURE OF THE ACTION

1.      Defendants admit that this action purports to be a federal securities class action brought pursuant to the rules cited in paragraph 1 on behalf of a Class defined as (1) all persons and entities that purchased or acquired the publicly traded common stock or warrants of Core Scientific Inc. ("Core") or Power & Digital Infrastructure Acquisition Corp. ("XPDI"), or purchased call options or sold put options on XPDI or Core common stock, between January 3, 2022 and December 20, 2022 (the "Class Period"); and (2) all persons and entities who held the common stock of XPDI at the close of business on December 7, 2021, and were entitled to vote on the approval of the Merger (defined below) at the special meeting of XPDI stockholders on January 19, 2022.

2.      Defendants admit that Plaintiffs purport to bring the following claims on behalf of the Class: (1) claims pursuant to Sections 11 and 15 of the Securities Act of 1933 ("Securities

Act") for all persons and entities who acquired XPDI or Core publicly traded common stock or warrants pursuant or traceable to the Registration Statement issued in connection with the Merger (defined below); (2) claims pursuant to Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act") for all persons and entities who held the common stock of XPDI at the close of business on December 7, 2021, and were entitled to vote on the approval of the Merger at the special meeting of XPDI stockholders on January 19, 2022, and (3) claims pursuant to Sections 10(b) and 20(a) of the Exchange Act for all persons and entities who purchased XPDI or Core publicly traded common stock or warrants, or purchased call options or sold put options on XPDI or Core common stock, during the Class Period.

3.      Defendants admit that XPDI was a public special purpose acquisition company. Defendants further admit that XPDI and Core entered into a merger agreement in July 2021 which was approved by XPDI shareholders at a special meeting in January 2022.  Defendants further admit, based on publicly available information, that on January 3, 2022, XPDI filed a Schedule 14A Proxy Statement with the SEC and refer to that document for its contents. Defendants deny that the remaining allegations of paragraph 3 provide a complete and/or accurate description of the matters purportedly described therein.

4.      Defendants admit that the new post-merger company adopted the name Core Scientific, Inc.  Defendants further admit, based on publicly available information, that on December 30, 2021, Core's Form S4 Registration Statement was declared effective and refer to that document for its contents.  Defendants deny that the remaining allegations of paragraph 4 provide a complete and/or accurate description of the matters purportedly described therein.

5.      Defendants deny that the allegations of paragraph 5 provide a complete and/or accurate description of the matters purportedly described therein.

6.      Defendants admit that Core provides bitcoin mining facilities and services with some capacity devoted to self-mining and some to third-parties who contract with Core to host and operate machines for the third-party's benefit.   Defendants deny that the remaining allegations in paragraph 6 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in paragraph 6.

7.      Defendants admit that Core sought to obtain long-term power contracts from utility providers.   Defendants deny that the remaining allegations of paragraph 7 provide a complete and/or accurate description of the matters purportedly described therein.   To the extent the allegations in paragraph 7 were dismissed by the Court's Order, they require no response.

8.      Defendants admit that Core's hosting customers entered contracts with Core where the customer would pay fees for hosting services.   Defendants deny that the remaining allegations of paragraph 8 provide a complete and/or accurate description of the matters purportedly described therein.   To the extent the allegations in paragraph 8 were dismissed by the Court's Order, they require no response.

9.      Defendants admit that some Core customers made advance payments to Core. Defendants deny that the remaining allegations of paragraph 9 provide a complete and/or accurate description of the matters purportedly described therein.   To the extent the allegations in paragraph 9 were dismissed by the Court's Order, they require no response.

10.      Defendants deny that the allegations of paragraph 10 provide a complete and/or accurate description of the matters purportedly described therein and refer Plaintiffs to publicly available information regarding power costs.   To the extent the allegations in paragraph 10 were dismissed by the Court's Order, they require no response.

11.     Defendants deny that the allegations of paragraph 11 provide a complete and/or accurate description of the matters purportedly described therein.  To the extent the allegations in paragraph 11 were dismissed by the Court's Order, they require no response.

12.     Defendants deny that the allegations of paragraph 12 provide a complete and/or accurate description of the matters purportedly described therein.  To the extent the allegations in paragraph 12 were dismissed by the Court's Order, they require no response.

13.     Defendants deny that the allegations of paragraph 13 provide a complete and/or accurate description of the matters purportedly described therein.  To the extent the allegations in paragraph 13 were dismissed by the Court's Order, they require no response.

14.     Defendants deny that the allegations of paragraph 14 provide a complete and/or accurate description of the matters purportedly described therein.  To the extent the allegations in paragraph 14 were dismissed by the Court's Order, they require no response.

15.     Defendants admit that 24 of Core's hosting contracts were terminated in the fourth quarter of 2022.  Defendants deny that the remaining allegations of paragraph 15 provide a complete and/or accurate description of the matters purportedly described therein.  To the extent the allegations in paragraph 15 were dismissed by the Court's Order, they require no response.

16.     Defendants admit that Celsius filed a motion for civil contempt in Celsius' bankruptcy proceedings and refer to that document for its contents.  Defendants deny that the remaining allegations of paragraph 16 provide a complete and/or accurate description of the matters purportedly described therein.

17.     Defendants admit, based on publicly available information, that on October 26, 2022, Core filed a Form 8-K with the SEC and refer to that document for its contents.

Defendants deny that the remaining allegations of paragraph 17 provide a complete and/or accurate description of the matters purportedly described therein.

18.     Defendants admit that, in December 2022, Core filed for bankruptcy protection and its securities were delisted from NASDAQ.  Defendants deny that the remaining allegations of paragraph 18 provide a complete and/or accurate description of the matters purportedly described therein.

19.     Defendants admit that Celsius filed an objection to a motion filed by Core in Core's bankruptcy proceedings and refer to that document for its contents.  Defendants deny that the remaining allegations of paragraph 19 provide a complete and/or accurate description of the matters purportedly described therein.

20.     Defendants admit that Celsius filed an objection to a motion filed by Core in Core's bankruptcy proceedings and refer to that document for its contents.  Defendants deny that the allegations of paragraph 20 provide a complete and/or accurate description of the matters purportedly described therein.

21.     Defendants refer Plaintiffs to publicly available information regarding power costs and deny the remaining allegations in paragraph 21.

22.     Defendants deny the allegations in paragraph 22.

23.     Defendants admit that the Company's common stock closed at $10.43 per share at the beginning of the Class Period in January 2022 and Core's stock price was $0.05 per share before it was delisted from the NASDAQ.  Defendants further admit, based on publicly available information, that on January 3, 2022, XPDI filed a Schedule 14A Proxy Statement with the SEC and refer to that document for its contents.  Defendants deny the remaining allegations in paragraph 23.

## JURISDICTION AND VENUE

24.     Defendants deny the allegations of paragraph 24, except admit that Plaintiffs purport to bring this action pursuant to the statutes and rules cited therein.  Defendants further state that to the extent paragraph 24 asserts legal conclusions, no response is required.

25.     Defendants deny the allegations of paragraph 25 and, to the extent paragraph 25 asserts legal conclusions, no response is required.

26.     Defendants deny the allegations of paragraph 26 and, to the extent paragraph 26 asserts legal conclusions, no response is required.

27.     Defendants admit that Core's headquarters are located in this District.  Defendants deny the remaining allegations of paragraph 27 and, to the extent paragraph 27 asserts legal conclusions, no response is required.

28.     Defendants deny the allegations of paragraph 28 and, to the extent paragraph 28 asserts legal conclusions, no response is required.

## PARTIES

29.     Defendants deny that Core common stock was sold at "artificially inflated prices during the Class period" and Hoffman was "damaged thereby."  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 29.  To the extent paragraph 29 asserts legal conclusions, no response is required.

30.     Defendants deny that Core common stock was sold at "artificially inflated prices during the Class period" and Achee was "damaged thereby."  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 30.  To the extent paragraph 30 asserts legal conclusions, no response is required.

31.     Defendants deny that Core common stock was sold at "artificially inflated prices during the Class period" and Emanuel was "damaged thereby."  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 31.  To the extent paragraph 31 asserts legal conclusions, no response is required.

32.     Defendants admit the allegations in paragraph 32, except deny that Mr. Levitt has served as Core's Chief Executive officer since 2021.

33.     The Court's Order dismissed Plaintiffs' claims pertaining to Michael Trzupek. Thus, a response to paragraph 33 is not required.  To the extent a response is required, Defendants admit the allegations in paragraph 33.

34.     The Court's Order dismissed Plaintiffs' claims pertaining to Denise Sterling. Thus, a response to paragraph 34 is not required.  To the extent a response is required, Defendants admit the allegations in paragraph 34.

35.     Defendants admit the allegations in paragraph 35.

36.     The Court's Order dismissed Plaintiffs' claims pertaining to Brian Neville.  Thus, a response to paragraph 36 is not required.  To the extent a response is required, Defendants admit the allegations in paragraph 36.

37.     Defendants admit the allegations in paragraph 37.

38.     Defendants admit the allegations in paragraph 38.

39.     Defendants admit the allegations in paragraph 39.

40.     Defendants admit the allegations in paragraph 40, except deny that Mr. Youngblood served as the chair of the Audit Committee of Core's board of directors.

41.     Defendants admit the allegations in paragraph 41.

42.     Defendants admit the allegations in paragraph 42.

43.     Defendants admit the allegations in paragraph 43.

44.     Defendants admit the allegations in paragraph 44.

45.     Defendants admit the allegations in paragraph 45.

46.     Defendants admit the allegations in paragraph 46.

47.     Defendants deny that the allegations of paragraph 47 provide a complete and/or accurate description of the matters purportedly described therein, except admit that Levitt, Feinstein, Hollingsworth, Minnis, Olivares, and Youngblood became directors of the Company upon the completion of the Merger.  Defendants admit, based on publicly available information, that on January 3, 2022, XPDI filed a Schedule 14A Proxy Statement with the SEC and refer to that document for its contents.  Defendants further state that to the extent paragraph 47 asserts legal conclusions, no response is required. To the extent the allegations in paragraph 47 were dismissed by the Court's Order, they require no response.

48.     Defendants deny that the allegations of paragraph 48 of the Complaint provide a complete and/or accurate description of the matters purportedly described therein, except admit that Eilers, Brombach, Gaynor, Dabbar, Sullivan, and Widham were directors of the Company prior to the Merger.  Defendants admit, based on publicly available information, that on January 3, 2022, XPDI filed a Schedule 14A Proxy Statement with the SEC and refer to that document for its contents.  Defendants further admit, based on publicly available information, that on December 30, 2021, Core's Form S4 Registration Statement was declared effective and refer to that document for its contents.  Defendants further state that to the extent paragraph 48 asserts legal conclusions, no response is required. To the extent the allegations in paragraph 48 were dismissed by the Court's Order, they require no response.

49.     Defendants deny the allegations of paragraph 49 and, to the extent paragraph 49 asserts legal conclusions, no response is required.

50.     Defendants deny that each of the defendants was "aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or approved or ratified these statements in violation of the federal securities laws."  Defendants deny that remaining the allegations of paragraph 50 provide a complete and/or accurate description of the matters purportedly described therein.  Defendants further state that to the extent paragraph 50 asserts legal conclusions, no response is required. To the extent the allegations in paragraph 50 were dismissed by the Court's Order, they require no response.

## A BRIEF PRIMER ON BLOCKCHAIN, CRYPTOCURRENCY, AND DIGITAL ASSET MINING

51.     Defendants deny that the allegations in paragraph 51 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 51.

52.     Defendants deny that the allegations in paragraph 52 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 52.

53.     Defendants deny that the allegations in paragraph 53 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 53.

54.     Defendants deny that the allegations in paragraph 54 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 54.

55.     Defendants deny that the allegations in paragraph 55 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 55.

56.     Defendants deny that the allegations in paragraph 56 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 56.

57.     Defendants deny that the allegations in paragraph 57 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 57.

58.     Defendants deny that the allegations in paragraph 58 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 58.

59.     Defendants deny that the allegations in paragraph 59 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 59.

60.     Plaintiffs provide no source from which to verify the allegations in paragraph 60. Defendants are therefore without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, on this basis, denies them.

61.     Plaintiffs provide no source from which to verify the allegations in paragraph 61. Defendants are therefore without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, on this basis, denies them.

62.     Defendants deny that the allegations in paragraph 62 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 62.

63.     Defendants deny that the allegations in paragraph 63 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 63.

64.     Defendants deny that the allegations in paragraph 64 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 64.

65.     Defendants deny that the allegations in paragraph 65 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 65.

66.     Defendants deny that the allegations in paragraph 66 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 66.

67.     Defendants deny that the allegations in paragraph 67 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 67.

68.     Plaintiffs provide no source from which to verify the allegations in paragraph 68. Defendants are therefore without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, on this basis, denies them.

## RELEVANT NON-PARTY CORE SCIENTIFIC, INC.

69.     Defendants admit the allegations in paragraph 69.

70.     Defendants admit the allegations in paragraph 70, except deny that Lead Plaintiff's proof of claim is Claim No. 49.

71.     Defendants admit that Plaintiffs do not bring claims against Core at this time. Defendants deny the remaining allegations in paragraph 71.  Defendants further state that to the extent paragraph 71 asserts legal conclusions, no response is required.

## Company Background

72.     Defendants admit the allegations in paragraph 72.

73.     Defendants admit that Core began digital asset mining in July 2018.  Defendants deny that remaining the allegations of paragraph 73 provide a complete and/or accurate description of the matters purportedly described therein.

74.     Defendants admit, based on publicly available information, that on January 3, 2022, XPDI filed a Schedule 14A Proxy Statement with the SEC and refer to that document for its contents.  Defendants admit, based on publicly available information, that on March 30, 2022, Core filed a Form 10-K Annual Report with the SEC and refer to that document for its contents. Defendants admit, based on publicly available information, that on August 22, 2022, Core filed a Form 10-Q Quarterly Report with the SEC and refer to that document for its contents.

75.     Defendants admit, based on publicly available information, that on March 30, 2022, Core filed a Form 10-K Annual Report with the SEC and refer to that document for its contents.

76.     Defendants admit the allegations in paragraph 76.

77.     Defendants admit the allegations in paragraph 77.

78.     Defendants admit the allegations in paragraph 78.

79.     Defendants admit the allegations in paragraph 79.

80.     Defendants admit that Core's "Hosting and Equipment Sales" business consists primarily of its blockchain infrastructure and third-party hosting business and equipment sales. Defendants deny that remaining the allegations of paragraph 80 provide a complete and/or accurate description of the matters purportedly described therein.

81.     Defendants admit the allegations in paragraph 81.

82.     Defendants admit the allegations in paragraph 82.

**XPDI and Core's De-SPAC Transaction (the "Merger")**

83.     Defendants admit, based on publicly available information, that on January 22, 2021, XPDI filed a Form S-1 Registration Statement with the SEC and refer to that document for its contents.

84.     Defendants admit, based on publicly available information, that on January 22, 2021, XPDI filed a Form S-1 Registration Statement with the SEC and refer to that document for its contents.

85.     Defendants admit the allegations in paragraph 85.

86.     Defendants admit the allegations in paragraph 86.

87.     Defendants admit the allegations in paragraph 87.

88.     Defendants admit the allegations in paragraph 88.

89.     Defendants admit the allegations in paragraph 89.

90.     Defendants admit the allegations in paragraph 90.

91.     Defendants admit the allegations in paragraph 91.

92.     Defendants admit, based on publicly available information, that on January 3, 2022, XPDI filed a Schedule 14A Proxy Statement with the SEC and refer to that document for its contents.

## PLAINTIFFS' ALLEGATIONS

93.     Defendants admit, based on publicly available information, that on January 3, 2022, XPDI filed a Schedule 14A Proxy Statement with the SEC and refer to that document for its contents.

94.     Defendants admit, based on publicly available information, that on December 30, 2021, Core's Form S4 Registration Statement was declared effective and refer to that document for its contents.  Defendants further admit, based on publicly available information, that on January 3, 2022, Core filed a Form 424B3 Prospectus with the SEC and refer to that document for its contents.

95.     Defendants admit, based on publicly available information, that on January 3, 2022, XPDI filed a Schedule 14A Proxy Statement with the SEC and refer to that document for its contents.  Defendants further admit, based on publicly available information, that on December 30, 2021, Core's Form S4 Registration Statement was declared effective and refer to that document for its contents.

96.     Defendants admit, based on publicly available information, that on January 3, 2022, XPDI filed a Schedule 14A Proxy Statement with the SEC and refer to that document for

its contents. Defendants further admit, based on publicly available information, that on December 30, 2021, Core's Form S4 Registration Statement was declared effective and refer to that document for its contents.

97.     Defendants admit, based on publicly available information, that on January 3, 2022, XPDI filed a Schedule 14A Proxy Statement with the SEC and refer to that document for its contents. Defendants further admit, based on publicly available information, that on December 30, 2021, Core's Form S4 Registration Statement was declared effective and refer to that document for its contents.

98.     Defendants refer Plaintiffs to publicly available information regarding power costs and deny the remaining allegations in paragraph 98.

99.     Defendants admit, based on publicly available information, that on January 3, 2022, XPDI filed a Schedule 14A Proxy Statement with the SEC and refer to that document for its contents. Defendants further admit, based on publicly available information, that on December 30, 2021, Core's Form S4 Registration Statement was declared effective and refer to that document for its contents.

100.    Defendants deny the allegations in paragraph 100.

101.    Defendants admit, based on publicly available information, that on January 3, 2022, XPDI filed a Schedule 14A Proxy Statement with the SEC and refer to that document for its contents. Defendants further admit, based on publicly available information, that on December 30, 2021, Core's Form S4 Registration Statement was declared effective and refer to that document for its contents.

102.    Defendants refer Plaintiffs to publicly available information regarding power costs and deny the remaining allegations in paragraph 102.

103.    Defendants admit, based on publicly available information, that on January 3, 2022, XPDI filed a Schedule 14A Proxy Statement with the SEC and refer to that document for its contents.   Defendants further admit, based on publicly available information, that on December 30, 2021, Core's Form S4 Registration Statement was declared effective and refer to that document for its contents.

104.    Defendants deny the allegations in paragraph 104.

105.    Defendants admit, based on publicly available information, that on January 3, 2022, XPDI filed a Schedule 14A Proxy Statement with the SEC and refer to that document for its contents.   Defendants further admit, based on publicly available information, that on December 30, 2021, Core's Form S4 Registration Statement was declared effective and refer to that document for its contents.

106.    Defendants refer Plaintiffs to publicly available information regarding power costs and deny the remaining allegations in paragraph 106.

107.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 107.  Thus, a response to paragraph 107 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 107.

108.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 108.  Thus, a response to paragraph 108 is not required.  To the extent a response is required, Defendants refer Plaintiffs to the SEC's Instructions to Item 303 and deny the allegations in paragraph 108.

109.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 109.  Thus, a response to paragraph 109 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 109.

110.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 110.  Thus, a response to paragraph 110 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 110.

111.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 111.  Thus, a response to paragraph 111 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 111.

112.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 112.  Thus, a response to paragraph 112 is not required.  To the extent a response is required, Defendants deny that the allegations in paragraph 112 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 112.

113.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 113.  Thus, a response to paragraph 113 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that on December 21, 2022, Core filed a Form 8-K Report with the SEC and refer to that document for its contents. Defendants otherwise deny the allegations in paragraph 113.

114.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 114.  Thus, a response to paragraph 114 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that on August 22, 2022, Core filed a Form 10-Q Quarterly Report with the SEC and refer to that document for its contents.  Defendants deny that the allegations in paragraph 114 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 114.

115.     The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 115.  Thus, a response to paragraph 115 is not required.  To the extent a response is required, upon information and belief, Defendants admit the allegations in paragraph 115.

116.     The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 116.  Thus, a response to paragraph 116 is not required.  To the extent a response is required, Defendants deny that the allegations in paragraph 116 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 116.

117.     The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 117.  Thus, a response to paragraph 117 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 117.

118.     The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 118.  Thus, a response to paragraph 118 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 118.

119.     The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 119.  Thus, a response to paragraph 119 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 119.

120.     The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 120.  Thus, a response to paragraph 120 is not required.  To the extent a response is required, Defendants admit that Celsius filed a preliminary objection to Core's Emergency Motion for Entry of an Order Authorizing Rejection of Executory Contracts with Celsius Mining LLC and refer to that document for its contents.  Defendants deny that the allegations in paragraph 120 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 120.

121.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 121. Thus, a response to paragraph 121 is not required. To the extent a response is required, Defendants admit that Celsius filed a preliminary objection to Core's Emergency Motion for Entry of an Order Authorizing Rejection of Executory Contracts with Celsius Mining LLC and refer to that document for its contents. Defendants deny that the allegations in paragraph 121 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 121.

122.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 122. Thus, a response to paragraph 122 is not required. To the extent a response is required, Defendants admit that Celsius filed a preliminary objection to Core's Emergency Motion for Entry of an Order Authorizing Rejection of Executory Contracts with Celsius Mining LLC and refer to that document for its contents. Defendants deny that the allegations in paragraph 122 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 122.

123.    Defendants admit that Celsius filed a preliminary objection to Core's Emergency Motion for Entry of an Order Authorizing Rejection of Executory Contracts with Celsius Mining LLC and refer to that document for its contents. Defendants deny that the allegations in paragraph 123 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 123.

124.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 124. Thus, a response to paragraph 124 is not required. To the extent a response is required, Defendants deny that the allegations in paragraph 124 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 124.

125.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 125.  Thus, a response to paragraph 125 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that on April 4, 2023, Core filed a 10-K Annual Report, and refer to that document for its contents.  Defendants otherwise deny the allegations in paragraph 125.

126.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 126.  Thus, a response to paragraph 126 is not required.  To the extent a response is required, Defendants deny that the allegations in paragraph 126 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 126.

127.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 127.  Thus, a response to paragraph 127 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 127.

128.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 128.  Thus, a response to paragraph 128 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 128.

129.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 129.  Thus, a response to paragraph 129 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 129.

130.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 130.  Thus, a response to paragraph 130 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 130.

131.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 131.  Thus, a response to paragraph 131 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 131.

132.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 132.  Thus, a response to paragraph 132 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 132.

133.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 133.  Thus, a response to paragraph 133 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that on October 27, 2022, Core filed a Form 8-K Report with the SEC and refer to that document for its contents. Defendants otherwise deny the allegations in paragraph 133.

134.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 134.  Thus, a response to paragraph 134 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 134.

135.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 135.  Thus, a response to paragraph 135 is not required.  To the extent a response is required, Defendants admit to the allegations in paragraph 135.

136.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 136.  Thus, a response to paragraph 136 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 136.

137.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 137.  Thus, a response to paragraph 137 is not required.  To the extent a response is

required, Defendants deny that the allegations in paragraph 137 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 137.

138.   The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 138.  Thus, a response to paragraph 138 is not required.  To the extent a response is required, Defendants deny that the allegations in paragraph 138 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 138.

139.   The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 139.  Thus, a response to paragraph 139 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 139.

140.   The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 140.  Thus, a response to paragraph 140 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 140.

141.   Defendants admit that Core's stock price fell as low as $0.051.  Defendants deny the remaining allegations in paragraph 141.

142.   Defendants deny the allegations in paragraph 142.

143.   Defendants deny the allegations in paragraph 143.

## CLASS ACTION ALLEGATIONS

144.   Defendants admit that plaintiffs purport to bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of the class.

145.   Defendants admit that shares of Core's common stock and warrants were actively traded on the NASDAQ throughout the Class Period.  Defendants deny the remaining allegations of paragraph 145.  Defendants further state that to the extent paragraph 145 asserts legal conclusions, no response is required.

146.    Defendants deny the allegations of paragraph 146.  Defendants further state that to the extent paragraph 146 asserts legal conclusions, no response is required.

147.    Defendants deny the allegations of paragraph 147.  Defendants further state that to the extent paragraph 147 asserts legal conclusions, no response is required.

148.    Defendants deny the allegations of paragraph 148.  Defendants further state that to the extent paragraph 148 asserts legal conclusions, no response is required.

149.    Defendants deny the allegations of paragraph 149.  Defendants further state that to the extent paragraph 149 asserts legal conclusions, no response is required.

150.    Defendants deny the allegations of paragraph 150.  Defendants further state that to the extent paragraph 150 asserts legal conclusions, no response is required.

151.    Defendants deny the allegations of paragraph 151.  Defendants further state that to the extent paragraph 151 asserts legal conclusions, no response is required.

152.    Defendants deny the allegations of paragraph 152.  Defendants further state that to the extent paragraph 152 asserts legal conclusions, no response is required.

153.    Defendants deny the allegations of paragraph 153.  Defendants further state that to the extent paragraph 153 asserts legal conclusions, no response is required.

## COUNT I

154.    Defendants repeat and incorporate by reference each of their responses to the paragraphs above as if set forth fully herein.

155.    Defendants deny the allegations in paragraph 155.  Defendants further state that to the extent paragraph 155 asserts legal conclusions, no response is required.

156.    Defendants deny the allegations in paragraph 156, except admit that Plaintiffs purport to bring this action against individuals named in paragraph 156 pursuant to the statutes and rules cited therein.

157.    Defendants deny the allegations in paragraph 157.

158.    Defendants deny the allegations in paragraph 158.

159.    Defendants deny the allegations in paragraph 159.

## **COUNT II**

160.    Defendants repeat and incorporate by reference each of their responses to the paragraphs above as if set forth fully herein.

161.    Defendants deny the allegations in paragraph 161.  Defendants further state that to the extent paragraph 161 asserts legal conclusions, no response is required.

162.    Defendants deny the allegations in paragraph 162.  Defendants further state that to the extent paragraph 162 asserts legal conclusions, no response is required.

163.    Defendants deny that the allegations in paragraph 163 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 163.

164.    Defendants deny the allegations in paragraph 164.  Defendants further state that to the extent paragraph 164 asserts legal conclusions, no response is required.

165.    Defendants deny that the allegations in paragraph 165 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 165.  Defendants further state that to the extent paragraph 165 asserts legal conclusions, no response is required.

166.    Defendants deny that the allegations in paragraph 166 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 166.   Defendants further state that to the extent paragraph 166 asserts legal conclusions, no response is required.

167.    Defendants deny the allegations in paragraph 167.

## COUNT III

168.    Defendants repeat and incorporate by reference each of their responses to the paragraphs above as if set forth fully herein.

169.    Defendants deny the allegations in paragraph 169.  Defendants further state that to the extent paragraph 169 asserts legal conclusions, no response is required.

170.    Defendants deny the allegations in paragraph 170, except admit that Plaintiffs purport to bring this action against individuals named in paragraph 170 pursuant to the statutes and rules cited therein.

171.    Defendants deny the allegations in paragraph 171.

172.    Defendants admit, based on publicly available information, that on December 30, 2021, Core's Form S4 Registration Statement was declared effective and refer to that document for its contents.   Defendants deny the remaining allegations in paragraph 172.   Defendants further state that to the extent paragraph 172 asserts legal conclusions, no response is required.

173.    Defendants deny the allegations in paragraph 173.

174.    Defendants deny the allegations in paragraph 174.

175.    Defendants deny the allegations in paragraph 175.

176.    Defendants deny the allegations in paragraph 176.

177.    Defendants deny the allegations in paragraph 177.

## COUNT IV

178.    Defendants repeat and incorporate by reference each of their responses to the paragraphs above as if set forth fully herein.

179.    Defendants deny the allegations in paragraph 179.  Defendants further state that to the extent paragraph 179 asserts legal conclusions, no response is required.

180.    Defendants deny the allegations in paragraph 180.

181.    Defendants admit that Plaintiffs purport to bring this count against individuals included in paragraph 181 pursuant to the statute cited therein.

182.    Defendants deny the allegations in paragraph 182.

183.    Defendants deny the allegations in paragraph 183.

184.    Defendants deny the allegations in paragraph 184.

## EXCHANGE ACT ALLEGATIONS

185.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 185.  Thus, a response to paragraph 185 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 185.

186.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 186.  Thus, a response to paragraph 186 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that on March 30, 2022, Core filed a Form 10-K Annual Report with the SEC and refer to that document for its contents. Defendants otherwise deny the allegations in paragraph 186.

187.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 187.  Thus, a response to paragraph 187 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that on March 30, 2022,

Core filed a Form 10-K Annual Report with the SEC and refer to that document for its contents. Defendants otherwise deny the allegations in paragraph 187.

188.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 188.  Thus, a response to paragraph 188 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 188.

189.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 189.  Thus, a response to paragraph 189 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that on March 30, 2022, Core filed a Form 10-K Annual Report with the SEC and refer to that document for its contents. Defendants otherwise deny the allegations in paragraph 189.

190.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 190.  Thus, a response to paragraph 190 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 190.

191.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 191.  Thus, a response to paragraph 191 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that on March 30, 2022, Core filed a Form 10-K Annual Report with the SEC and refer to that document for its contents. Defendants otherwise deny the allegations in paragraph 191.

192.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 192.  Thus, a response to paragraph 192 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 192.

193.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 193.  Thus, a response to paragraph 193 is not required.  To the extent a response is

required, Defendants admit, based on publicly available information, that on March 30, 2022, Core filed a Form 10-K Annual Report with the SEC and refer to that document for its contents. Defendants otherwise deny the allegations in paragraph 193.

194.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 194.  Thus, a response to paragraph 194 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 194.

195.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 195.  Thus, a response to paragraph 195 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that on March 30, 2022, Core filed a Form 10-K Annual Report with the SEC and refer to that document for its contents. Defendants otherwise deny the allegations in paragraph 195.

196.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 196.  Thus, a response to paragraph 196 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 196.

197.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 197.  Thus, a response to paragraph 197 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that on May 13, 2022, Core filed a Form 10-Q Quarterly Report with the SEC and refer to that document for its contents. Defendants otherwise deny the allegations in paragraph 197.

198.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 198.  Thus, a response to paragraph 198 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that on May 13, 2022, Core

filed a Form 10-Q Quarterly Report with the SEC and refer to that document for its contents. Defendants otherwise deny the allegations in paragraph 198.

199.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 199.  Thus, a response to paragraph 199 is not required.  .To the extent a response is required, Defendants deny the allegations in paragraph 199.

200.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 200.  Thus, a response to paragraph 200 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that on May 13, 2022, Core filed a Form 10-Q Quarterly Report with the SEC and refer to that document for its contents. Defendants otherwise deny the allegations in paragraph 200.

201.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 201.  Thus, a response to paragraph 201 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 201.

202.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 202.  Thus, a response to paragraph 202 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that on May 13, 2022, Core filed a Form 10-Q Quarterly Report with the SEC and refer to that document for its contents. Defendants otherwise deny the allegations in paragraph 202.

203.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 203.  Thus, a response to paragraph 203 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 203.

204.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 204.  Thus, a response to paragraph 204 is not required.  To the extent a response is

required, Defendants admit, based on publicly available information, that on May 13, 2022, Core filed a Form 10-Q Quarterly Report with the SEC and refer to that document for its contents. Defendants otherwise deny the allegations in paragraph 204.

205.   The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 205.  Thus, a response to paragraph 205 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 205.

206.   The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 206.  Thus, a response to paragraph 206 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that on May 13, 2022, Core filed a Form 10-Q Quarterly Report with the SEC and refer to that document for its contents. Defendants otherwise deny the allegations in paragraph 206.

207.   The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 207.  Thus, a response to paragraph 207 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 207.

208.   The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 208.  Thus, a response to paragraph 208 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that on May 13, 2022, Core filed a Form 10-Q Quarterly Report with the SEC and refer to that document for its contents. Defendants otherwise deny the allegations in paragraph 208.

209.   The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 209.  Thus, a response to paragraph 209 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 209.

210.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 210.  Thus, a response to paragraph 210 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that on August 22, 2022, Core filed a Form 10-Q Quarterly Report with the SEC and refer to that document for its contents.  Defendants otherwise deny the allegations in paragraph 210.

211.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 211.  Thus, a response to paragraph 211 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that on August 22, 2022, Core filed a Form 10-Q Quarterly Report with the SEC and refer to that document for its contents.  Defendants otherwise deny the allegations in paragraph 211.

212.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 212.  Thus, a response to paragraph 212 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 212.

213.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 213.  Thus, a response to paragraph 213 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that on August 22, 2022, Core filed a Form 10-Q Quarterly Report with the SEC and refer to that document for its contents.  Defendants otherwise deny the allegations in paragraph 213.

214.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 214.  Thus, a response to paragraph 214 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 214.

215.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 215.  Thus, a response to paragraph 215 is not required.  To the extent a response is

required, Defendants admit, based on publicly available information, that on August 22, 2022, Core filed a Form 10-Q Quarterly Report with the SEC and refer to that document for its contents.  Defendants otherwise deny the allegations in paragraph 215.

216.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 216.  Thus, a response to paragraph 216 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 216.

217.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 217.  Thus, a response to paragraph 217 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that on August 22, 2022, Core filed a Form 10-Q Quarterly Report with the SEC and refer to that document for its contents.  Defendants otherwise deny the allegations in paragraph 217.

218.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 218.  Thus, a response to paragraph 218 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 218.

219.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 219.  Thus, a response to paragraph 219 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that on August 22, 2022, Core filed a Form 10-Q Quarterly Report with the SEC and refer to that document for its contents.  Defendants otherwise deny the allegations in paragraph 219.

220.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 220.  Thus, a response to paragraph 220 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 220.

221.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 221.  Thus, a response to paragraph 221 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that on August 22, 2022, Core filed a Form 10-Q Quarterly Report with the SEC and refer to that document for its contents.  Defendants otherwise deny the allegations in paragraph 221.

222.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 222.  Thus, a response to paragraph 222 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 222.

223.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 223.  Thus, a response to paragraph 223 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that on August 11, 2022, Core held an earnings call and refer to that transcript for its contents.  Defendants otherwise deny the allegations in paragraph 223.

224.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 224.  Thus, a response to paragraph 224 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 224.

225.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 225.  Thus, a response to paragraph 225 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 225.

226.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 226.  Thus, a response to paragraph 226 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 226.

227.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 227.  Thus, a response to paragraph 227 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 227.

228.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 228.  Thus, a response to paragraph 228 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 228.

229.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 229.  Thus, a response to paragraph 229 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 229.

230.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 230.  Thus, a response to paragraph 230 is not required.  To the extent paragraph 230 asserts legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 230.

231.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 231.  Thus, a response to paragraph 231 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 231.

232.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 232.  Thus, a response to paragraph 232 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that on January 3, 2022, XPDI filed a Schedule 14A Proxy Statement with the SEC and refer to that document for its contents.  Defendants further admit, based on publicly available information, that on March 30, 2022, Core filed a Form 10-K Annual Report with the SEC and refer to that document for its contents.  Defendants further admit, based on publicly available information, that on August 22,

2022, Core filed a Form 10-Q Quarterly Report with the SEC and refer to that document for its contents.  Defendants otherwise deny the allegations in paragraph 232.

233.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 233.  Thus, a response to paragraph 233 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that on March 30, 2022, Core filed a Form 10-K Annual Report with the SEC and refer to that document for its contents.  Defendants otherwise deny the allegations in paragraph 233.

234.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 234.  Thus, a response to paragraph 234 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 234.

235.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 235.  Thus, a response to paragraph 235 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 235.

236.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 236.  Thus, a response to paragraph 236 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 236.

237.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 237.  Thus, a response to paragraph 237 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 237.

238.    Defendants deny the allegations in paragraph 238.

239.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 239.  Thus, a response to paragraph 239 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 239.

240.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 240.  Thus, a response to paragraph 240 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 240.

241.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 241.  Thus, a response to paragraph 241 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 241.

242.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 242.  Thus, a response to paragraph 242 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 242.

243.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 243.  Thus, a response to paragraph 243 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 243.

244.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 244.  Thus, a response to paragraph 244 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 244.

245.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 245.  Thus, a response to paragraph 245 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 245.

246.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 246.  Thus, a response to paragraph 246 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 246.

247.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 247.  Thus, a response to paragraph 247 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 247.

248.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 248.  Thus, a response to paragraph 248 is not required.  To the extent a response is required, Defendants deny that the allegations in paragraph 248 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in paragraph 248.

249.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 249.  Thus, a response to paragraph 249 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 249.

### **COUNT V**

250.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 250.  Thus, a response to paragraph 250 is not required.  To the extent a response is required, Defendants repeat and incorporate by reference each of their responses to the paragraphs above as if set forth fully herein.

251.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 251.  Thus, a response to paragraph 251 is not required.  Defendants further state that to the extent paragraph 251 asserts legal conclusions, no response is required.  Defendants otherwise deny the allegations in paragraph 251.

252.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 252.  Thus, a response to paragraph 252 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 252.

253.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 253.  Thus, a response to paragraph 253 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 253.

254.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 254.  Thus, a response to paragraph 254 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 254.

255.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 255.  Thus, a response to paragraph 255 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 255.

256.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 256.  Thus, a response to paragraph 256 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 256.

257.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 257.  Thus, a response to paragraph 257 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 257.

258.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 258.  Thus, a response to paragraph 258 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 258.

## COUNT VI

259.    The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 259.  Thus, a response to paragraph 259 is not required.  To the extent a response is required, Defendants repeat and incorporate by reference each of their responses to the paragraphs above as if set forth fully herein.

260.     The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 260.  Thus, a response to paragraph 260 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 260.

261.     The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 261.  Thus, a response to paragraph 261 is not required.  Defendants further state that to the extent paragraph 261 asserts legal conclusions, no response is required.  Defendants otherwise deny the allegations in paragraph 261.

262.     The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 262.  Thus, a response to paragraph 262 is not required.  Defendants further state that to the extent paragraph 262 asserts legal conclusions, no response is required.  Defendants otherwise deny the allegations in paragraph 262.

263.     The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 263.  Thus, a response to paragraph 263 is not required.  Defendants further state that to the extent paragraph 263 asserts legal conclusions, no response is required.  Defendants otherwise deny the allegations in paragraph 263.

264.     The Court's Order dismissed Plaintiffs' claims pertaining to allegations made in paragraph 264.  Thus, a response to paragraph 264 is not required.  To the extent a response is required, Defendants deny the allegations in paragraph 264.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants offer the following defenses in response to the allegations set forth in the Complaint.  Defendants reserve the right to amend this Answer, to amend, modify and/or supplement their defenses, and to plead and assert additional defenses as they become known and appropriate during the course of the litigation, including without limitation any defenses that

may arise as a result of any findings, conclusions, or other action taken.  The statement of any defense does not assume the burden of proof on any issue as to which applicable law places the burden on Plaintiffs.  To the extent that any of the defenses asserted herein or to be asserted in the future is mutually exclusive with another defense asserted herein or to be asserted in the future, such defense is asserted in the alternative to the other.

### FIRST DEFENSE

The Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint fails to plead fraud with particularity, as required by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-(b)(1), and otherwise fails properly to identify the alleged false or misleading statements of which Plaintiffs complain and the alleged intent of Defendants.

### THIRD DEFENSE

The purported claims against Defendants, and the allegations upon which they are based, are improperly vague, ambiguous and confusing.  Defendants reserve the right to request a more definite statement.

### FOURTH DEFENSE

Defendants are not liable because Plaintiffs do not have standing.

### FIFTH DEFENSE

Plaintiffs and members of the putative purported class lack standing to maintain their Section 11 claims to the extent that they cannot demonstrate a purchase of securities traceable to the Proxy Statement or Registration Statement.

**SIXTH DEFENSE**

This action may not properly be maintained as a class action.

**SEVENTH DEFENSE**

The putative class period is overbroad and, therefore, many of the purported putative class members are not entitled to any recovery.

**EIGHTH DEFENSE**

Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or repose, and/or the doctrines of estoppel, laches or waiver.

**NINTH DEFENSE**

To the extent Plaintiffs' claims, and/or the issues and alleged underlying misconduct raised by Plaintiffs' claims have been previously litigated, Plaintiffs' claims are barred, in whole or in part, from any recovery under the doctrines of res judicata and/or collateral estoppel.

**TENTH DEFENSE**

The Complaint fails to adequately plead any of the alleged underlying conduct that Plaintiffs claim gives rise to liability under the securities laws.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part to the extent that they seek to impose disclosure obligations that are inconsistent with, or in excess of, those imposed by the federal securities laws, including but not limited to the Securities Act of 1933, the Securities Exchange Act of 1934, and the rules and regulations promulgated by the Securities and Exchange Commission.

**TWELFTH DEFENSE**

Defendants are not liable because they did not make a false or misleading statement of material fact or omission of material fact, and complied with all applicable disclosure requirements.

**THIRTEENTH DEFENSE**

Defendants are not liable because certain alleged misstatements by them, or any one of them, were forward-looking and satisfied the safe harbor provisions of the federal securities laws and/or the "bespeaks caution" doctrine.

**FOURTEENTH DEFENSE**

Defendants are not liable because the alleged misrepresentations and omissions on which Plaintiffs base their claims were immaterial puffery and/or otherwise not material.

**FIFTEENTH DEFENSE**

Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, because, assuming there was any untruth or omission as alleged in the Complaint (and Defendants deny there was any), Plaintiffs knew or should have known of such untruth or omission.

**SIXTEENTH DEFENSE**

Defendants are not liable because some or all of the matters now claimed by the Complaint to be the subject of misrepresentations or omissions publicly were disclosed or were in the public domain and, as such, were available to Plaintiffs and were at all times reflected in the market price of Core securities.

## SEVENTEENTH DEFENSE

Defendants are not liable because certain alleged misstatements about which Plaintiffs complain concern nonactionable matters of opinion or soft information, rather than matters of material fact.

## EIGHTEENTH DEFENSE

Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, because the purported misrepresentations and omissions alleged in the Complaint did not affect the market price of Core securities.

## NINETEENTH DEFENSE

Plaintiffs cannot recover against Defendants because Plaintiffs are unable to establish that the purported misstatements and omissions alleged in the Complaint were the cause of Plaintiffs' decisions to purchase Core securities on the terms of their investments.

## TWENTIETH DEFENSE

Some or all of Plaintiffs' claims are barred because Plaintiffs cannot establish a sufficient connection between existing statements and any alleged underlying wrongdoing sufficient to create a duty to disclose.

## TWENTY-FIRST DEFENSE

Defendants are not liable because any wrongdoing alleged in the Complaint lacks a sufficient connection to the purchase or sale of Core securities.

## TWENTY-SECOND DEFENSE

Plaintiffs cannot recover against Defendants because Defendants were under no duty to disclose the alleged underlying conduct.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Proxy Statement and Registration Statement fully disclosed the risks of investing in Core stock. Plaintiffs assumed the risks disclosed in the Proxy Statement and Registration Statement, and any losses Plaintiffs experienced were caused because those risks came to fruition.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' own actions, omissions, and/or negligence.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs did not actually or reasonably rely on any of the purported misstatements or omissions alleged in the Complaint in deciding to purchase Core securities.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, because Defendants had no duty to characterize the disclosed facts pejoratively..

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or part, because Defendants acted with due diligence and/or did not know, and in the exercise of reasonable care could not have known or had reasonable grounds to believe, that any misstatements or omissions of material fact existed in any of Core's filings with the SEC or press releases or any statement issued in connection therewith or otherwise.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Defendants at all times acted in good faith and in reasonable reliance upon the representations, reports, expert opinions, and

advice of others.  Defendants were entitled to, and did, rely upon representations, reports, expert opinions, and advice of others in affixing their signatures to, and authorizing the public filings made in connection with, the merger. They believed that those individuals upon whose representations, reports, expert opinions and advice they relied were, in fact, expert in their field and were competent to render the opinions they had provided.  Defendants had no notice, and had no reasonable grounds to believe, that the representations, reports, expert opinions and advice provided were in any way inadequate, unfounded or incorrect.

**TWENTY-NINTH DEFENSE**

Defendants are not liable because they, at all times, and with respect to all matters contained herein, acted in good faith, exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements and/or omissions alleged in the Complaint.

**THIRTIETH DEFENSE**

Defendants are not liable because they did not act knowingly or recklessly as to any alleged material misstatement or omission.

**THIRTY-FIRST DEFENSE**

Plaintiffs cannot recover against the Defendants, in whole or in part, because the "fraud on the market" theory of reliance is unavailable, and they are otherwise unable to establish that they relied upon the purported misstatements and omissions alleged in the Complaint.

**THIRTY-SECOND DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because as to any part of the Registration Statement and Proxy Statement (including the documents referenced therein) not purporting to be made on the authority of an expert, and not purporting to be a copy of or extract from a report or valuation of an expert, and not purporting to be made on the authority of a public official

45

document or statement, Defendants had, after reasonable investigation, reasonable ground to believe and did believe, at the time such part of the Registration Statement and Proxy Statement (including the document referenced therein) became effective, that the statements therein were true and that there was no omission of a material fact required to be disclosed or necessary to make the statements therein not misleading. definite statement.

### THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred because the injuries and underlying wrongdoing alleged by Plaintiffs, to the extent any exist, were caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of Defendants, by the conduct of third parties for whom Defendants were not responsible, through forces in the marketplace over which Defendants have no control, or through acts or omissions by one or more of the Plaintiffs.

### THIRTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they are premised on alleged misstatements or omissions of material fact in documents that were not filed with the SEC.

### THIRTY-FIFTH DEFENSE

Defendants are not liable for the conduct of any of current or former employees and/or agents to the extent that any or all of those current or former employees acted outside the scope of their authority.

### THIRTY-SIXTH DEFENSE

The claims asserted in the Complaint are contradicted by documentary evidence.

### THIRTY-SEVENTH DEFENSE

Plaintiffs are not entitled to any recovery from Defendants because one or more members of the purported putative plaintiff class ratified the alleged wrongful acts and omissions alleged in the Complaint.

### THIRTY-EIGHTH DEFENSE

Plaintiffs' claims are barred because no Defendant is a control person under Section 15 of the Securities Act of 1933.

### THIRTY-NINTH DEFENSE

Plaintiffs cannot recover against Defendants because the losses, if any, sustained by Plaintiffs were not actually or proximately caused by the acts and occurrences alleged in the Complaint.

### FORTIETH DEFENSE

Defendants are not liable because Plaintiffs have not pleaded the required connection between the challenged statements and the alleged loss, and/or any losses suffered by Plaintiffs were not causally related to the purported misstatements or omissions alleged by Plaintiffs.

### FORTY-FIRST DEFENSE

Plaintiffs' claims against Defendants are barred in whole or in part because of the lack of loss causation and because Defendants did not cause any losses. Plaintiffs have not suffered any injury or harm as a result of the actions of Defendants alleged in the Complaint.

### FORTY-SECOND DEFENSE

The Complaint fails to adequately plead transaction causation, and in fact, Plaintiffs cannot prove transaction causation.

## FORTY-THIRD DEFENSE

No act or omission of the Defendants was malicious, willful, wanton, or reckless, and, therefore, Plaintiffs are not entitled to any award of punitive damages.

## FORTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have incurred no legally cognizable injury or damages.

## FORTY-FIFTH DEFENSE

Defendants are not liable because to the extent that Plaintiffs have been damaged, if at all, their failure to mitigate their damages bars recovery.

## FORTY-SIXTH DEFENSE

To the extent Plaintiffs suffered damages, if at all, such damages must be offset by Plaintiffs' gains.

## FORTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the damages sought exceed those permitted under the Securities Act of 1933, the Private Securities Litigation Reform Act, common law or any other applicable statute, rule or regulation.

## FORTY-EIGHTH DEFENSE

Plaintiffs cannot recover against Defendants, in whole or in part, because Defendants are entitled to proper offsets for any settlements Plaintiffs enter into, or any amounts Plaintiffs otherwise receive from any source, in connection with Plaintiffs' alleged losses.

## FORTY-NINTH DEFENSE

Allegations of complaints filed by private litigants, or allegations by others, or settlements entered into therewith, have no preclusive effect or evidentiary weight.

## FIFTIETH DEFENSE

Defendants deny that Plaintiffs are entitled to recover of attorneys' fees, costs or expenses.

## FIFTY-FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part because they were released as part of the Plan of Reorganization confirmed by the Bankruptcy Court for the Southern District of Texas, in the matter *In re Core Scientific, Inc., et al.*, Case No. 22-90341.

## ADDITIONAL DEFENSES

Defendants assert, and expressly reserve all rights with respect to, all counterclaims, cross-claims, third-party claims or contribution claims that may be revealed during the course of discovery. Defendants also assert and expressly reserve all rights with respect to all other defenses that may be revealed during the course of discovery. Defendants expressly reserve the right to amend and/or supplement this Answer.

## REQUEST FOR RELIEF

Defendants respectfully request that the Court enter judgment against Plaintiffs as follows:

1.      Dismissing, with prejudice, Plaintiffs' claims against Defendants;

2.      Granting Defendants their reasonable costs, expenses and attorneys' fees; and

3.      Awarding Defendants any other relief that is just and equitable.

Dated:  January 19, 2024

Respectfully submitted,

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: */s/ John Bash* _____
John Bash
Texas Bar I.D. 24067504
300 W. Sixth Street, Suite 2010
Austin, TX 78701
Telephone: (737) 667-6100
Facsimile: (737) 667-6110
johnbash@quinnemanuel.com

John B. Quinn (*pro hac vice*)
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
johnquinn@quinnemanuel.com

Jesse Bernstein (*pro hac vice*)
Brenna Nelinson (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
jessebernstein@quinnemanuel.com
brennanelinson@quinnemanuel.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The foregoing document was filed under the Court's CM/ECF system, automatically effecting service on counsel of record for all other parties who have appeared in this action on the date of such service.

*/s/ John Bash*
John Bash
