# EXHIBIT Q

Date Filed: 04/12/2023
Claim No: 369

---

**Fill in this information to identify the case:**

Debtor 1    Core Scientific, Inc.

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Southern District of Texas

Case number   22-90341

---

Official Form 410

# Proof of Claim

12/15

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

---

## Part 1:   Identify the Claim

**1. Who is the current creditor?**

Michael Levitt
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Joanna D. Caytas, Quinn Emanuel Urquhart
Name

711 Louisiana Street, Ste 500
Number        Street

Houston          TX        77002
City             State      ZIP Code

Contact phone  713-221-7000

Contact email  joannacaytas@quinnemanuel.com

Where should payments to the creditor be sent? (if different)

Name

Number        Street

City             State      ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
         MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

---

Official Form 410



1202404132330000000022

page 1

007953

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$____Unliquidated_____. Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See Addendum

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____

Amount of the claim that is secured: $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed)_____ %

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Official Form 410                          Proof of Claim                          page 2

007954

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

* Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  04 / 11 / 2023
            MM / DD / YYYY

Signature _____

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Michael | | Levitt |
| | First name | Middle name | Last name |
| Title | c/o Joanna D. Caytas, Esq. | | |
| Company | Quinn Emanuel Urquhart & Sullivan, LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 711 Louisiana Street, Ste 500 | | |
| | Number          Street | | |
| | Houston | TX | 77001 |
| | City | State | ZIP Code |
| Contact phone | _____ | Email | _____ |

---

Official Form 410                     Proof of Claim                     page 3

Debtors' Exhibit No. 40
Page 3 of 462

007955

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  | § |  |
|---|---|---|
| In re: | § | **Chapter 11** |
|  | § |  |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § | **Case No. 22-90341 (DRJ)** |
|  | § |  |
|  | § | **(Jointly Administered)** |
| Debtors.[1] | § |  |
|  | § |  |

## ADDENDUM TO PROOF OF CLAIM
## OF MICHAEL LEVITT

On December 21, 2022 (the "**Petition Date**"), the Debtors each filed with this Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"), thereby initiating the above-styled bankruptcy cases (collectively, the "**Bankruptcy Case**"), which are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

Michael Levitt ("**Levitt**"), as current Chief Executive Officer, President, and Co-Chairman of the Board of Directors of Core Scientific, Inc. ("**Core**" or the "**Company**"), does not agree that the indemnification payments provided for in the bylaws of Core Scientific Inc. and covering directors and officers are general unsecured claims, but files this proof of claim (the "**Claim**")

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

under compulsion of the deadline to file claims to preserve the ability to assert against Core, in the event that the Debtors dispute his claim, claims in unliquidated amounts in respect of damages incurred by Levitt both pre- and post-petition.

**Securities Lawsuit.** Prior to the Petition Date, a putative class action lawsuit styled *Pang v. Levitt et al.,* Case No. 1:22-cv-01191, was filed in the United States District Court for the Western District of Texas, Austin Division, on behalf of a purported class of people who purchased, or otherwise acquired, Core's securities during a specific pre-petition time period, (the "**Securities Lawsuit**"), asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 against one of the Debtors, Core, and three of Core's current and former officers and directors (collectively, the "**Individual Defendants**"):  (i) Michael Levitt, the current Chief Executive Officer, President, and Co-Chairman of the Board of Directors; (ii) Denise Sterling, the current Chief Financial Officer; and (iii) Michael Trzupek, the former Chief Financial Officer, who served in such capacity from October 12, 2020 to April 4, 2022.  *See* Exhibit A, Complaint in the Securities Lawsuit.

On December 27, 2022—days after the Petition Date—the plaintiffs in the Securities Lawsuit (the "**Plaintiffs**") filed a notice of voluntary dismissal, dismissing the claims against Core and leaving the three Individual Defendants as the sole defendants.  The Securities Lawsuit is proceeding against the Individual Defendants, including Levitt, and the Plaintiffs are to file an amended complaint on or by May 5, 2023; the Individual Defendants will have 45 days from the filing of the amended complaint to answer, move to dismiss, or otherwise respond.

**Indemnification.** Levitt served as Chief Executive Officer, President, and Co-Chairman of the Board of Directors of the Company at the relevant times alleged by the Securities Lawsuit. *See* Exhibit A at 5.  Public securities filings of Core also show that Levitt serves as Chief Executive

2

Officer and Co-Chair of the Board of Directors of Core since January 2022, and previously served as Chief Executive Officer and member of the Board of Directors of Core's affiliate.  *See* Exhibit B, 10-K 2022, at 167.   The Company agreed to indemnify Levitt numerous times, including, without limitation, the following:

> The Amended and Restated Employment Agreement, dated October 10, 2021, between Levitt and Core Scientific Holding Co., which has been publicly filed by the Company multiple times, provides for full indemnification of Levitt:

>> [T]he Company shall indemnify and hold [Levitt] harmless, to the fullest extent permitted by the Delaware General Corporation Law, as amended from time to time, and the Company's Certificate of Incorporation or By-Laws, against all claims, expenses, damages, liabilities and losses incurred by Executive provided that Executive acted in good faith and in a manner Executive reasonably believed to be in or not opposed to the best interests of the Company, ….

Exhibit C, 10-K 2022 Ex. 10-28 at 3.  Such indemnification covers Levitt as an executive:

>> [I]n the event [Levitt] is, or is threatened to be made, a party to any pending, contemplated or threatened action, suit, arbitration, or any other proceeding whether civil, criminal, administrative or investigative, and whether formal or informal ("Proceeding"), by reason of the fact that [Levitt] is or was, or had agreed to become, an employee or director of the Company, is are or was serving at the request of the Company as an employee or director to another corporation, partnership, joint venture, business, person, trust, employee benefit plan or other entity, ….

*Id*.  The indemnification covers Levitt, who has been named as defendant in the Securities Lawsuit precisely because of his position at Core.

Separately from Levitt's employment agreement providing for indemnification, Core's securities filings confirm the indemnification of its officers and directors through bylaws and separate indemnification agreements to the fullest extent permitted under Delaware law:

> **Indemnification Agreements**
> Our certificate of incorporation contains provisions limiting the liability of executive officers and directors, and our bylaws provide that we will

3

007958

indemnify each of our executive officers and directors to the fullest extent permitted under Delaware law.

We have entered into indemnification agreements with all of our directors and executive officers. The indemnification agreements provide that we will indemnify each of our directors, executive officers, and other key employees against any and all expenses incurred by such director, executive officer, or other key employee because of his or her status as one of our directors, executive officers, or other key employees, to the fullest extent permitted by Delaware law, our certificate of incorporation and our bylaws. In addition, the indemnification agreements provide that, to the fullest extent permitted by Delaware law, we will advance all expenses incurred by its directors, executive officers, and other key employees in connection with a legal proceeding involving his or her status as a director, executive officer, or key employee.

Exhibit B, 10-K 2022, at 167.   The Form Indemnification Agreement is included in public securities filings of Core; it provides for an indemnity in third-party proceedings as well as a separate indemnification for expenses of a party who is wholly or partly successful:

**2.      Indemnity in Third-Party Proceedings**. The Company shall indemnify Indemnitee in accordance with the provisions of this Section 2 if Indemnitee is, or is threatened to be made, a party to or witness or other participant in any Proceeding, other than a Proceeding by or in the right of the Company to procure a judgment in its favor. Pursuant to this Section 2, Indemnitee shall be indemnified to the fullest extent permitted by applicable law against all Expenses, judgments, fines and amounts paid in settlement actually and reasonably incurred by Indemnitee or on his or her behalf in connection with such Proceeding or any claim, issue or matter therein, if Indemnitee acted in good faith and in a manner he or she reasonably believed to be in or not opposed to the best interests of the Company and, with respect to any criminal action or proceeding, had no reasonable cause to believe that his or her conduct was unlawful.

Exhibit D, 10-K 2022 Ex. 10-30, at 4, and:

**4.      Indemnification for Expenses of a Party Who is Wholly or Partly Successful**. Notwithstanding any other provision of this Agreement, in circumstances where indemnification is not available under Section 2 or 3, as the case may be, to the fullest extent permitted by law and to the extent that Indemnitee is a party to, and is successful (on the merits or otherwise) in defense of, any Proceeding or any claim, issue or matter therein, the Company shall indemnify Indemnitee against all Expenses incurred by Indemnitee or on Indemnitee's behalf in connection therewith. For purposes

4

007959

of this Section 4, the termination of any claim, issue or matter in such a Proceeding by dismissal, with or without prejudice, shall be deemed to be a successful result as to such claim, issue or matter.

*Id.* The Form Indemnity Agreement further provides for a prompt advance of litigation expenses, including legal fees:

**6. Advances of Expenses**. The Company shall advance the Expenses incurred by Indemnitee in connection with any Proceeding prior to its final disposition, and such advancement shall be made as soon as reasonably practicable, but in any event no later than 30 days, after the receipt by the Company of a written statement or statements requesting such advances from time to time (which shall include invoices received by Indemnitee in connection with such Expenses but, in the case of invoices in connection with legal services, any references to legal work performed or to expenditure made that would cause Indemnitee to waive any privilege accorded by applicable law shall not be included with the invoice). Advances shall be unsecured and interest free and made without regard to Indemnitee's ability to repay such advances. Indemnitee hereby undertakes to repay any advance to the extent that it is ultimately determined that Indemnitee is not entitled to be indemnified by the Company, *except*, with respect to advances of expenses made pursuant to Section 10(c), in which case Indemnitee makes the undertaking provided in Section 10(c). This Section 6 shall not apply to the extent advancement is prohibited by law and shall not apply to any Proceeding (or any part of any Proceeding) for which indemnity is not permitted under this Agreement, but shall apply to any Proceeding (or any part of any Proceeding) referenced in Section 5(b) or 5(c) prior to a determination that Indemnitee is not entitled to be indemnified by the Company.

*Id*. at 5. Furthermore, Core's Bylaws provide for a full indemnification of its directors and executive officers, again, to the fullest extent permitted under Delaware General Corporation Law:

**Section 47. Indemnification of Directors, Executive Officers, Employees and Other Agents**.
**(a) Directors and Executive Officers**. The corporation shall indemnify to the full extent permitted under and in any manner permitted under the DGCL or any other applicable law, any person who is made or threatened to be made a party to or is otherwise involved (as a witness or otherwise) in any threatened, pending, or completed action, suit, or proceeding, whether civil, criminal, administrative, or investigative (hereinafter, a "***Proceeding***"), by reason of the fact that such person is or was a director or executive officer (for the purposes of this Article XI, "executive officers" shall be those persons designated by the corporation as (a) executive

5

007960

officers for purposes of the disclosures required in the corporation's proxy and periodic reports or (b) officers for purposes of Section 16 of the 1934 Act) of the corporation, or while serving as a director or executive officer of the corporation, is or was serving at the request of the corporation as a director, officer, employee, or agent of another corporation, partnership, joint venture, trust, or other enterprise, including service with respect to an employee benefit plan (collectively, "***Another Enterprise***"), against expenses (including attorneys' fees), judgments, fines (including ERISA excise taxes or penalties) and amounts paid in settlement actually and reasonably incurred by him or her in connection with such Proceeding if he or she acted in good faith and in a manner he or she reasonably believed to be in or not opposed to the best interests of the corporation, and, with respect to any criminal action or proceeding, had no reasonable cause to believe his or her conduct was unlawful; provided, however, that the corporation may modify the extent of such indemnification by individual contracts with its directors and executive officers; and, provided, further, that the corporation shall not be required to indemnify any director or executive officer in connection with any proceeding (or part thereof) initiated by such person unless (i) such indemnification is expressly required to be made by applicable law, (ii) the proceeding was authorized by the Board of Directors, (iii) such indemnification is provided by the corporation, in its sole discretion, pursuant to the powers vested in the corporation under the DGCL or any other applicable law or (iv) such indemnification is required to be made under subsection (d) of this Section 47.

Exhibit E, 10-K 2022 Ex. 3-2, § 47(a).  Core's Bylaws also provide for a prompt advancement of litigation expenses, including legal fees:

> **(c)   Expenses.** The corporation shall advance to any person who was or is a party or is threatened to be made a party to any threatened, pending or completed Proceeding, by reason of the fact that such person is or was a director or executive officer of the corporation, or is or was serving at the request of the corporation as a director or executive officer of Another Enterprise, prior to the final disposition of the Proceeding, promptly following request therefor, all expenses (including attorneys' fees) incurred by any director or executive officer in connection with such Proceeding; provided, however, that if the DGCL requires, an advancement of expenses incurred by a director or executive officer in his or her capacity as a director or executive officer (and not in any other capacity in which service was or is rendered by such indemnitee, including, without limitation, service to an employee benefit plan) shall be made only upon delivery to the corporation of an undertaking (hereinafter an "undertaking"), by or on behalf of such indemnitee, to repay all amounts so advanced if it shall ultimately be determined by final judicial decision from which there is no further right to

6

007961

appeal (hereinafter a "final adjudication") that such indemnitee is not entitled to be indemnified for such expenses under this Section 47 or otherwise.

*Id.*, § 47(c).

**Claim Amount.** As set forth above, Levitt hereby asserts an indemnification claim against the Debtors in connection with the Securities Lawsuit, net of any insurance proceeds received, based on all of the foregoing.  In addition, and to the extent permitted by applicable law, Levitt claims interest, fees and expenses, and any other charges accrued and incurred before or after the Petition Date, including (but not limited to) all professional fees including attorneys' fees, and those relating to the collection of amounts owed to Levitt, to the extent permitted by law.

**Setoff; Counterclaim**. The claims set forth herein are secured by way of setoff and/or recoupment to the extent of any claims that the Debtors have against Levitt.  The Claim is filed without waiver and with express reservation of any and all setoff or recoupment rights that may exist at law or in equity.  No effort is made to violate the automatic stay or to take any action contrary to applicable law, but every reservation of rights is otherwise asserted herein with respect to setoff or recoupment rights.

**No Waiver.** By filing this Claim, Levitt does not waive, release, or discharge any, and hereby, expressly reserves all of his rights including the right to file one or more proofs of claim with respect to remedies, powers, claims, counterclaims, interests, actions, defenses, and rights of subrogation, set-off and recoupment (whether contingent, unliquidated or otherwise) against Core, the other Debtors, all other Entities (as defined in the Bankruptcy Code), and all applicable property, in this or any other forum, which Levitt had, has, or may have, including without limitation, in respect of claims presently unknown. This Claim is not intended to be, and shall not be construed as, a waiver of any past, present or future claims or an election of remedies.  Levitt

7

Debtors' Exhibit No. 40
Page 10 of 462

007962

expressly reserves the right to make a separate claim for any administrative expense claims, either in respect of the foregoing or otherwise.

**Filing**. This Claim shall not be deemed a consent by Levitt to the jurisdiction of the Bankruptcy Court or to having any matters relating to any disputed claims or otherwise heard by the Bankruptcy Court; nor shall Levitt's submission of this Claim waive any of Levitt's rights to have final orders in non-core or Stern matters entered only after de novo review by the United States District Court, or to petition the United States District Court to withdraw any reference in any matter subject to mandatory or discretionary withdrawal (or assert that the reference has already been withdrawn), or otherwise challenge the jurisdiction of the Bankruptcy Court. This Claim shall not be deemed a waiver or release of Levitt's right to trial by jury in the Bankruptcy Court or in any other court in any proceeding as to any and all matters so triable herein or therein, and such rights are hereby reserved, nor shall it be construed as a consent to a jury trial in the Bankruptcy Court or in any other court in any proceeding as to any and all matters so triable herein or therein.

**Amendment**. Levitt hereby reserves the right to amend, clarify or supplement this Claim at any time and in any respect, including, without limitation, as necessary or appropriate to amend, quantify or correct amounts, to add or amend categories of payments or liabilities, to change the priority of the claims set forth herein, to provide additional detail regarding the claims set forth herein, or to fix the amount of any contingent or unliquidated claim (including, but not limited to, with respect to (a) pre-petition and post-petition interest, (b) pre-petition and post-petition costs, expenses and other damages, and (c) all other pre-petition and post-petition amounts entitled to indemnification), or to file additional proofs of claim at any time.

**Payment**. All payments in connection with the Claim should be sent to:

007963

Quinn Emanuel Urquhart & Sullivan, LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Attn.:  John Bash
        Joanna D. Caytas
Telephone: 713-221-7000
Facsimile:  713-221-7100
Email: johnbash@quinnemanuel.com
        joannacaytas@quinnemanuel.com

**Notice**. All notices in connection with the Claim should be sent to:

Quinn Emanuel Urquhart & Sullivan, LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Attn.:  John Bash
        Joanna D. Caytas
Telephone: 713-221-7000
Facsimile:  713-221-7100
Email: johnbash@quinnemanuel.com
        joannacaytas@quinnemanuel.com

Debtors' Exhibit No. 40
Page 12 of 462

007964