# EXHIBIT U

**Fill in this information to identify the case:**

Debtor         Core Scientific, Inc.

United States Bankruptcy Court for the District of     Southern District of Texas

Case number     22-90341

Official Form 410

# Proof of Claim                                                 04/22

Read the instructions before filling out this form. **This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1:   Identify the Claim

| | | |
|---|---|---|
| 1. | **Who is the current creditor?** | Kneeland Youngblood |
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor |

| | | |
|---|---|---|
| 2. | **Has this claim been acquired from someone else?** | ☑ No |
| | | ☐ Yes.   From whom? |

3. **Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Kneeland Youngblood
Pharos Capital Group, LLC
3889 Maple Avenue, Suite 400
Dallas, Texas 75219
United States of America
**P:** 214-855-0194
**E:** kyoungblood@pharosfunds.com

Where should payments to the creditor be sent? (if different)

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
— — — — — — — — — — — — — — — — — — — — — — — — — — — —

| | | |
|---|---|---|
| 4. | **Does this claim amend one already filed?** | ☑ No |
| | | ☐ Yes.   Claim number on court claims registry (if known) _____   Filed on _____  MM/DD/YYYY |

| | | |
|---|---|---|
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No |
| | | ☐ Yes.   Who made the earlier filing? |

12024041423330584660001

Case 1:22-cv-01191-DAE as Document 92-22 Filed 07/22/24 Page 3 of 8

6. **Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

---

7. **How much is a claim?**   unliquidated

Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

See Addendum

---

9. **Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property

**Nature of property**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a Mortgage Proof of Claim Attachment (Official Form 410-A)with this Proof of Claim.

☐ Motor vehicle.

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** _____

**Amount of the claim that is secured:** _____

**Amount of the claim that is unsecured:** _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** _____

**Annual Interest Rate (when case was filed)** _____ %

☐ Fixed

☐ Variable

---

10. **Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

---

11. **Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| | | |
|---|---|---|
| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A Claim may be partly priority and partly nonpriority. For example, law limits the amount entitled to priority. | ☑ No<br><br>☐ Yes.   Check one:                                                     Amount entitled to priority<br><br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br><br>☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).<br><br>☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4)<br><br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).<br><br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).<br><br>☐ Other. Specify subsection of 11 U.S.C. § 507(a)() that applies.<br><br>*Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. |
| 13. | **Is all or part of the claim pursuant to 11 U.S.C § 503(b)(9)?** | ☑ No<br><br>☐ Yes.  Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. |

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date & time    04/14/2023 at 07:36 am PT
                                           MM / DD / YYYY HH : MM

/s/Peter C. Lewis
Signature

**Print the name of the person who is completing and signing this claim:**

Name

| Peter | C. | Lewis |
|---|---|---|
| First Name | Middle Name | Last Name |

Title          Partner

Company     Scheef & Stone, LLP
Identify the corporate servicer as the company if the authorized agent is a servicer

Address     500 North Akard St., Suite 2700

| Number | Street | |
|---|---|---|
| Dallas | TX | 75201 |
| City | State | ZIP Code |

Contact phone

Email         peter.lewis@solidcounsel.com

**ATTACHMENT TO PROOF OF CLAIM FORM OF KNEELAND YOUNGBLOOD**

1.      On December 21, 2022 (the "**Petition Date**"), Core Scientific, Inc. and its debtor affiliates (one, some or all, as the case may be, "**Core Scientific**"), as debtors and debtors in possession in the Jointly Administered chapter 11 cases titled *In re Core Scientific, Inc., et al., Case No. 22-90341 (DRJ)* (collectively, the "**Debtors**"[1] or the "**Company**") each commenced in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On March 9, 2023, the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") entered the *Order (I) Establishing Deadline to File Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* [Docket No. 652] (the "**Bar Date Order**") establishing April 14, 2023 at 5:00 p.m. (prevailing Central Time) as the deadline for all persons and entities (excluding governmental units) to file proofs of claim against the Debtors' estates (the "**General Bar Date**").

3.      This attachment to the proof of claim form (the "**Proof of Claim**") of Kneeland Youngblood (the "**Claimant**") against Core Scientific is incorporated into the Proof of Claim in its entirety as if fully set forth therein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); Radar LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austing, Texas 78704.

4.      The Claimant is a Member of the Board of Directors of Core Scientific, as an independent director.

5.      The corporate organizational documents of Core Scientific, as well as applicable state business or corporate law, provide that the Claimant shall be broadly indemnified by Core Scientific (the "**Indemnification**").  Among other things, the Second Amended and Restated By-Laws of Core Scientific provides that Claimant shall be indemnified "to the full extent permitted under and in any manner permitted under the [General Corporation Law of the State of Delaware] or any other applicable law" for "expenses (including attorneys' fees), judgments, fines… and amounts paid in settlement actually and reasonably incurred" in connection with any "threatened, pending or completed action, suit or proceeding" relating to Claimant's service as (a) a director or executive officer of Core Scientific or (b) a director, officer, member, employee or agent of another business enterprise at the request of Core Scientific.  Furthermore, on or about January 19, 2022, the Board of Directors of Core Scientific, by unanimous written consent, adopted a resolution to "authorize the Company to enter into an indemnification agreement … with each of its directors and executive officers, as well as certain of its other officers, employees and agents designated from time to time by the Board" ("**Resolution**").  Moreover, Core Scientific's regulatory securities filings (Core Scientific, Inc., 10-K 2022, Ex. 10-30) include a Form Indemnification Agreement that it provides for an indemnity in third-party proceedings as well as a separate indemnification for expenses of a party who is wholly or partly successful.

6.      The Claimant asserts a contingent and unliquidated claim for any amounts that currently are or may be owed to the Claimant on account of the Indemnification and/or Resolution for any amounts that in the future may become owed on account of the Indemnification and/or Resolution.

2

7. The Claimant believes that Core Scientific already possesses all documentation necessary to support the Proof of Claim, but will, to the extent necessary, provide such documentation upon reasonable request.

8. The filing of the Proof of Claim is not and shall not be deemed or construed as: (a) consent by the Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving the Claimant; (b) a waiver or release of the Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same are designated as legal or private rights, or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2) or the United States Constitution, and whether such jury trial right is pursuant to statute or the United States Constitution; (c) a consent by the Claimant to a jury trial in this Court or in any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (d) a waiver or release of the Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge; (e) a waiver of the right to move to withdraw the reference with respect to the subject matter of the Proof of Claim, any objection thereto, or other proceeding which may be commenced in this case against or otherwise involving the Claimant; or (f) an election of remedies or waiver of any claims not asserted herein.

9. The Claimant expressly reserves all rights, defenses and remedies that the Claimant has or may have against Core Scientific or any other person liable for all or part of the indebtedness claimed herein. The Claimant also reserves the right to: (a) amend, revise, update, or supplement this Proof of Claim at any time and in any respect, including, without limitation, the addition of

3

further documents and information, as necessary or appropriate to support, amend, quantify, or correct amounts, to provide additional detail regarding the claims set forth therein, to assert alternative theories of recovery, or to fix the amount of any contingent or unliquidated claim; (b) file additional proofs of claim for any additional claims the Claimant might have based on the same or additional documents or other liability; and (c) file a request for payment of an administrative expense under 11 U.S.C. §§ 503 and 507 for any or all of the above amounts and additional amounts.

10.     This Proof of Claim is not intended as an admission of the validity or amount of any claim against the Claimant, which claim, if any, the Claimant denies in all respects.  Should the Debtors assert claims of any kind against the Claimant, then the Claimant expressly reserves the rights of setoff or recoupment, including without limitation, the statutory treatment of such rights pursuant to the Bankruptcy Code.