UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MEI PANG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL LEVITT, MICHAEL TRZUPEK, and DENISE STERLING,<br><br>Defendants. | Case No. 1:22-CV-1191-DAE<br><br>CLASS ACTION |

**PLAINTIFFS' MOTION TO STRIKE
OR FOR LEAVE TO FILE SUR-REPLY**

Lead Plaintiff Morgan Hoffman and named plaintiffs Evan Achee, William J. Emanuel, Garrett Downing, and Tin Doan Huynh ("Plaintiffs") move to strike a portion of Defendants' reply memorandum (ECF No. 100, "Reply"), or alternatively, for leave to file a sur-reply, with respect to new arguments Defendants raised for the first time in their Reply.

## I.   Defendants Raise a New Argument for the First Time in Their Reply

Plaintiffs filed their Second Amended Class Action Complaint (ECF No. 89, "SAC") on June 10, 2024. Defendants moved to dismiss the SAC on July 22, 2024 (ECF No. 92, "Motion"). Plaintiffs filed their opposition to Defendants' Motion on September 12, 2024 (ECF No. 95, "Opposition"). Defendants filed their Reply on October 21, 2024 (ECF No. 100).

Defendants raise two new arguments for the first time in their Reply. First, Defendants argue that Statement 4 (as identified in the SAC and the Parties prior briefing) is "not actionable misleading." Reply at 11-12. In contrast, Defendants' Motion challenged only that "at least three of the four statements plaintiffs rely upon cannot constitute actionable misrepresentations." Motion at 19-20 (challenging only Statements 1-3 as not actionable). Second, Defendants argue that "none [of the at-issue statements] would have been material to an investor," and that "Plaintiffs' claims fail for lack of … materiality." Reply at 12. Defendants' motion does not contest the element of materiality with respect to any of the challenged statements. *See* Motion at 19 ("Plaintiffs fail to adequately allege at least three elements") and 19-29 (challenging only the elements of falsity, scienter, and loss causation, without mention of materiality).

## II.   The Court Should Strike the New Arguments or Grant Plaintiffs Leave to File a Sur-Reply

Plaintiffs request that the Court either (A) strike the arguments raised for the first time in Defendants' Reply; or (B) permit Plaintiffs an opportunity to respond to these new arguments by granting leave to file a sur-reply.

1

As this Court has recognized, "'arguments raised for the first time in a reply brief are generally waived.'" ECF No. 73 at 31; *Wilson v. Tessmer Law Firm PLLC*, 2021 WL 7448751, at *3 (W.D. Tex. Mar. 4, 2021) (Ezra, J.) (quoting *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) and citing *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005)). Accordingly, Defendants' new arguments raised for the first time in their Reply are waived, and the Court should not consider them. Statement 4 was clearly alleged in the SAC and Defendants chose not to challenge that statement. Likewise, the financial reports Defendants cited for the data underlying their new materiality argument were filed long before Defendants' Motion, and in fact were cited in Defendants' Motion. Reply at 12 (citing ECF No. 92-2). Defendants had an opportunity to make these arguments in their Motion (for which they had extra pages, ECF No. 91), but they chose not to raise them. They should not be permitted to sandbag Plaintiffs with new arguments in their Reply, without affording Plaintiffs an opportunity to respond.

If the Court does not strike Defendants' arguments, it should grant Plaintiffs leave to file a sur-reply to address the newly raised arguments. While the Court does not permit sur-replies to be filed as a matter of right[1], "it is within the sound discretion of the courts to grant or deny leave to file such additional briefing." *Wilson*, 2021 WL 7448751 at *3 (internal citations omitted). This Court has acknowledged that "sur-replies have proven useful for courts when a response is necessary to the movant using the reply to: '…assert a new defense to liability….'" *Id.* (quoting *Austin v. Kroger Texas, L.P.*, 2016 WL 1322248, at *1 (N.D. Tex. 2016)). Defendants have asserted two new defenses to liability for the first time in their Reply. To the extent the Court considers these arguments, Plaintiffs must have an opportunity to rebut them.

---

[1] *See* Fact Sheet for Senior Judge David Alan Ezra, https://www.txwd.uscourts.gov/wp-content/uploads/2023/01/Court-Fact-Sheet-for-Senior-US-District-Judge-Ezra.pdf.

### III. Plaintiffs' Proposed Sur-Reply: Defendants' New Arguments Each Fail

#### A. Statement 4 is Actionable

Defendants have already conceded that the Court previously found Statement 4 (including Statements 4a and 4b) is actionable. Motion at 20 n.16; ECF No. 73 (Order on Defendants' motion to dismiss the first amended complaint, or "FAC") at 27-29 (addressing "Statement 8" in the FAC). The SAC alleges as Statement 4a and 4b the same exact statements that Plaintiffs alleged were false and misleading in the FAC. *Compare* ECF No. 62 (FAC) ¶223 *with* SAC ¶163.

Defendants' tortured interpretation of Statement 4 in their Reply does nothing to alter the Court's unchallenged finding that Statement 4 was actionable. Plaintiffs allege that Defendant Levitt's statements to investors that Core had "restructured our [hosting business] pricing to improve margins over time," and that "customer acceptance, … validate[s] our new strategy," were false and misleading. SAC ¶163. As alleged in the SAC (and FAC), Levitt made these statements despite knowing that, by the time he made those statements in August 2022, Core had already been imposing pass-through surcharges on its fixed-rate hosting customers and several customers had disputed those fees. *See* SAC ¶164. In light of these allegations, the Court found that with respect to the identical statements in the FAC, "Plaintiffs pled with particularity that they were misled." ECF No. 73 at 29.

Defendants' new assertion in their Reply that "Statement 4 can only be read to refer to the acquisition of new hosting customers in the future," is squarely at odds with the interpretation of Statement 4 alleged in the SAC, which the Court already found was plausibly pled with sufficient particularity. Contrary to Defendants' characterization, there is no reason to interpret the preceding sentence, "We will no longer take on hosting business that is not sufficiently profitable from day one," to strictly limit Statement 4 to the acquisition of new customers in the future, particularly

3

when Plaintiffs have alleged detailed facts showing Core's then-ongoing strategy, implemented months before, of attempting to impose power cost pass-through charges on its existing fixed-rate customers. Accordingly, if the Court does not strike Defendants' new argument in their Reply, challenging Statement 4 as inactionable for the first time, it should find once again find that Plaintiffs have pled with particularity that Statement 4 was false and misleading and deny Defendants' Motion on that ground.

### B. The Challenged Statements are Material

Defendants' second new argument, raised for the first time in their Reply, also lacks merit. To begin with, not even Defendants' own cases support their argument. Defendants argue that because Core's hosting business contributed only "2.9% of Core's gross profits at the relevant time" (which Defendants do not define), "none [of the at-issue statements] would have been material to an investor. However, their cited cases refer to the amount of *revenue* generated by a business segment, not *gross profits*. *In re New Oriental Educ. & Tech. Grp. Sec. Litig.*, 988 F. Supp. 2d 406, 422-23 (S.D.N.Y. 2013) ("Where misstatements implicate less than 5% of an entity's **revenue**, the misstatements are not likely to be material."); *Howard v. Liquidity Servs., Inc.*, 177 F. Supp. 3d 289, 311 (D.D.C. 2016) (statements about a certain business segment were not material where plaintiffs conceded it was "a small business segment," despite its "high profitability."). Here, in contrast, Plaintiffs alleged that Core's hosting business was not a "small business segment," and in fact generated $80 million in revenue in 2021, or roughly 15% of Core's total revenues for the year, increasing to $160 million and 25%, respectively, in 2022. ¶77.

"A 'material fact' is one which a reasonable investor would consider significant in the decision whether to invest, such that it alters the 'total mix' of information available about the proposed investment." ECF No. 73 at 7 (quoting *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435,

4

1445 (5th Cir. 1993)). Materiality analysis typically presents "a mixed question of fact and law" and is "generally a decision for the jury." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 235 F. Supp. 2d 549, 573 (S.D. Tex. 2002). As the Fifth Circuit has recognized, issues of materiality should be decided by the trier of fact, not as a matter of law at the pleading stage, unless the misrepresentations are "so obviously unimportant to an investor that reasonable minds cannot differ on the question of materiality." *Kapps v. Torch Offshore, Inc.*, 379 F.3d 207, 216 (5th Cir. 2004); *KB Partners I, L.P. v. Pain Therapeutics, Inc.*, 2015 WL 7760201, at *7-8 (W.D. Tex. Dec. 1, 2015) ("the Court cannot say at this stage of the proceedings that these three omissions are so obviously unimportant to a reasonable investor that they are immaterial as a matter of law.").

Here, the hosting business contributed 15% of Core's revenues in 2021 and 25% in 2022 and it was one of only two significant business segments for Core which "comprise[d] all or substantially all of [Core's] business activities." SAC ¶¶191-92. Courts have found quantitative impacts of far less magnitude to be material. *See, e.g., In re Sipex Corp. Sec. Litig.*, 2005 WL 3096178, at *2 (N.D. Cal. Nov. 17, 2005) (a "$350,000 revenue item" for a company "with reported quarterly revenues of about $17 million" "cannot be said to be immaterial as a matter of law at the pleading stage"); *In re Home Health Corp. of Am. Sec. Litig.*, 1999 WL 79057, at *6-7 (E.D. Pa. Jan. 28, 1999) (impact on net revenues of less than 2.8% was not immaterial as a matter of law); *In re Kidder Peabody Sec. Litig.*, 10 F. Supp. 2d 398, 410-11 (S.D.N.Y. 1998), *abrogated on other grounds by In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 75-76 (2d Cir. 2001) (misstatements that impacted company's profits by no more than 2.54% and most by less than 1% were not immaterial as a matter of law).

The SAC also alleges that when the Celsius Motion revealed Core's pass-through scheme and Celsius's dispute of the pass-through surcharges, Core's stock price fell over 10%, ¶171,

5

further demonstrating the materiality of the statements at issue. "The materiality of Cassava's alleged omissions regarding its research is supported by the drops in stock price that accompanied each revelation of an alleged omission or misrepresentation." *In re Cassava Scis., Inc. Sec. Litig.*, 2023 WL 3442087, at *8 (W.D. Tex. May 11, 2023) (Ezra, J.).

Accordingly, if the Court does not strike Defendants' new argument in their Reply, contesting the materiality of the challenged statements for the first time, it should find that Plaintiffs have adequately alleged that Statements 1-4 were each material and actionable and deny Defendants' Motion on that ground.

## IV.  Conclusion

For these reasons, the Court should strike Defendants' new arguments raised for the first time in their Reply. To the extent the Court considers those new arguments, they each fail for the reasons described in Plaintiffs' proposed sur-reply and the Court should deny Defendants' Motion.

Dated: November 4, 2024

Respectfully submitted,

**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**

By: */s/Stuart L. Cochran*
Stuart L. Cochran
Texas Bar No.: 24027936
8080 Park Lane, Suite 700 Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311
scochran@condontobin.com

*Liaison Counsel for Lead Plaintiff*

**THE ROSEN LAW FIRM, P.A.**
Laurence Rosen (*pro hac vice*)
Phillip Kim (*pro hac vice*)
Joshua Baker (*pro hac vice*)
275 Madison Avenue, 40th Floor

New York, NY 10116
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com
Email: jbaker@rosenlegal.com

*Lead Counsel for Plaintiffs*


**THE SCHALL LAW FIRM**
Brian Schall
Rina Restaino
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Phone: (310) 301-3335
Fax: (213) 519-5876
Email: brian@schallfirm.com
Email: rina@schallfirm.com

*Additional Counsel for Lead Plaintiff*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 4, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                                                                     */s/Stuart L. Cochran*