**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |
|---|---|
| MEI PANG, Individually and on Behalf of All Others Similarly Situated<br><br>       Plaintiff,<br><br>    v.<br><br>MICHAEL LEVITT, MICHAEL TRZUPEK, and DENISE STERLING,<br><br>      Defendants. | Case No. 1:22-cv-01191-DAE |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE OR FOR LEAVE TO FILE SUR-REPLY**

Defendants respectfully submit this Response to Plaintiffs' Motion to Strike or for Leave to File Sur-Reply (ECF No. 101, "Motion" or "Mot.").

Plaintiffs move to strike two arguments they claim were raised for the first time in Defendants' Reply in Support of Their Motion to Dismiss Plaintiffs' Second Amended Complaint, ECF No. 100 ("Reply"), or, in the alternative, seek leave to file a sur-reply. Defendants do not oppose Plaintiffs' request for a sur-reply.[1] Plaintiffs are wrong, however, that the Reply contains new arguments; Defendants therefore oppose the Motion to Strike.

Neither of the two arguments Plaintiffs identify are "new." Mot. 1-2. First, Defendants' argument in their Reply that Statement 4 is not misleading is a proper rebuttal argument. *See Keller v. Cox Radio, Inc.*, 2009 WL 10700097, at *5 (W.D. Tex. Apr. 30, 2009). Defendants argued in their Motion to Dismiss the Second Amended Complaint that "nonculpable inferences may be drawn" from Statement 4a to "refer to the restructuring of Core's form Master Services Agreement for *new* customers, which would 'improve margins over time.'" ECF No. 92, at 25 (emphasis in original). Regarding Statement 4b, Defendants similarly argued that Levitt's reference to "[i]nitial customer acceptance" could be read as referring to new, rather than existing hosting customers. *Id.* In opposition, Plaintiffs contested Defendants' interpretation of Statement 4 and argued that statement was misleading. ECF No. 95, at 24-25. Defendants responded in their Reply that, when read in context, Statement 4 "can only be read to refer to the acquisition of new hosting customers in the future, and cannot be misleading with respect to existing accounts as alleged by Plaintiffs." Reply 12. The "new argument" Plaintiffs seek to strike was thus a proper response to an argument raised by Plaintiffs in their Opposition.

---

[1] Plaintiffs did not seek Defendants' consent before filing their Motion.

Second, Defendants' argument in their Reply concerning the materiality of the "at-issue statements" is equally appropriate. Plaintiffs argued in their Opposition that Defendants' alleged omissions "concealed the material risk that Core would be unable to save its hosting business" and that Core's SOX certifications contained omissions of material fact. ECF No. 95, at 18-19. In Reply, Defendants pointed out that only "2.9% of Core's gross profits at the relevant time came from hosting," rendering these statements immaterial. Reply 12 (emphasis omitted).

Because "this is not a situation in which a completely novel issue was raised for the first time in a reply," Plaintiffs' motion to strike should be denied. *Texas All. for Retired Americans v. Hughs*, 489 F. Supp. 3d 667, 694 (S.D. Tex. 2020), *rev'd on other grounds sub nom. Texas All. for Retired Americans v. Scott*, 28 F.4th 669 (5th Cir. 2022).

Although Defendants do not oppose Plaintiffs' request for leave to file a sur-reply, the sur-reply cannot overcome the fatal defects in the Second Amended Complaint. *See* ECF No. 92, at 18-29; Reply 10-15. The Complaint should be dismissed in its entirety for all of the reasons set forth in Defendants' Motion to Dismiss and Reply, including the Bankruptcy Court's entry of the Third-Party Release and Anti-Suit Injunction barring Plaintiffs' claims, Defendants' disclosure of its hosting margins, and Plaintiffs' failure to adequately plead any element of a securities fraud claim.

Dated: November 7, 2024

Respectfully submitted,

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**

By: */s/ John Bash*

John F. Bash
Texas Bar I.D. 24067504
Evan Z. Pearson
Texas Bar I.D. 24121403
300 W. Sixth Street, Suite 2010
Austin, TX 78701
Telephone: (737) 667-6100
Facsimile: (737) 667-6110
johnbash@quinnemanuel.com
evanpearson@quinnemanuel.com

John B. Quinn (*pro hac vice*)
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
johnquinn@quinnemanuel.com

Jesse Bernstein (*pro hac vice*)
Brenna Nelinson (*pro hac vice*)
Peter M. Collins (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
jessebernstein@quinnemanuel.com
brennanelinson@quinnemanuel.com
petercollins@quinnemanuel.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ John Bash*
John Bash