## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| MEI PANG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL LEVITT, MICHAEL TRZUPEK, and DENISE STERLING,<br><br>Defendants. | Case No. 1:22-CV-1191-DAE<br><br>CLASS ACTION |

## PLAINTIFFS' MOTION FOR RECONSIDERATION

## **TABLE OF CONTENTS**

I.    PROCEDURAL BACKGROUND ........................................................................................... 1

II.   ARGUMENT .................................................................................................................... 3

   A.   The Court Should Reopen This Case ................................................................................ 3

   B.   The Court Should Withdraw or Limit Its Referral ............................................................ 5

     1.   The Bankruptcy Court Lacks Jurisdiction Over the Referred Matters ........................... 5

     2.   The Court Should Withdraw Its Referral ....................................................................... 8

     3.   Alternatively, The Court Could Limit Its Referral to the Gatekeeping Issues Alone, Pending Resolution of the Appeal .................................................................................. 10

III.  CONCLUSION ............................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arnold v. Garlock, Inc.*,
  278 F.3d 426 (5th Cir. 2001) ......................................................................................... 7

*City Bank v. Compass Bank*,
  2011 WL 5442092 (W.D. Tex. Nov. 9, 2011) ............................................................... 9

*Exec. Benefits Ins. Agency v. Arkison*,
  573 U.S. 25 (2014) ......................................................................................................... 9

*Holland Am. Ins. Co. v. Succession of Roy*,
  777 F.2d 992 (5th Cir. 1985) ..................................................................................... 8, 9

*In re Burch*,
  835 F. App'x 741 (5th Cir. 2021) ............................................................................... 7, 8

*In re Combustion Eng'g, Inc.*,
  391 F.3d 190 (3d Cir. 2004) ........................................................................................... 7

*In re Highland Cap. Mgmt., L.P.*,
  48 F.4th 419 (5th Cir. 2022) .......................................................................................... 8

*In re Johns-Manville Corp.*,
  801 F.2d 60 (2d Cir. 1986) ............................................................................................. 7

*In re Kirwan Offices S.a.r.l.*,
  592 B.R. 489 (Bankr. S.D.N.Y. 2018) ........................................................................... 6

*In re Midway Gold US, Inc.*,
  575 B.R. 475 (Bankr. D. Colo. 2017) ............................................................................ 5

*In re Vitek*,
  51 F.3d 530 (5th Cir. 1995) ............................................................................................ 6

*Matter of Walker*,
  51 F.3d 562 (5th Cir. 1995) ............................................................................................ 6

*Matter of Zale Corp.*,
  62 F.3d 746 (5th Cir. 1995) ........................................................................................ 6, 7

*Patterson v. Mahwah Bergen Retail Grp., Inc.*,
  636 B.R. 641 (E.D. Va. 2022) ........................................................................................ 6

ii

*Stern v. Marshall*,
    564 U.S. 462 (2011)..................................................................................................... 5, 6

*Villegas v. Schmidt*,
    788 F.3d 156 (5th Cir. 2015) ...................................................................................... 8

*Wellness Int'l Network, Ltd. v. Sharif*,
    575 U.S. 665 (2015)................................................................................................... 5, 8

## Statutes

28 U.S.C. § 157............................................................................................................ 1, 6, 8, 9

11 U.S.C. § 105.................................................................................................................... 7

## Rules

Fed. R. Civ. P. 54(b) ............................................................................................................ 1

Lead Plaintiff Morgan Hoffman and named plaintiffs Evan Achee, William J. Emanuel, Garrett Downing, and Tin Doan Huynh (collectively, "Plaintiffs") respectfully move the Court to reconsider the relief granted in its Order: (1) Referring Case to Bankruptcy Court; (2) Denying Without Prejudice Motion to Dismiss Second Amended Class Action Complaint; (3) Denying as Moot Motion to Strike; and (4) Administratively Closing Case (Dkt. No. 105, "Referral Order"). Particularly in view of the subsequent Order entered *sua sponte* by Judge Alfred H. Bennett on March 19, 2025, denying as "moot" Plaintiffs' appeal of the Bankruptcy Court's Order due to the Referral Order, *Hoffman v. Core Scientific, Inc.*, No. 4:24-cv-357 (S.D. Tex.) (Dkt. No. 34) ("Appeal Dismissal Order," as entered in the "Appeal Court"), Plaintiffs respectfully request that the Court reconsider the Referral Order.[1] Plaintiffs make this motion pursuant to Rule 59(e), or alternatively, Rule 54(b), of the Federal Rules of Civil Procedure. Plaintiffs further request that the Court withdraw its referral of this case to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d).

Plaintiffs respectfully request that the Court vacate and withdraw the Court's Referral Order in whole, including the referral to the Bankruptcy Court, the denial of pending motions (Dkt. Nos. 92 and 101), and the administrative closure of this Action, and instead stay this Action or defer ruling on the pending motions until resolution of the Bankruptcy Appeal. Pursuant to Local Rule CV-7(G), counsel for Plaintiffs conferred with counsel for Defendants, who advised that Defendants oppose this relief.

## I.    PROCEDURAL BACKGROUND

There are two concurrent cases at issue here: this Action (the "Securities Action") and an appeal by three of the Plaintiffs (Hoffman, Achee, and Emanuel, collectively "Appellants") of an order issued in *In re Core Scientific, Inc.*, No. 22-90341 (S.D. Tex. Bankr.) ("Bankruptcy Court")

---

[1] A copy of the Appeal Dismissal Order is attached hereto as Exhibit 1.

confirming debtor Core Scientific's Chapter 11 plan of reorganization ("Appeal"). The Appeal

contests the validity of certain third-party releases and injunctions contained in the Chapter 11 plan

("Third Party Releases") as applied to Appellants' and the putative class's claims in the Securities

Action. The Chapter 11 plan was confirmed in an Order issued by the Bankruptcy Court on January

16, 2024. ("Bankruptcy Court's Order"). In their Appeal, Appellants asked the Appeal Court to

vacate the Bankruptcy Court's Order to the extent that the Third Party Releases apply to the claims

alleged in the Securities Action, and to remand the matter to the Bankruptcy Court with instructions

to exclude the Securities Action claims from the Third Party Releases. *See* Ex. 1.

While the Appeal has been pending, Plaintiffs in this Securities Action filed their second

amended complaint, which Defendants moved to dismiss. Dkt. No. 92. One of the grounds upon

which Defendants moved to dismiss the Securities Action was that the Third Party Releases apply

to bar Plaintiffs' claims. Defendants contend that the "release" component of the Third Party

Releases released the claims of Appellants (but not the new named plaintiffs, Downing and

Huynh), and that the injunctive provision of the Third Party Releases precluded the new named

plaintiffs from filing their claims. *See* Referral Order at 7-13.

On March 7, 2025, this Court issued the Referral Order, which: (1) referred the case,

including these "gatekeeping issues" to the Bankruptcy Court; (2) denied without prejudice

Defendants' motion to dismiss and denied as moot Plaintiffs' related motion to strike; and (3)

directed the clerk to administratively close the Securities Action "pending further order of the

Court," with instructions to the parties to "file a status update, or motion to reopen the case, within

7 days of the date of the bankruptcy court's decision." Referral Order at 15-16.

On March 19, 2025, the Appeal Court issued the Appeal Dismissal Order *sua sponte*, which

dismissed the Appeal as moot. The Appeal Court reasoned that "[b]ecause the Securities Action

has been administratively closed, vacating the portion of the Bankruptcy Court's Order implicating the Securities Action would serve no practical purpose. As a result, the Court is unable to grant effective relief." Ex. 1 at 2. Plaintiffs believe that the Appeal Court is mistaken as to this Court's intended and actual disposition of the issues in the Referral order. Accordingly, concurrently with this motion, Plaintiffs are also moving the Appeal Court to reconsider the Appeal Dismissal Order.

## II.    ARGUMENT

Plaintiffs respectfully request that the Court vacate and withdraw the Court's Referral Order in whole, including the referral to the Bankruptcy Court, the denial of pending motions (Dkt. Nos. 92 and 101), and the administrative closure of this Action, and instead stay this Action or defer ruling on the pending motions until resolution of the Bankruptcy Appeal. This relief is necessary and appropriate for several reasons.

### A.    The Court Should Reopen This Case

To the extent the Appeal Dismissal Order is premised on this Court's administrative closure of this Securities Action, vacating the administrative closure of this Action would make clear to the Appeal Court that Plaintiffs' claims and their complaint have not been dismissed or terminated in any way. As Plaintiffs are arguing to the Appeal Court in their concurrent filing, the Appeal is not moot but in fact would be dispositive of the "gatekeeping issues" identified by this Court in its Referral Order. The Appeal therefore must be decided before the Bankruptcy Court (on referral) or this Court (if the referral is withdrawn) can decide the "gatekeeping issues" of whether the Third Party Releases bar Plaintiffs' claims in their second amended complaint through application of *res judicata* or the injunctive provision. If the Appeal Court rules in Appellants' favor, the gatekeeping issues will be indisputably moot and this Court can proceed to assess the merits of the parties' arguments concerning the adequacy of Plaintiffs' pleading. If the Appeal Court affirms the

3

Bankruptcy Court's Order, then this Court can make the specific determination of whether the "gatekeeping issues" apply to bar Plaintiffs' claims.[2]

Plaintiffs believe this Court's intention in administratively closing the case pending further updates on the resolution of the "gatekeeping issues" is not to foreclose any effective relief in the Appeal. Vacating that part of the Referral Order would clarify this Court's intent for the Appeal Court in reconsidering the Appeal Dismissal Order. Instead of administratively closing this case, Plaintiffs respectfully request that the Court stay the case or simply reinstate Defendants' motion to dismiss and Plaintiffs' motion to strike (Dkt. Nos. 92 and 101, respectively) and defer ruling on the pending motions until resolution of the Appeal, which could easily resolve and dispose of the "gatekeeping issues."

Ruling on the "gatekeeping issues" while the Appeal is still pending does not make any practical sense as a ruling against Plaintiffs on those issues would have to be reversed if Appellants then prevail on the Appeal, requiring unnecessary and inefficient motion practice to vacate the first ruling on the "gatekeeping issues." If the Appeal Court does not vacate its dismissal of the Appeal, Plaintiffs will likely appeal that decision and/or move to reinstate the appeal after a determination of the "gatekeeping issues," also necessitating a glut of unnecessary and inefficient motions and resulting in a procedural quagmire that is entirely avoidable. In the interest of judicial efficiency and conservation of the parties' resources, Plaintiffs request that the Court vacate the Referral Order, reopen this case and reinstate the pending motions, and either stay the case or defer ruling on the pending motions pending resolution of the Appeal.

---

[2] Plaintiffs reserve their right to appeal the Appeal Court's decision if it affirms the Bankruptcy Court's Order. As explained below, any determination by the Bankruptcy Court of the "gatekeeping issues" or other matters on referral would be subject to *de novo* review by this Court upon a report and recommendation from the Bankruptcy Court, thus the ultimate determination will still have to be made by this Court.

**B.      The Court Should Withdraw or Limit Its Referral**

**1.      The Bankruptcy Court Lacks Jurisdiction Over the Referred Matters**

Plaintiffs also respectfully request that the Court withdraw, or at minimum reconsider and limit, its referral to the Bankruptcy Court. The Referral Order details the "gatekeeping issues," but then refers "the current matters" to the Bankruptcy Court "for all purposes, including, but not limited to, consideration of the gatekeeping issues in this case and in light of the Plain's Anti-Suit Injunction." Referral Order at 15. Plaintiffs request that the Court vacate the Referral Order and withdraw this referral, or at minimum issue an order clarifying that *only* determination of the "gatekeeping issues"—whether the Third Party Releases specifically apply to release and/or bar Plaintiffs' claims—are referred to the Bankruptcy Court. The Referral Order's current language effectively refers the entirety of this Action to the Bankruptcy Court for all purposes, including determination of the merits of Defendants' motion to dismiss under Rule 12(b)(6). This referral greatly exceed the jurisdiction and constitutional authority of the Bankruptcy Court.

There is no dispute that Plaintiffs are constitutionally entitled to adjudication of their claims under the federal securities laws by an Article III judge. Plaintiffs have not waived that right and do not consent to the adjudication of those claims by an Article I bankruptcy court. Without Plaintiffs' consent, the Bankruptcy Court cannot adjudicate the non-debtor Plaintiffs' legal claims against the non-debtor Defendants by ruling on the merits of a motion to dismiss the second amended complaint. *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665 (2015); *Stern v. Marshall*, 564 U.S. 462, 499 (2011).

A federal court may adjudicate a case or controversy "only if there is both Constitutional authority and statutory authority for federal jurisdiction." *In re Midway Gold US, Inc.*, 575 B.R. 475, 517 (Bankr. D. Colo. 2017). As Article I courts, bankruptcy courts do not have the constitutional authority to enter final orders on matters "that are not integral to the restructuring of

5

the debtor-creditor relationship." *In re Kirwan Offices S.a.r.l.*, 592 B.R. 489, 510 (Bankr. S.D.N.Y. 2018). As the Supreme Court has stated, "Congress may not bypass Article III simply because a proceeding may have *some* bearing on a bankruptcy case." *Stern*, 564 U.S. at 499) (emphasis added). Here, "[n]one of these claims appear even related — much less integral — to the restructuring of the debtor-creditor relationship, such that the Bankruptcy Court could adjudicate them without running afoul of the Constitution." *Patterson v. Mahwah Bergen Retail Grp., Inc.*, 636 B.R. 641, 670 (E.D. Va. 2022).

While a district court may refer "proceedings ... related to a case under title 11 ... to the bankruptcy judges for the district," 28 U.S.C. § 157(a), there is no such "related to" jurisdiction with respect to the substantive claims at issue in this Action, brought exclusively by and against non-debtors. The Bankruptcy Court is also not the bankruptcy court "for the district" in which this Court sits, an additional reason why referral is unauthorized here. *Id.* The Fifth Circuit has found there is no "related to" jurisdiction over claims between non-debtors. *Matter of Zale Corp.*, 62 F.3d 746, 753 (5th Cir. 1995) ("We begin our analysis by noting that a large majority of cases reject the notion that bankruptcy courts have 'related to' jurisdiction over third-party actions."). As the Fifth Circuit explained, "a third-party action does not create 'related to' jurisdiction when the asset in question is not property of the estate and the dispute has no effect on the estate." *Id. See also Matter of Walker*, 51 F.3d 562, 569 (5th Cir. 1995) (similar); *In re Vitek*, 51 F.3d 530, 538 n. 39 (5th Cir. 1995) (warning that "the broad latitude afforded bankruptcy courts in fashioning remedies should not be used in a way that tramples on the rights of … non-parties"). As the Fifth Circuit cautioned in *Zale*, to find that a bankruptcy court has "related to" jurisdiction, "[w]e must establish independently that a dispute is part of a *bankruptcy* case." 62 F.3d at 755. Indeed, "courts must be particularly careful in ascertaining the source of their power, lest bankruptcy courts

6

displace state [or Article III] courts for large categories of disputes in which someone may be bankrupt." *Id.* (cleaned up). As the Fifth Circuit has held, "related to" jurisdiction arises only where the non-bankruptcy dispute relates to the *estate* of the bankrupt company, not whenever a dispute concerns the company at all. *See id.*; *Arnold v. Garlock, Inc.*, 278 F.3d 426, 434 (5th Cir. 2001) ("'related to' bankruptcy proceedings include … suits between third parties which have an effect *on the bankruptcy estate*.") (emphasis added).[3]

The debtor in the Bankruptcy Court, Core Scientific, Inc. ("Core") is not a party to this Action, nor has it been since shortly after filing its Chapter 11 petition. Core was not named as a defendant in the first amended complaint, nor was it named in the operative second amended complaint. Despite being aware of this Action, which predated Core's bankruptcy filing, at no time did Core or any relevant debtor party ever seek to stay this Action due to any purported impact on the estate. The substantive securities claims asserted in this Action have no bearing on the bankruptcy case or the bankruptcy estate that are before the Bankruptcy Court. Therefore, there is no "related to" jurisdictional basis upon which to refer this case to the Bankruptcy Court.

The cases cited by the Court in the Referral Order hold no differently. In *In re Burch*, 835 F. App'x 741, 748 (5th Cir. 2021), the Fifth Circuit noted that a bankruptcy court maintains its "jurisdiction to interpret and enforce its own prior orders," but it was referring explicitly and exclusively to "the rights afforded to a debtor by the Bankruptcy Code." The rights of the debtor, Core, are not at all at issue here. Moreover, the Fifth Circuit relied on "related to" jurisdiction

---

[3] Likewise, section 105 of the Bankruptcy Code, 11 U.S.C. § 105, "does not provide an independent source of federal subject matter jurisdiction." *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 224-25 (3d Cir. 2004), *as amended* (Feb. 23, 2005). An independent statutory basis must exist for the Bankruptcy Court to exercise its jurisdiction over the claims in this Action. *See In re Johns-Manville Corp.*, 801 F.2d 60, 63 (2d Cir. 1986) ("Section 105(a) does not, however, broaden the bankruptcy court's jurisdiction, which must be established separately").

conferred under Section 157(a), which does not apply here, as explained above. *Id.* In *In re Highland Cap. Mgmt., L.P.*, 48 F.4th 419, 439 (5th Cir. 2022), *petitions for cert. filed*, No. 22-631 (U.S. Jan. 9, 2023), and No. 22-669 (U.S. Jan. 20, 2023), the Fifth Circuit discussed the bankruptcy court's role in performing a gatekeeping function "when the action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity." *Id.* at 439 (quoting *Villegas v. Schmidt*, 788 F.3d 156, 159 (5th Cir. 2015)). Here, the Defendants are not the trustee for Core or other officer appointed by the Bankruptcy Court, and these claims do not involve acts done in Defendants' (non-existent) official capacity in those roles. Of note, here the gatekeeping issues will also be squarely addressed by the Appeal, which addresses at length the complete lack of constitutional and statutory authority for the Bankruptcy Court to adjudicate the claims in the Securities Action by operation of the Third Party Releases, including the injunctive provisions. Any finding by this Court or the Bankruptcy Court that the gatekeeping provisions apply to preclude Plaintiffs' claims would have to be conditioned upon the result of the Appeal.

### 2. The Court Should Withdraw Its Referral

Even if the Court finds that there is "related to" jurisdiction supporting the referral of this case to the Bankruptcy Court, Plaintiffs respectfully move the Court pursuant to 28 U.S.C. § 157(d) to withdraw its referral. Under § 157(d), a district court may withdraw its reference to the bankruptcy court if there is "cause shown." 28 U.S.C. § 157(d); *see also Wellness*, 575 U.S. at 679 (observing that "bankruptcy courts hear matters solely on a district court's reference ... which the district court may withdraw *sua sponte* or at the request of a party"). Although the statute does not define "cause shown," the Fifth Circuit has identified four factors that district courts should weigh when determining whether to withdraw a reference to bankruptcy court. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998-99 (5th Cir. 1985). Those factors are: "(A) whether the matter is a core or a non-core proceeding, (B) whether there is a right to a jury trial, (C) whether

8

withdrawal promotes efficiency, and (D) whether withdrawal raises forum shopping concerns." *See City Bank v. Compass Bank*, 2011 WL 5442092, at *3 (W.D. Tex. Nov. 9, 2011) (citing *Holland*, 777 F.2d at 998).

As to the first factor, there is no dispute that this matter is a "non-core" proceeding under § 157 (to the extent it is related to the bankruptcy at all). Thus, at most the Bankruptcy Court may only "submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge," 28 U.S.C. § 157(c)(1). The Bankruptcy Court's findings would be "reviewed *de novo* by the district court." *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 38 (2014). As to the second factor, there is likewise no dispute that Plaintiffs have a right to a jury trial, which also weighs in favor of withdrawal. *See also* Dkt. No. 89 (second amended complaint, demanding jury trial).

As to the third factor, withdrawal will promote efficiency because this Court can simply stay the case or defer ruling on the pending motions until the Appeal resolves the "gatekeeping issues." There is no need for an intermediate step with a report and recommendation from the Bankruptcy Court. The Appeal Court will effectively decide the gatekeeping issues. Then, and only if the Appeal affirms the Bankruptcy Court's Order, this Court can simply assess whether *res judicata* and the language of the injunctive provision apply to bar Plaintiffs' claims; a determination this Court is perfectly capable of making. If the Bankruptcy Court were to issue a report and recommendation on the "gatekeeping issues" and/or the entirety of Defendants' motion to dismiss, it would inevitably draw substantial objections by the losing party. As the Court would have to consider each issue *de novo*, the referral would require the parties to brief the entire motion to dismiss anew before the Bankruptcy Court, then brief the issues once again upon the inevitable objections to the report and recommendation, resulting in significant expenditure of the parties'

9

and the courts' resources and substantial delays in resolving the issues. Withdrawing the referral avoids this unnecessary two-step process. There would be no impact on the bankruptcy process from withdrawing the referral. The Bankruptcy Court is certainly less familiar than this Court as to the substance of Plaintiffs' claims and the non-release-based arguments that dominate the parties' briefing on Defendants' motion to dismiss.

As to the fourth factor, there is no concern here that withdrawal raises any forum shopping concerns. This case was filed before Core even filed for bankruptcy and Core is located in this District (as opposed to the Southern District of Texas, where Core chose to file its Chapter 11 petition). For these reasons the Court should withdraw its referral of this case to the Bankruptcy Court, to the extent it was authorized to do so at all.

### 3.    Alternatively, The Court Could Limit Its Referral to the Gatekeeping Issues Alone, Pending Resolution of the Appeal

Finally, although Plaintiffs do not concede the propriety of any referral, the Court could also revise its Referral Order to limit its referral to only the two "gatekeeping issues": whether the Third Party Releases apply (in light of the eventual disposition of the Appeal) to bar Plaintiffs' claims. While Plaintiffs dispute that even this limited referral would be necessary or appropriate, such a result would be less inefficient than referring the entire case to the Bankruptcy Court, as the resulting report and recommendation would be much narrower in scope and less likely to draw objections requiring significant additional briefing.

As noted above, if the Appeal is decided in Appellants' favor then no referral will be necessary at all. Only if, and not until, the Appeal (and any further appeals) were to affirm the Bankruptcy Court's Order would it even arguably make sense to refer the gatekeeping issues to the Bankruptcy Court. This is further reason to stay this case pending resolution of the Appeal. Nonetheless, as even a deferred and limited referral would still likely result in unnecessary and

duplicative briefing and delay, Plaintiffs maintain that the most efficient result is to withdraw the referral in its entirety.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court reconsider and vacate its Referral Order, including the referral to the Bankruptcy Court, the denial of pending motions (Dkt. Nos. 92 and 101), and the administrative closure of this Action, and instead stay this Action or defer ruling on the pending motions until resolution of the Bankruptcy Appeal.

Dated: April 2, 2025

Respectfully submitted,

**CONDON TOBIN SLADEK
THORNTON NERENBERG PLLC**

*/s/Stuart L. Cochran*
Stuart L. Cochran
Texas Bar No.: 24027936
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311
scochran@condontobin.com

*Liaison Counsel for Lead Plaintiff*

**THE ROSEN LAW FIRM, P.A.**
Laurence Rosen (*pro hac vice*)
Phillip Kim (*pro hac vice*)
Joshua Baker (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10116
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com
Email: jbaker@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

11

**THE SCHALL LAW FIRM**
Brian Schall
Rina Restaino
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Phone: (310) 301-3335
Fax: (213) 519-5876
Email: brian@schallfirm.com
Email: rina@schallfirm.com

*Additional Counsel for Lead Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


*/s/Stuart L. Cochran*

13