# EXHIBIT 1

United States District Court
Southern District of Texas
**ENTERED**
March 19, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MORGAN HOFFMAN, *et al.*, | § | |
| | § | |
| Appellants, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-00357 |
| | § | |
| CORE SCIENTIFIC, INC., | § | |
| | § | |
| Appellee. | § | |

## **ORDER**

Before the Court are Appellants Morgan Hoffman, Evan Achee, and William J. Emmanuel's (collectively, the "Appellants") Brief (Doc. #17); Appellee Core Scientific, Inc.'s (the "Appellee") Brief (Doc. #20); and Appellants' Reply Brief (Doc. #23). Having considered the parties' arguments and the applicable legal authorities, the Court denies the appeal as moot.

Appellants filed this bankruptcy appeal on January 29, 2024. Doc. #1. Appellants challenge the January 16, 2024, Order of United States Bankruptcy Judge Lopez confirming the Debtors' Chapter 11 plan of reorganization (the "Bankruptcy Court's Order"). Doc. #1, Ex. 1 at 1. Specifically, Appellants ask the Court to vacate the Bankruptcy Court's Order to the extent that it approved third-party releases and injunctions that would bar claims being litigated in the Western District of Texas in a securities class action, styled *Pang v. Levitt,* No. 1:22-cv-01191-DAE (W.D. Tex.) (the "Securities Action"). Doc. #17 at 17, 63. Further, Appellants request the Court remand this matter to the Bankruptcy Court with instructions to exclude the claims pending in the Securities Action from the effects of the third-party releases. *Id.* at 63. However, after Appellants filed this bankruptcy appeal, the district judge presiding over the Securities Action, Judge David

Ezra, referred any determination regarding the third-party releases and injunctions to Judge Lopez in the underlying bankruptcy proceeding. *Pang v. Levitt et al.*, Case No. 1:22-cv-01191-DAE, at 15 (W.D. Tex. March 7, 2025). In the Order dated March 7, 2025, Judge Ezra explicitly referred 'the current matters [in the Securities Action] to the [B]ankruptcy [C]ourt for all purposes." *Id.* Judge Ezra administratively closed the Securities Action pending the Bankruptcy Court's resolution of the referred issues. *Id.* at 16.

Because the Securities Action has been administratively closed, vacating the portion of the Bankruptcy Court's Order implicating the Securities Action would serve no practical purpose. As a result, the Court is unable to grant effective relief. Accordingly, this appeal is moot and must be dismissed. *See In re Klein*, No. CV 21-183, 2021 WL 1856945, at *2 (E.D. La. May 10, 2021) (dismissing a bankruptcy appeal because the district court lacked the ability to grant meaningful relief); *see also In re Serta Simmons Bedding, L.L.C.*, 125 F.4th 555, 585 (5th Cir. 2024) (explaining that a bankruptcy appeal is moot when the court lacks the ability to alter the outcome).

For the foregoing reasons, Appellants' appeal of the Bankruptcy Court Order dated January 16, 2024 (Doc. #1749), is DISMISSED as MOOT. The Clerk of the Court is instructed to close the above-captioned case.

It is so ORDERED.

_____MAR 1 2 2025_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge